**FILED**

JUL **1 6** 2008

Phil Lombardi, Clerk
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA

        Plaintiff,

Case No. 08-CV-278-TCL-PJC

v.

Lindsey K. Springer, et al.,

        Defendants.

### MEMORANDUM SUPPORTING SPRINGER'S MOTION TO DISMISS

Plaintiff, Lindsey K. Springer and his nominee, SLCA Family Trust ("Springer"), by limited special appearance, and not a general appearance, moved this Article III inferior Court created by Congress to issue an Order directing the case be closed herein and dismissing the United States of America's unauthorized and frivolous Complaint giving rise to this action with prejudice.

Dismissal is appropriate under 12(b)(1)(This Court lacks subject matter jurisdiction over Plaintiff's Complaint);12(b)(2)(This Court lacks jurisdiction over Springer; 12(b)(3)(This Court is the improper venue over Plaintiff's claims);12(b)(4)(Plaintiff has failed to properly serve Springer);12(b)(5)(Service of Process is more than insufficient; 12(b)(6)(Plaintiff's Complaint fails to state a claim to which relief can be granted)

**1.    The Summons served on Springer by "certified mail" violates 12 O.S. 2004(C)(2)(a) and (b) and should be quashed.**

1

The Summons issued in this case names "To" as:

LINDSEY K. SPRINGER, individually and as Co-Trustee of the SLCA Family Trust, 5147 S. Harvard, Ste 116, Tulsa OK 74135.

Federal Rules of Civil Procedure 4(e) provides service may be effected in any judicial district of the United States: "pursuant to the law of the 'state' in which the district court is located, or in which service is effected, for the service of a summons upon the defendant in an action brought in the courts of the general jurisdiction of the 'State'; or..." Springer is unable to understand how a "State" and its "laws" are located in the same place as a "district court."

12 O.S. § 2004(F) directs A court of this state may exercise jurisdiction on any basis consistent with the Constitution of this state and the Constitution of the United States.[1] 12 O.S. § 2004(C)(2)(b) directs "Service by mail shall be accomplished by mailing a copy of the summons and petition by certified mail...When there is more than one defendant, the summons and a copy of the petition...shall be mailed in a separate envelope to each defendant." This section also explains service as "addressed to the Defendant."

Because this Court's power to sit over the trial of Plaintiff's Complaint is controlled by Article III, Section 2 of the Constitution of the United States, a determination of the meaning of "judicial district of the United States" is demanded

---

[1]This will be more fully addressed below.

by Springer.

Congress did enact 28 U.S.C. § 116 which is entitled "Oklahoma" however the State of Oklahoma was entered into the Union under Article IV of the Constitution of the United States in 1907 ( some 40 years earlier) and is no longer a federal territory subject to the exclusive jurisdiction of the United States.

"Ascertaining the constitutional line between federal and State power is among the most difficult judicial tasks. The Constitution confers certain enumerated powers upon Congress. U.S. Const. Art. I. To the extent the Constitution does not divest the States of certain powers, they retain them. Thus, the Tenth Amendment "states but a truism that all is retained which has not been surrendered." United States v. Darby, 312 U.S. 100 124 (1941). To be sure, States retain a significant amount of sovereign authority. See Garcia v. San Antonio Metropolitan Transit Auth., 469 U.S. 528, 549 (1985). How much remains uncertain. We therefore look to existing Supreme Court precedent for guidance as to the proper division between federal and state authority. State Ok Pub. Safety v. U.S., 161 F.3d 1266, 1269 (10th Cir. 1998)

In the Rules Enabling Act, 28 U.S.C. § 2071 et seq., Congress ordered that, in matters of "practice and procedure," § 2072(a), the Federal Rules shall govern, and "[a]ll laws in conflict with such rules shall be of no further force or effect," § 2072(b). We hold that, in actions arising under federal law, commenced in compliance with the governing statute of limitations, the manner and timing of serving process are generally nonjurisdictional matters of "procedure" controlled by the Federal Rules.

3

Henderson v. U.S., 517 U.S. 654, 656 (1996)

Before the Supreme Court addressed the dispositive question in Henderson, they noted a preliminary issue that Rule 4(j), which contained the 120-day prescription at the time Henderson filed suit, was not simply prescribed by this Court pursuant to the Rules Enabling Act. See 28 U.S.C. § 2074 (rules transmitted by Court to Congress "not later than May 1" become effective "no earlier than December 1" of the same year unless Congress otherwise provides). Instead, **the Rule was enacted into law by Congress** as part of the Federal Rules of Civil Procedure Amendments Act of 1982, § 2, 96 Stat. 2527. Henderson at 668

The laws governing the issuance of a Summons from a United States Court then is subject to the limitation placed upon Congress to act enumerated in the Constitution within such Courts. At common law, a court lacked authority to issue process outside its district, and Congress made this same restriction the general rule when it enacted the Judiciary Act of Sept. 24, 1789, § 11, 1 Stat. 79. See Robertson v. Railroad Labor Board, 268 U.S. 619, 622-623 (1925).

Thus, specific legislative authorization of extraterritorial service of summons was required for a court to exercise personal jurisdiction over a person outside the district. Omni Capital Int'l v. Rudolf Wolff & Co., 484 U.S. 97, 108 (1987) The Supreme Court went on to say that they did not "necessarily have the power to create service-of-process rules." Id. They stated they would need to find adequate authority for common-law rulemaking. Id.

4

Except in matters governed by the Federal Constitution or by Acts of Congress, the law to be applied in any case is the law of the State. And whether the law of the State shall be declared by its Legislature in a statute or by its highest court in a decision is not a matter of federal concern. There is no federal general common law. Congress has no power to declare substantive rules of common law applicable in a State whether they be local in their nature or "general," be they commercial law or a part of the law of torts. And no clause in the Constitution purports to confer such a power upon the federal courts.     Erie R. Co. v. Tompkins, 304 U.S. 64,78 (1938)   The Constitution has not changed in 70 years that Springer has been made aware of, in this regard, and the creation of Judicial Districts can only be seen as an exercise of Congress' limited/enumerated power.

What specific power enumerated to Congress provides a United States Judicial District with the power to issue summons to a State Citizen living in the State of Oklahoma? 28 U.S.C. § 116 is an exercise of power not enumerated to Congress anywhere within Article I, or as limited, in Article III. 28 U.S.C § 451 unconstitutionally defines "district courts" as to include those courts "constituted by chapter 5 of this title (Title 28). Congress is not enumerated with any power to constitute any Court within the State of Oklahoma. _Likewise, Congress is without enumerated power to place the State of Oklahoma within the United States Judicial District named "Oklahoma."_

Rule 4, as made federal law enacted by Congress, through 28 U.S.C. § 2074,

5

has been used to issue a document purportedly called "summons" signed by both Phil Lombardi and T. Ca....[2] wherein no such authorization for either of these two individuals are authorized to issue any such summons. Congress has no authority to give anyone to issue a "summons" under any Constitutional Authority under Article III.

Presuming a Summons could issue from a Court that is authorized under Article III of the Constitution to sit and hold trial over certain limited subject matters, the Summons issued by the Clerk to Plaintiff United States of America is illegal and unauthorized by any power enumerated to Congress or any power enumerated to the United States under Article III, sitting in an inferior Court designation/enumeration.

12 O.S. § 2004(C)(2)(a) provides that "At the election of the plaintiff, a summons and petition may be served by mail by the plaintiff's attorney..." Who is the Plaintiff? Plaintiff is listed as the "United States of America" but who is that? The Complaint filed directed the Clerk that it was "commenced at the request of, and with the authorization of, the Chief Counsel of the Internal Revenue Service, a delegate of the Secretary of the Treasury, and at the direction of the Attorney General of the United States, pursuant to section 7401 and 7403 of the Internal Revenue Code of 1986." Complaint at 2   The Plaintiff's Attorney is listed as Robert D. Metcalfe.

_____

[2]Springer is unable to make out the rest of this name.

6

Nothing even mentioning the words "United States of America" after the first sentence "The plaintiff, the United States of America, complains..." Paragraph 1 states the "United States seeks to reduce to judgment the federal tax assessments made against the defendant, Lindsey K . Springer ("the taxpayer")" and "to foreclose the tax liens of the United States upon certain real property located in Creek County, Oklahoma." Complaint at 1    It would appear by this claim that a "tax lien" in favor of the United States and not the United States of America is the subject matter of the Complaint.[3]

Until such time as the plaintiff United States of America has its "standing" to sue established under oath or affirmation, and recognized as a party under Article III, Section 2, of the Constitution of the United States, Robert D. Metcalfe has failed to bring his signed complaint within 12. O.S. § 2004(C)(2)(a) and therefore certified mail according to the State is not available to him.

Because the Clerk of this Court is not authorized by any law to issue any Summons to anyone, outside of the place or places exclusive to the United States, the Summons should be quashed for that reason alone.

LINDSEY K. SPRINGER, individually and as Co-Trustee of the SLCA Family Trust, 5147 S. Harvard, Ste 116, Tulsa OK 74135 is not anywhere within the jurisdiction or venue of this United States Judicial District "Oklahoma" Court. OK stands for the State of Oklahoma and not the United States District of Oklahoma or United States

_____

[3]Something addressed below and has been released.

7

Judicial District of Oklahoma. The United States District of Oklahoma is not a recognizable place according to both the Constitution of the United States and the Constitution of the State of Oklahoma anywhere within the State of Oklahoma.[4]

Even the evidence attached to the Complaint says it was filed in the State of Oklahoma, County of Creek. See Exhibit 6 and 7

A federal court has an independent obligation to examine its own jurisdiction. See Skrzypczak, 92 F.3d at 1052 (citing FW/PBS, Inc., 493 U.S. at 231)); Citizens Concerned for Separation of Church and State v. City and County of Denver, 628 F.2d 1289, 1301 (10th Cir. 1980) ("A federal court must in every case, and at every stage of the proceeding, satisfy itself as to its own jurisdiction, and the court is not bound by the acts or pleadings of the parties.") (citations omitted) Amazon v. Dirt Camp Inc., 273 F.3d 1271, 1276 (10th Cir. 2001); See also Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 541 (1986) ("Federal courts are not courts of general jurisdiction; they have **only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto**.")(emphasis added and internal citations and quotations omitted).

The United States of America is not a recognized party under Article III. No State enumerated usage of the name United States of America or for that matter conveyed to the United States of America any power whatsoever. A party named United States of America is a political phrase and is not a creature of the

---

[4]The District of Columbia is not in the State of Virginia!

8

Constitution of the United States.

28 U.S.C. § 517 states Congress places in the hands of the Solicitor General, or any officer of the Department of Justice, may be sent by the Attorney General to any State or district in the United States to attend to the interests of the United States in a suit pending in a Court of the United States, or in a court of a State, or to attend to any other interest of the United States. Nothing mentioned here about the "United States of America." The State of Oklahoma is not a "district" of the United States or in the United States. Nor is the State of Oklahoma a "State" of the United States or in the United States. The 10th Amendment covers this very well. The State of Oklahoma is a equal member of the Union of States who are "united" for limited purposes under the Constitution of the United States.

Section 7401 states it authorizes nothing in favor of the United States of America. Section 7403 claims it allows in a District Court of the United States to enforce a "lien of the United States" but again no mention of United States of America. Congress cannot place within its own Court subject matter which Article III does not give it.

Because the Summons issued by the Clerk of the United States District Court for the Northern District of Oklahoma is unauthorized by any federal law or any provision under Article III, or any other enumerated power given Congress of the United States, this Court should quash the Summons at issue in this case. See Exhibit 1.

9

Because the identity of the Plaintiff is unknown and because under the laws of the State of Oklahoma only the Plaintiff or Plaintiff's Attorney can utilize the privilege of serving process by Certified Mail, this Court should alternatively conclude service of process by mail is not available to Robert D. Metcalfe as Attorney for the party United States of America. The State of Oklahoma does not recognize a party named "United States of America."

## 2. The United States of America is not a recognizable party by this Court under Article III of the Constitution of the United States nor the Constitution of the State of Oklahoma

As more fully discussed above, the "United States of America" is not a recognizable party and lacks standing to sue, be sued, or be represented in any Court whatsoever. The United States of America is neither a real party of interest not has it any claim to make against Plaintiff. Plaintiff has never had any dealings with the United States of America. The United States of America

In Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-561 (1992), the Supreme Court held that, to satisfy Article III's standing requirements, a plaintiff must show (1) it has suffered an "injury in fact" that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision. Friends of Earth, Inc. v. Laidlaw Entl. Ser. (TOC), 528 U.S. 167, 180 (2000)

The judicial power of federal courts extends only to actual cases and

10

controversies. See U.S. Const. art. III, § 2; Allen v. Wright, 468 U.S. 737, 750 (1984).

[T]he "case or controversy" requirement defines with respect to the Judicial Branch the idea of separation of powers on which the Federal Government is founded. The several doctrines that have grown up to elaborate that requirement are "founded in concern about the proper - and properly limited - role of the courts in democratic society." Schaffer v. Clinton, 240 F.3d 878, 882 (10th Cir. 2001)

Perhaps the most important of the several jurisdictional doctrines is that of standing. FW/PBS, Inc. v. City of Dallas, 493 U.S. 215, 230 (1990) ("The federal courts are under an independent obligation to examine their own jurisdiction, and standing `is perhaps the most important of [the jurisdictional] doctrines.'" Id.

As is now well-settled, the elements of standing are three:

"First, the plaintiff must have suffered an `injury in fact' - an invasion of a legally protected interest that is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical. Second, there must be a causal connection between the injury and the conduct complained of. . . . Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision."

See United States v. Hays, 515 U.S. 737, 742-43 (1995) (quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992) (footnote, citations, and internal quotations omitted)) (further citations omitted). The standing inquiry must be "especially rigorous when reaching the merits of the dispute would force us to decide whether an action taken by one of the other two branches of the Federal Government was unconstitutional." Raines v. Byrd, 521 U.S. 811, 819-20 (1997).

11

T]he law of Art. III standing is built on a single basic idea - the idea of separation of powers. In the light of this overriding and time-honored concern about keeping the Judiciary's power within its proper constitutional sphere, we must put aside the natural urge to proceed directly to the merits of this important dispute and to "settle" it for the sake of convenience and efficiency. Instead, we must carefully inquire as to whether [plaintiffs] have met their burden of establishing that their claimed injury is personal, particularized, concrete, and otherwise judicially cognizable. Schaffer at 883

Article III reads:

Section 1.

(1) The **judicial power** of the United States, shall be vested in one Supreme Court, and in such inferior courts as the Congress may from time to time ordain and establish. The judges, both of the supreme and inferior courts, shall hold their offices during good behaviour, and shall, at stated times, receive for their services, a compensation, which shall not be diminished during their continuance in office.

Section 2.

(1)The **judicial power** shall extend to all cases, in law and equity, arising under this Constitution, the laws of the United States, and treaties made, or which shall be made, under their authority;--to all cases affecting ambassadors, other public ministers and consuls;--to all cases of admiralty and maritime jurisdiction;--to controversies to which the United States shall be a party;--to controversies between two or more States;--between a State and Citizens of another State;-- between Citizens of different States;--between Citizens of the same State claiming lands under grants of different States, and between a State, or the Citizens thereof, and foreign States, Citizens or subjects.

(2) In all cases affecting ambassadors, other public ministers and consuls, and those in which a state shall be party, the Supreme Court

12

shall have original jurisdiction. In all the other cases before mentioned, the Supreme Court shall have appellate jurisdiction, both as to law and fact, with such exceptions, and under such regulations as the Congress shall make.

(3) The **trial** of all crimes, except in cases of impeachment, shall be by jury; **and such trial shall be held in the State where the said crimes shall have been committed**; but **when not committed within any State, the trial shall be at such place or places as the Congress may by law have directed.**

Section 3.

(1) Treason against the United States, shall consist only in levying war against them, or in adhering to their enemies, giving them aid and comfort. No person shall be convicted of treason unless on the testimony of two witnesses to the same overt act, or on confession in open court. The Congress shall have power to declare the punishment of treason, but no attainder of treason shall work corruption of blood, or forfeiture except during the life of the person attainted.

There is no grant of civil subject matter jurisdiction anywhere in Article III to this United States District Court over any "controversy" between the United States of America and Springer, a Citizen of the State of Oklahoma. The "United States" does not qualify under the "shall be a party" under Article III simply because the United States of America is named as "Plaintiff."[5]   The Power of the United States to sue and be sued in some ways is comparable to the "five factors considered by the court in evaluating whether the University is an arm of the State were: "[1] whether a money judgment would be satisfied out of state funds, [2] whether the entity performs central governmental functions, [3] whether the entity may sue or

---

[5]Or for that matter if the United States was named as the Plaintiff which they cannot be outside of their 10 miles square.

13

be sued, [4] whether the entity has power to take property in its own name or only the name of the state, and [5] the corporate status of the entity." Regents of Univ. Of Cal. v. Doe, 519 U.S. 425, 432 (1997) If this test was compared to the name "United States of America" the answer to all 5 questions would be no!

Because the United States of America lacks the capacity to sue or be sued under Article III, Section 2, of the Constitution of the United States, this Court should dismiss the Complaint on grounds United States of America lacks standing to sue or be sued and including within that decision that both the summons and complaint are unauthorized under Article III and this Court's enumerated power placed by Congress.

## 3.   Neither Springer nor his nominees authorized Plaintiff's suit.

As been repeated often times a sovereign can only be sued when he or she consents to be sued.   Under the 9th and 10th Amendment, all power not enumerated to the United States, by the Constitution, is reserved to the States and to the People of such particular States.   The Constitution is the highest law of the land.  See Article VI.

The Supreme Court has long recognized that a State's sovereign immunity is "a personal privilege which it may waive at pleasure." Clark v. Barnard, 108 U.S., at 447. The decision to waive that immunity, however, "is altogether voluntary on the part of the sovereignty." Beers v. Arkansas, 20 How. 527, 529 (1858). Accordingly, our "test for determining whether a State has waived its immunity from federal-court

14

jurisdiction is a stringent one." Atascadero State Hospital v. Scanlon, 473 U.S. 234, 241 (1985). Generally, we will find a waiver either if the State voluntarily invokes our jurisdiction, Gunter v. Atlantic Coast Line R. Co., 200 U.S. 273, 284 (1906), or else if the State makes a "clear declaration" that it intends to submit itself to our jurisdiction, Great Northern Life Ins. Co. v. Read, 322 U.S. 47, 54 (1944). See also Pennhurst State School and Hospital v. Halderman, 465 U.S. at 89, 99 (State's consent to suit must be "unequivocally expressed"). Thus, a State does not consent to suit in federal court merely by consenting to suit in the courts of its own creation. Smith v. Reeves, 178 U.S. 436, 441-445 (1900). Nor does it consent to suit in federal court merely by stating its intention to "sue and be sued," Florida Dept. of Health and Rehabilitative Servs. v. Florida Nursing Home Assn., 450 U.S. 147, 149-150 (1981) (per curiam), or even by authorizing suits against it "'in any court of competent jurisdiction,'" Kennecott Copper Corp. v. State Tax Comm'n, 327 U.S. 573, 577-579 (1946). We have even held that a State may, absent any contractual commitment to the contrary, alter the conditions of its waiver and apply those changes to a pending suit. Beers v. Arkansas, supra. College Savings Bk. V. Fl. Prepaid 527 U.S. 666, 675 (1991)

As we discussed at length in U.S. Term Limits, the Constitution "draws a basic distinction between the powers of the newly created Federal Government and the powers retained by the pre-existing sovereign States." 514 U.S., at 801. On the one hand, in the words of Chief Justice Marshall, "it was neither necessary nor proper to define the powers retained by the States. These powers proceed, not from the

15

people of America, but **from the people of the several States**; and remain, after the adoption of the constitution, what they were before, **except so far as they may be abridged by that instrument**." Sturges v. Crowninshield, 4 Wheat. 122, 193 (1819). The text of the Tenth Amendment delineates this principle:

"The powers not delegated to the United States by the  Constitution, nor prohibited by it to the States, are   reserved to the States respectively, or to the  people."

See also Cook v. Gralike, 531 U.S. 510, 519 (2001)

The limited and enumerated powers granted to the Legislative, Executive, and Judicial Branches of the National Government, moreover, underscore the vital role reserved to the States by the constitutional design, see, e.g., Art. I, § 8; Art. II, §§ 2-3; Art. III, § 2. Any doubt regarding the constitutional role of the States as sovereign entities is removed by the Tenth Amendment, which, like the other provisions of the Bill of Rights, was enacted to allay lingering concerns about the extent of the national power. The Amendment confirms the promise implicit in the original document: "The powers not delegated to the United States by the Constitution, nor prohibited by it to the States, are reserved to the States respectively, or to the people." U.S. Const., Amdt. 10; see also Printz, supra, at 919; New York v. United States, 505 U.S. 144, 156-159, 177 (1992). Alden v. Maine, 527 U.S. 706, 714 (1999)

Although the American people had rejected other aspects of English political theory, the doctrine that a sovereign could not be sued without its consent was

16

universal in the States when the Constitution was drafted and ratified. Id. at 716 There is nothing in Article III that would provide any such waiver by Springer allowing the United States of America to sue him in his individual capacity. There is nothing in the powers enumerated to Congress that can be construed as such a waiver.

Because Springer has not authorized the United States of America to sue him this Court lacks subject matter jurisdiction, jurisdiction, standing, venue, and is 100% completely without any jurisdiction, and should enter an order dismissing the United States of America's claims.

**4.     Springer has not waived his sovereign immunity.**

As more fully developed in section 3, the 10th Amendment acknowledges a National Government, State Government and People all of which remain sovereign within their enumeration or reservations.

Unless the United States of America can identify its standing to sue Plaintiff in this Court under its enumerated power in the Constitution, this Court is only authorized to dismiss the United States of America's Complaint and nothing else.

Springer asserts the United States of America will attempt to hide behind vague and ambiguous federal code sections but that will only defeat their cause greater than the defeat suffered by remaining silent because, as the Supreme Court said "[f]ederal courts are not courts of general jurisdiction; they have **only the power that is authorized by Article III of the Constitution and the statutes enacted**

17

**by Congress pursuant thereto.**"). Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 541 (1986)

Springer, a Citizen of the State of Oklahoma, is a person protected by the 10th Amendment. As such, he is sovereign and can only be sued with his consent. Springer has not consented to be sued and has made no plans to allow the United States of America to sue him in a United States Judicial District created by Congress under its enumerated authority.

Accordingly, this Court should dismiss the claims made by the United States of America as the United States of America cannot place their claims within any grant or waiver of the sovereign immunity reserved by and for Springer pursuant to the 10th Amendment.

## 5. None of the claims made occurred anywhere within the United States Judicial District Oklahoma and none of the property at issue is within the United States Judicial District named "Oklahoma."

The United States of America now seeks property from Plaintiff over what has already been stolen.[6] Mr. Metcalfe represents 13 Bivens Defendants in 06-156 and now claims to be representing the United States of America in this case. In the Biven's action he has done nothing but cause deprivation to Springer of his rights and his time. To show this Court how ridiculous and desperate Mr. Metcalfe has become, Springer cites but one recent quote from Metcalfe's 7th dispositive Motion,

_____

[6] See Springer v. Horn, 06-CV-156 (Bivens Action this Court reassigned to its current recipient.

18

a Motion for Summary Judgment without any discovery:

> The currency discovered in the purse in the Springers' master bedroom was secured in bundles by large paper clips. **Agent Taylor counted the currency. He did not count the individual banknotes that were taken from the purse because it was not part of the Special Agents' procedures to count the actual amount of currency.** Instead, the currency is taken to a bank, where an accurate count of the currency seized is made by bank personnel. Agent Taylor counted the number of bundles of currency and made an approximate estimate of the total amount of money. His count of the bundles of currency determined that there was approximately $19,000 in $20 and $100 bills. Taylor Decl., ¶¶9-13; Anderson Decl., ¶11.

So, Agent Taylor states he "Counted the currency" but then says he did not count the individual bank notes because that was not part of the Special Agent's procedures. This is signed by Metcalfe, the Attorney in this case claiming to be representing the cannot sue or be sued United States of America.

Now Metcalfe wishes to "reduce to judgment the federal tax assessments made against...Lindsey K. Springer" and for a judicial determination that S.L.C.A Family Trust and the Mendez Family Trust are the alter egos of Lindsey K. Springer, and to "foreclose the tax liens of the United States upon certain real property located in Creek County, Oklahoma."

Metcalfe claims venue is proper in "this judicial district pursuant to 28 U.S.C. § 1396 because the defendant reside in this judicial district, and further because the real property which is the subject of this action is located in Creek County, Oklahoma.

19

What Metcalfe does not allege is how a piece of property located in the "State of Oklahoma County of Creek" is "in this judicial district pursuant to 28 U.S.C. § 1396"?

How is "real property" located in "Creek County, Oklahoma" within the United States Judicial District of Oklahoma? Congress has no power enumerated to them to place the "State of Oklahoma County of Creek" within any Judicial District Congress creates. Even if Congress could say whatever they wished to say, that being said, would never translate to a State, and property situated therein, somehow is within the legislative control of a creature enumerated with limited power by that particular State.

Is the State of Oklahoma within Congress' enumerated/limited power to declare such State within Congress' created judicial district? And for what purpose could that be so? Not for purpose of the United States of America seeking to deprive Springer of real property allegedly owned by Springer outside of the exclusive jurisdiction of the United States.

Yet Metcalfe claims Congress' venue provision, 28 U.S.C. § 1396 authorizes this United States Judicial District to exercise control because Springer "reside in this judicial district." Complaint at paragraph 4

Springer is alleged to "reside in Kellyville, Oklahoma" and that Kellyville is "within this judicial district." In Black's Law, 6th Edition, the term "within" is defined as an "inner or interior part of..." Kellyville is not "within any United States Judicial

20

District. The State of Oklahoma is not within any United States Judicial District.

For an example, 42 U.S.C. § 2000e-5(f)(3) provides:

"Each United States district court and each United States court of a place **subject to the jurisdiction of the United States** shall have jurisdiction of actions brought under this subchapter. **Such an action may be brought in any judicial district in the State** in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office. For purposes of sections 1404 and 1406 of title 28, the judicial district in which the respondent has his principal office shall in all cases be considered a district in which the action might have been brought."

For employment tax purposes instead of the State of Oklahoma being in the judicial district, as Metcalfe alleges for venue in his Complaint, in this example, the "judicial district" is to be found "in the State." See above

Metcalfe has failed to allege any claim that is within this Court's venue, jurisdiction, subject matter jurisdiction, or other judicial interest.

This Court should dismiss the United States of America's Complaint for violation of the federal rules, as enacted, the Constitution, and for attempting to do damage to the 10th Amendment as Springer neither is a Citizen of this United States Judicial District called Oklahoma, 28 U.S.C. § 116, nor is the real property sought to be absconded by Metcalfe within this Court's exclusive jurisdiction and venue. Any ruling otherwise would be in direct violation to the 10th Amendment and

21

Unconstitutional.

**6.    Plaintiff lacks standing to sue Springer**

Without hitting this more than already pounded above, Springer objects to the United States of America claiming to have any standing under Article III of the Constitution of the United States to be any party in any judicial proceeding. As more fully argued above, without standing to sue Springer the United States of America is without enumeration to proceed in any Court or against a Citizen of the State of Oklahoma like Springer. With the United States of America lacking the capacity to sue or be sued so it also lacks standing to be a party under Article III's limited enumerations granted Congress.

This Court should dismiss the United States of America's Complaint for lacking standing to sue Springer.

**7.    Robert D. Metcalfe has no authority to represent the United States of America.**

Because the United States of America is not a recognizable party under Article III of the Constitution of the United States and because it lacks the capacity to sue and be sued, Congress is without authority to grant an Attorney like Metcalfe to represent a non party like the United States of America in the Complaint filed in this case. Congress cannot give what it has not been granted and no power was granted to Congress by the Several States to allow a party named United States of America to make any claim against any Citizen of any State whatsoever.

For this reason the Complaint fails to State a claim to which this Court is

22

**8.  The United States of America has not stated a claim against Springer.**

As more fully developed above, the United States of America has no legal claim against Springer. They lack the capacity to sue or be sued. Springer cannot even identify who "they" are. Springer has not consented to be sued. The United States of America is not listed as a party under Article III, Section 2 and there is no allegation Springer has had any contact with the United States of America. Springer does not live in any United States Judicial District, including "Oklahoma," but rather is a Citizen of the State of Oklahoma as explained in Article III, Section 2 relying upon the term "Citizen of another State..." Best known as a Citizen of a 10th Amendment State or an Article IV State entered into the Union on an equal footing with the original 12 States and New York's abstention.

This Court should dismiss the United States of America's Complaint because it fails to state a claim cognizable within this Court's Article III subject matter jurisdiction.

**9.  The claimed "Notice of Federal Tax Lien" has been released.**

The United States of America claims it has a lien interest in property belonging to Springer's nominee. It attaches Exhibits 1, 6 and 7, claiming the United States of America's interest resides within these three "notices."

23

Metcalfe claims the Notice of Federal Tax was originally filed with the "County Clerk of Creek County, Oklahoma on April 28, 1999." Metcalfe then claims the April 28, 1999 Notice of Federal Tax Lien was "re-filed against" Springer with the County Clerk of Creek County on April 26, 2007 and June 12, 2007. Magically, though, Metcalfe does not attach these documents and for good reason. On August 23, 2007, the Internal Revenue Service, not the United States of America, withdrew its interest in the "Notice of Federal Tax Lien" and acknowledged that "the Notice of Federal Tax Lien is no longer in effect. See Springer Exhibit 1.

Accompanying Exhibit 1 was also a official statement directing "to update the records to show the withdrawal of the notice of lien 'for these taxes and additions." See Springer Exhibit 2. The "serial number" associated with the lien removal is identified as 358693507 and is dated as "filed" in the State of Oklahoma County of Creek on April 26, 2007.

On April 16, 2007, Revenue Office Frederick Rice issued two Notice of Federal Tax Liens in the name of Lindsey K. Springer at 5943 E. 13th St., Tulsa, Oklahoma 74112. See Springer Exhibit 3 and 4. The serial number on these Notice of Federal Tax Liens created for Frederick J. Rice on April 16, 2007, is # 358693507. This is the same number and the Lien removal identifies in Springer's Exhibit # 1 and 2. Both of these Exhibits 3 and 4 refer to a recorded date of "4/26/2007" the same date as identified by the Internal Revenue Service in Springer Exhibit # 1 and 2.

What was actually filed with the State of Oklahoma County of Creek is

24

Springer Exhibit # 5. This document officially states "I certify the following-named taxpayer has met one or more of the elements of the Internal Revenue Code (IRC) section 6323(j). The Internal Revenue Service therefore withdraws the Notice of Federal Tax Lien for these taxes and additions." The Certification goes on to say "The proper official...is authorized to update the records to show the withdrawal of the notice of lien for these taxes and penalties." See Exhibit # 5. This same document has signature of R.A. Mitchell signed August 23, 2007. This document was also recorded on September 4, 2007.

To be perfectly clear, the Notice of Federal Tax Lien filed by "R. A. Mitchell" on June 26, 2007, Exhibit # 3 and 4, as "re-filed," and just 2 days out from the "date" in column "(e)" was derived from a Notice prepared on April 16, 2007 and recorded in the State of Oklahoma County of Creek on April 26, 2007. See Springer Exhibit # 6.

Metcalfe claims the April 28, 1999 "Notice of Federal Tax Lien" was "re-filed" on April 26, 2007 and June 12, 2007" with respect to the same "unpaid federal income taxes and statutory additions to tax for the 1990-1996 tax years..." Complaint at paragraph 22. It would appear that a "Dave Edjington" signed Metcalfe's Exhibit 1. Yet the same years that appear on Metcalfe's Exhibit 1 are the same years and exact amounts that appear on Springer's Exhibit 1,2,3,4,5 and 6.

Furthermore, the last day for "refiling" for the unpaid federal income taxes and statutory additions to tax for the 1990-1996 tax years was June 28, 2007.

25

Springer takes objection to the date of "assessment" and that issue remains unproven, however, for the purpose of this Motion, and Metcalfe's Exhibit 1, the date of this Notice is April 26, 1999.

As of January 19, 1999, all taxpayers were mandated to receive a "Notice and Opportunity for Hearing upon filing of Notice of Lien." See 26 U.S.C. § 6320. This section is to be coordinated with section 6330. See 6320(b)(4). There is no evidence Springer received such "Notice" as required by section 6320. Furthermore, as Metcalfe already is fully aware of, Springer never received any "notice of taxes have been assessed" nor prior to April 26th 1999 had anyone made any "demand for payment" as Exhibit 1 testifies.

Nothwithstanding the fact the taxes and interest in Metcalfe's Exhibit # 1 have been withdrawn for "these taxes and additions," see Springer's Exhibit 1,2,3,4,5 and 6, and clearly the April 26th, 1999 Notice of Federal Tax Lien violated several internal revenue code provisions, including section 6320/6330/6201 and so on, the last day for any Notice of Lien to be refiled is June 28, 2007.

Metcalfe claims on June 12, 2007, a timely "refiled" Notice of Federal Tax Lien was accomplished.    What was actually tendered to the State of Oklahoma County of Creek was two fraudulently altered 668-Fs.  For instance, Metcalfe's Exhibit 1 says it was prepared on April 26, 1999 in Oklahoma City, Oklahoma.[7]  The

_____

[7]Either Metcalfe's Exhibit # 1 is fraudulent, which clearly it fails to comply with Federal Laws, or Springer's Exhibit # 7 and 8 were fraudulently recorded as altered 668-Fs by someone known to Mr. Metcalfe and probably at his direction.

26

June 12, 2007 records purport to show this same April 26, 1999 prepared date but not in Oklahoma City but rather Dallas Texas. See Springer Exhibit # 7 and 8. Yes, # 7 and 8. Why? Because someone decided to break the law and convert a single Notice of Federal Tax Lien into two separate Notices when they made a fraudulent attempt to accomplish a "refiling." Both # 7 and 8 contain completely different technical information than that of Metcalfe's Exhibit # 1.

There is more. Metcalfe's Exhibit 1 directs Brenda Jones as a Revenue Officer, which Springer takes no objection to at that time, but rather in Exhibit # 7 and # 8, with purported different Cities and on the same date of April 26, 1999, Brenda Jones is titled as an OIC Technician and not a Revenue Officer. Each purport to proffer the same "serial number" of 739924770.[8]

Furthermore, the June 12, 2007 purported "refiles" are not signed by anyone. True there is a box with "R.A. Mitchell" signed but even that signature is not where it is supposed to be. Even the amounts in Metcalfe's Exhibit # 1 are different than either the amounts in Springer's Exhibit # 7 or # 8.

In short, to the extent any Notice of Lien was filed timely, that Notice dated April 26, 1999, did not comply with section 6320, 6330, 6201 or any other federal law. To the extent Exhibit # 1 can be accepted as properly recorded and in compliance with all applicable administrative procedures, and its not, the last date

_____

[8]There is no doubt the taxes and additions claimed in the withdrawal are the same taxes and additions at issue in Metcalfe's Exhibit 1 and Springer's Exhibit # 7 and 8.

to "refile" such Notice was June 28, 2007 and Exhibit # 1 was never refiled. What may have been purportedly recorded is nothing more than a sham. Because the amounts at issue in Springer's Exhibit 1,2,3,4,5 and 6, are withdrawn as to these taxes and interest, and those amount are the same as in Metcalfe's Exhibit # 1, 6323(j) is the death nail and end to Metcalfe's claims.

Because Metcalfe can't identify any valid Notice of Federal Tax Lien that remains in the State of Oklahoma County of Creek, he has failed to state a claim to which relief can be granted.

## 10. Notice of Federal Tax Liens are not Judgments and under the Oklahoma Constitution all controversies greater than $ 1500 is due trial by jury in the State Court and not a United States Judicial District Court.

The State of Oklahoma remains with all its reserved power pursuant to the 10th Amendment. Oklahoma's Constitution provides at **Article II Section 19: Trial by jury.** The right of trial by jury shall be and remain inviolate, except in civil cases wherein the amount in controversy does not exceed One Thousand Five Hundred Dollars ($1,500.00). The Seventh Amendment mirrors this requirement save the amount is only $ 20.00.

The United States Congress was not enumerated with any civil power to direct trial or Judgment in its Courts involving the actions of a State Citizen.[9] Article

---

[9]The entire amount at issue is made up under the Bureau of Labor Statistics or a bogus 1099. At no time has any competent jurisdiction rendered any decision on whether Springer owes anything to anyone based upon these accounts. No assessment has ever been tendered to Springer and no demand

28

III clearly denies to the United States Judicial Power any jurisdiction to consider any issue that is alleged to have occurred within the State of Oklahoma. Only when the claims are not alleged to have occurred within "any State" can Congress direct the place or places any such trial of any transgression of any Federal Law is to take place. See Article III, Section 2, Clause 3, last part. The distinction made between "civil" and "criminal" is meaningless. If what is sought is deprivation of life, liberty or property, due process requires a jury trial in the State where the claims arise. See Article VII, Amendment V of the same instrument.

Springer does not waive his rights secured by the 10th Amendment, he demands them. Metcalfe is not challenging the validity of any Federal Law.

"It is certainly true that state courts of "general jurisdiction" can adjudicate cases invoking federal statutes, such as § 1983, absent congressional specification to the contrary. "Under [our] system of dual sovereignty, we have consistently held that state courts have inherent authority, and are thus presumptively competent, to adjudicate claims arising under the laws of the United States," Tafflin v. Levitt, 493

---

involving the amounts prior to the Notice of Federal Tax Liens being issued. In fact, there could be no assessment as the Supreme Court did not render its decision until June, 1998 on whether it was proper for the 10th Circuit to refuse to do a de novo review based upon a previous sanction not being totally paid. See Complaint at paragraph 16. That decision appears also erroneous as the DOJ recently claimed that $ 2000 was never owed to the 10th Circuit but rather was owed to it if you can believe that? No, really, they just told the 10th Circuit this in 2007 in effort to try and convey the "don't rule in his favor because he is not an attorney and licensed attorneys cannot afford to be defeated by an average Citizen from the State of Oklahoma" nonsense that appears to work for the DOJ thus far.

U.S. 455, 458 (1990). That this would be the case was assumed by the Framers, see The Federalist No. 82, pp. 492-493 (C. Rossiter ed. 1961). Indeed, that state courts could enforce federal law is presumed by Article III of the Constitution, which leaves to Congress the decision whether to create lower federal courts at all." Nevada v. Hicks, 533 U.S. 353 (2001)

"The Constitution never would have been ratified if the States and their courts were to be stripped of their sovereign authority except as expressly provided by the Constitution itself." Atascadero State Hospital v. Scanlon, 473 U.S. 234, 239, n. 2 (1985); accord, Edelman v. Jordan, 415 U.S. 651, 660 (1974). See also Alden v. Maine, 527 U.S. 706, 727 (1999) "The immunity is one the States enjoy save where there has been 'a surrender of this immunity in the plan of the convention.'" See Idaho v. Coeur D'Alene Tribe of Idaho, 521 U.S. 261, 267 (1997)

quoting Principality of Monaco v. Mississippi, 292 U.S. 313, 322-323 (1934) (quoting The Federalist No. 81)

The Supreme Court's cases firmly establish that Congress may not expand the jurisdiction of the federal courts beyond the bounds established by the Constitution. See, e.g., Hodgson v. Bowerbank, 5 Cranch 303 (1809); Kline v. Burke Construction Co., 260 U.S. 226, 234 (1922). Verlinden B. V. v. Central Bank of Nigeria, 461 U.S. 480, 491 (1983)

The controlling decision on the scope of Art. III "arising under" jurisdiction is Chief Justice Marshall's opinion for the Court in Osborn v. Bank of United States, 9

30

granted the Bank of the United States the right to sue in federal court on causes of action based upon state law. There, the Court concluded that the "judicial department may receive . . . the power of construing every . . . law" that "the Legislature may constitutionally make," id., at 818. The rule was laid down that:

"it [is] a sufficient foundation for jurisdiction, that the title or right set up by the party, may be defeated by one construction of the constitution or law[s] of the United States, and sustained by the opposite construction." Id., at 822.

Osborn thus reflects a broad conception of "arising under" jurisdiction, according to which Congress may confer on the federal courts jurisdiction over any case or controversy that might call for the application of federal law. The breadth of that conclusion has been questioned. It has been observed that, taken at its broadest, Osborn might be read as permitting "assertion of original federal jurisdiction on the remote possibility of presentation of a federal question." Textile Workers v. Lincoln Mills, 353 U.S. 448, 482 (1957) (Frankfurter, Page 493 J., dissenting). See, e.g., P. Bator, P. Mishkin, D. Shapiro, & H. Wechsler, Hart & Wechsler's The Federal Courts and the Federal System 866-867 (2d ed. 1973). We need not now resolve that issue or decide the precise boundaries of Art. III jurisdiction, however, since the present case does not involve **a mere speculative possibility that a federal question may arise at some point in the proceeding.** Rather, a suit against a foreign state under this Act necessarily raises questions of substantive federal law

31

Rather, a suit against a foreign state under this Act necessarily raises questions of substantive federal law at the very outset, and hence clearly "arises under" federal law, as that term is used in Art. III. Verlinden at 492

By reason of its authority over foreign commerce and foreign relations, Congress has the undisputed power to decide, as a matter of federal law, whether and under what circumstances foreign nations should be amenable to suit in the United States. Actions against foreign sovereigns in our courts raise sensitive issues concerning the foreign relations of the United States, and the primacy of federal concerns is evident. See, e.g., Banco Nacional de Cuba v. Sabbatino, 376 U.S. 398, 423-425 (1964); Zschernig v. Miller, 389 U.S. 429, 440-441 (1968).

To promote these federal interests, Congress exercised its Art. I powers [10] by enacting a statute comprehensively regulating the amenability of foreign nations to suit in the United States. The statute must be applied by the district courts in every action against a foreign sovereign, since subject-matter jurisdiction in any such action depends on the existence of one of the specified exceptions to foreign sovereign immunity, 28 U.S.C. § 1330(a). At the threshold of every action in a district court against a foreign state, therefore, the court must satisfy itself that one of the

_____

[10] In enacting the legislation, Congress relied specifically on its powers to prescribe the jurisdiction of federal courts, Art. I, § 8, cl. 9; to define offenses against the "Law of Nations," Art. I, § 8, cl. 10; to regulate commerce with foreign nations, Art. I, § 8, cl. 3; and to make all laws necessary and proper to execute the Government's powers, Art. I, § 8, cl. 18.

32

exceptions applies - and in doing so it must apply the detailed federal law standards set forth in the Act. Accordingly, an action against a foreign sovereign arises under federal law, for purposes of Art. III jurisdiction.

Here, besides the United States of America not being a party with any standing to sue or be sued under Article III, or any other law of the land, the Complaint is to accomplish the following:

"United States seeks to reduce to judgment the federal tax assessments made against the defendant, Lindsey K . Springer ("the taxpayer")" and "to foreclose the tax liens of the United States upon certain real property located in Creek County, Oklahoma." Complaint at 1

Not one issue arising under laws of the United States is even suggested by the Complaint. On the other hand, many issues of State law are implicated by the United States of America's Complaint.[11] In Bradley v. Fisher, 13 Wall, 80 U.S. at 352. the Supreme Court commented,

A distinction must be here observed between excess of jurisdiction and the clear absence of all jurisdiction over the subject-matter. **Where there is clearly no jurisdiction over the subject-matter any authority exercised is a usurped authority,** and for the exercise of such authority, when the want of jurisdiction is known to the judge, no excuse is permissible.

See Mireles v. Waco, 502 U.S. 9, 11-12 (1991)[12]

---

[11]Springer understands issues raised herein under a limited special appearance are defending against the institution of the Complaint but in no way is any Federal Law at issue as to its validity.

[12]Springer understands issues raised herein under a limited special appearance are defending against the institution of the Complaint but in no

33

The applicable provisions, so far as necessary to be quoted here, are contained in Article III. Section 1 of that Article provides, "The judicial power of the United States shall be vested in one Supreme Court, and in such inferior courts as the Congress may from time to time ordain and establish." By § 2 of the same Article it is provided that the judicial power shall extend to certain designated cases and controversies and, among them, "to controversies . . . between citizens of different States. . . ." The effect of these provisions is not to vest jurisdiction in the inferior courts over the designated cases and controversies but to delimit those in respect of which Congress may confer jurisdiction upon such courts as it creates. Kline v. Burke Constr. Co. CO., 260 U.S. 226, 233-34 (1922)

"Only the jurisdiction of the Supreme Court is derived directly from the Constitution. Every other court created by the general government derives its jurisdiction solely from the authority of Congress. That body may give, withhold or restrict such jurisdiction at its discretion, **provided it be not extended beyond the boundaries fixed by the Constitution**." Turner v. Bank of North America, 4 Dall. 8, 10; United States v. Hudson & Goodwin, 7 Cranch, 32; Sheldon v. Sill, 8 How. 441, 448; Stevenson v. Fain, 195 U.S. 165.

Because the Constitution reserved to the State of Oklahoma and its Citzens any such adjudication over any such transgression claimed by Metcalfe, this Court

---

Oklahoma within the United States Judicial District named "Oklahoma" but the Complaint is what must clearly place subject matter jurisdiction, venue and jurisdiction, squarely within this Article III inferior Court.

34

any such adjudication over any such transgression claimed by Metcalfe, this Court should dismiss Metcalfe's claims as repugnant to the Constitution of the State of Oklahoma and the Constitution of the United States. The State of Oklahoma and its Constitutional Borders were not surrendered to Congress or the United States. The United States Judicial District named Oklahoma is not within the State of Oklahoma's Constitution nor is the State of Oklahoma within the United States Judicial District named Oklahoma. Otherwise, the 10th Amendment is meaningless.

## CONCLUSION

THEREFORE, Lindsey K. Springer and his alleged nominee S.L.C.A. Family Trust, request this Article III inferior Court created by Congress, within its supervisory power, dismiss the United States of America's Complaint for the reasons stated herein with prejudice as to those same reasons.

Respectfully Submitted

Lindsey K. Springer
5147 S. Harvard, # 116
Tulsa, Oklahoma 74135
918-748-5539/955-8225(cell)

35

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this Memorandum in Support

of Motion to Dismiss was mailed on July 16, 2008, to:


Robert D. Metcalfe
James Clive Strong
Tax Division
P.O. Box 7238
Ben Franklin Station
Washington D.C. 20044

Bruce K. Meneely
IRS Counsel
55 North Robinson Street
Robinson Plaza, Suite 830
Oklahoma City, Oklahoma 73102

Signature



### DEPARTMENT OF THE TREASURY
### INTERNAL REVENUE SERVICE
### WASHINGTON, DC 20224

SMALL BUSINESS / SELF-EMPLOYED DIVISION

Date: August 23, 2007

Lindsey K Springer
5147 S Harvard Ave # 116
Tulsa, OK 74135-3587

Dear Lindsey K Springer:

On April 26, 2007 the Internal Revenue Service filed a Notice of Federal Tax lien, Serial Number 358693507. This notice is being withdrawn under the provisions of Internal Revenue Code (IRC) section 6323(j). Enclosed is a copy of the Withdrawal of Filed Notice of Federal Tax Lien.

The originals will be recorded with the office of the County Clerk for Creek County, OK where notice of Federal Tax Liens were filed. The withdrawal notice shows that this Notice of Federal Tax Lien is no longer in effect. The enclosed copies are for your records.

The withdrawal of the filed notice of lien does not affect the statutory lien provided by IRC section 6321; it simply relinquishes any lien priority obtained by the Internal Revenue Service when the notice was filed.

The Withdrawal of Filed Notice of Federal Tax Lien should be received by the office of the County Clerk for Creek County, OK and recorded within 30 days of the date of this letter. If this timeframe expires and you find that it has not been recorded, please contact the person named below for assistance.

**If you have questions, please contact LeRoy Nassif, ID number 76-43725 at 713-209-4393   between the hours of 8:00 a.m. and 4:00 p.m. (Central Time), Monday through Friday. You may also write to LeRoy Nassif at 1919 Smith St. – Stop 5021-Houston, TX 77002.**

Sincerely,

Felix Carrillo, Jr.
Technical Services Group Manager

Exhibit 1

```
----------------------------------------+----------------------------------------
      INTERNAL REVENUE SERVICE          | Lien Recorded   : 04/26/2007 - 13:30PM
    FACSIMILE WITHDRAWAL of TAX LIEN    | Recording Number:
                                        | UCC Number      :
                                        | Liber           : 633
                                        | Page            : 569
                                        | *Lien Withdrawn*: 08/23/2007
----------------------------------------+----------------------------------------
rea: SMALL BUSINESS/SELF EMPLOYED #5    | IRS Serial Number: 358693507
ien Unit Phone: (800) 913-6050          |
----------------------------------------+----------------------------------------
```

   I certify that the following-named taxpayer has met one or more of
he elements of the Internal Revenue Code (IRC) section 6323(j). The Internal
evenue Service therefore withdraws the Notice of Federal Tax Lien for these
axes and additions. The withdrawal of this notice of lien does not affect the
tatutory lien provided by IRC section 6321; it simply relinquishes any lien
riority obtained by the Internal Revenue Service when the notice was filed.
he proper official, in the office where the Notice of Federal Tax Lien was
as filed is authorized to update the records to show the withdrawal of the
otice of lien for these taxes and additions.

------------------------------------------------------------------------------

ame of Taxpayer :
  LINDSEY K SPRINGER

------------------------------------------------------------------------------

esidence :
  5943 E 13TH
  TULSA, OK 74112-5407

| Form (a) | Period (b) | ID Number (c) | Assessed (d) | Refile Deadline (e) | Unpaid Balance (f) |
|------|------------|-------------|------------|----------------|----------------|
| 1040 | 12/31/1990 | XXX-XX-3758 | 05/29/1997 | 06/28/2007 | 18550.58 |
| 1040 | 12/31/1991 | XXX-XX-3758 | 05/29/1997 | 06/28/2007 | 15615.45 |
| 1040 | 12/31/1992 | XXX-XX-3758 | 05/29/1997 | 06/28/2007 | 14606.76 |
| 1040 | 12/31/1993 | XXX-XX-3758 | 05/29/1997 | 06/28/2007 | 67060.95 |
| 1040 | 12/31/1994 | XXX-XX-3758 | 05/29/1997 | 06/28/2007 | 21339.20 |
| 1040 | 12/31/1995 | XXX-XX-3758 | 05/29/1997 | 06/28/2007 | 20155.73 |
| 6673 | 12/31/1996 | XXX-XX-3758 | 04/09/1998 | 05/09/2008 | 4329.16 |

Exhibit 2

```
----------------------------------------------------------------------------
iled at:    COUNTY CLERK
            CREEK COUNTY                              Total | $   161657.83
            SAPULPA, OK 74066
----------------------------------------------------------------------------
his notice was prepared and executed at DALLAS, TX
n this, the 23rd day of August, 2007.
----------------------------------------------------------------------------
uthorizing Official:
    Dir, Pay Comp
----------------------------------------------------------------------------
```

CERTIFICATE OF TRUE COPY
STATE OF OKLAHOMA, COUNTY OF CREEK ss

I, JANELL DIEHL, County Clerk of Creek County, State of Oklahoma, do hereby certify that the foregoing instrument is a true and correct copy of the instrument herein set out as the same appears of record in this office in Book _638_ Page _1665_

Witness my hand and seal at Sapulpa, Oklahoma, this _15th_ day of _July_ 20_08_. Janell Diehl, County Clerk

By _____ Deputy

25015807 *** REFILED NOTICE *** REFILED NOTICE *** REFILED NOTICE ***

3633      REFILE                                              REFILE
Department of the Treasury - Internal Revenue Service

**Form 668-F**
(Rev. February 2004)

# Notice of Federal Tax Lien

Recorded: 04/26/2007 633  13:30 569

| Area:<br>SMALL BUSINESS/SELF EMPLOYED AREA #5<br>Lien Unit Phone: (800) 913-6050 | Serial Number<br><br>358693507 | For Optional Use by Recording Office<br><br>07      8718 |
|---|---|---|

As provided by section 6321, 6322, and 6323 of the Internal Revenue Code, we are giving a notice that taxes (including interest and penalties) have been assessed against the following-named taxpayer. We have made a demand for payment of this liability, but it remains unpaid. Therefore, there is a lien in favor of the United States on all property and rights to property belonging to this taxpayer for the amount of these taxes, and additional penalties, interest, and costs that may accrue.

JANELL DIEHL, COUNTY CLERK
STATE OF OKLAHOMA COUNTY OF CREEK
This Instrument Was Filed For Record On

JUN 2 6 2007

Name of Taxpayer LINDSEY K SPRINGER

At _9:35_ o'clock _A_ M AND RECORDED IN
BOOK _638_ PAGE _1665_
BY _____ DEPUTY

Residence      5943 E 13TH
               TULSA, OK 74112-5407

**IMPORTANT RELEASE INFORMATION:** For each assessment listed below, unless notice of the lien is refiled by the date given in column (e), this notice shall, on the day following such date, operate as a certificate of release as defined in IRC 6325(a). **NOT APPLICABLE TO A REFILED NOTICE ***

| Kind of Tax<br>(a) | Tax Period<br>Ending<br>(b) | Identifying Number<br>(c) | Date of<br>Assessment<br>(d) | Last Day for<br>Refiling<br>(e) | Unpaid Balance<br>of Assessment<br>(f) |
|---|---|---|---|---|---|
| 1040 | 12/31/1990 | XXX-XX-3758 | 05/29/1997 | N/A | 18550.58 |
| 1040 | 12/31/1991 | XXX-XX-3758 | 05/29/1997 | N/A | 15615.45 |
| 1040 | 12/31/1992 | XXX-XX-3758 | 05/29/1997 | N/A | 14606.76 |
| 1040 | 12/31/1993 | XXX-XX-3758 | 05/29/1997 | N/A | 67060.95 |
| 1040 | 12/31/1994 | XXX-XX-3758 | 05/29/1997 | N/A | 21339.20 |
| 1040 | 12/31/1995 | XXX-XX-3758 | 05/29/1997 | N/A | 20155.73 |

NOTICE OF FEDERAL TAX LIEN REFILING

Serial ID: 373880607   Notice Filed At: CREEK
New TP Name:                                New TIN:
New Address:

R. A. Mitchell

Signature for FREDERICK J RICE
(405) 297-4468                    DATE: 06/25/2007
                                 Title: REVENUE OFFICER

| Place of Filing<br><br>COUNTY CLERK<br>CREEK COUNTY<br>SAPULPA, OK 74066 | Total | $    157328.67 |
|---|---|---|

This notice was prepared and signed at       DALLAS, TX                  , on this,

the    16th    day of    April    , 2007.                          **1665**

| Signature<br><br>for FREDERICK J RICE | Title<br>REVENUE OFFICER<br>25-01-5807 |
|---|---|

(NOTE: Certificate of officer authorized by law to take acknowledgment is not essential to the validity of Notice of Federal Tax lien
Rev. Rul. 71-466, 1971 - 2 C.B. 409)

Part I - Kept By Recording Office

Form 668-F (Rev. 2-2004)
CAT. NO 60025X

Exhibit 3

CERTIFICATE OF TRUE COPY
STATE OF OKLAHOMA, COUNTY OF CREEK ss
I, JANELL DIEHL, County Clerk of Creek County, State of Oklahoma, do
hereby certify that the foregoing instrument is a true and correct copy of
the instrument herein set out as the same appears of record in this office in
Book _____638_____ Page _1666_

Witness my hand and seal at Sapulpa, Oklahoma, this _15th_ day
of _July_ 20_08_ Janell Diehl, County Clerk

By_____ Deputy

25015807 *** REFILED NOTICE *** REFILED NOTICE *** REFILED NOTICE ***

| 3633 | REFILE | | REFILE |

**Form 668-F**
(Rev. February 2004)

Department of the Treasury - Internal Revenue Service

## Notice of Federal Tax Lien

Recorded: 04/26/2007 633  13:30 569

| Area: | Serial Number | For Optional Use by Recording Office |

SMALL BUSINESS/SELF EMPLOYED AREA #5
Lien Unit Phone: (800) 913-6050

358693507

07  8719

As provided by section 6321, 6322, and 6323 of the Internal Revenue
Code, we are giving a notice that taxes (including interest and penalties)
have been assessed against the following-named taxpayer. We have made
a demand for payment of this liability, but it remains unpaid. Therefore,
there is a lien in favor of the United States on all property and rights to
property belonging to this taxpayer for the amount of these taxes, and
additional penalties, interest, and costs that may accrue.

JANELL DIEHL, COUNTY CLERK
STATE OF OKLAHOMA COUNTY OF CREEK
This Instrument Was Filed For Record On

Name of Taxpayer LINDSEY K SPRINGER

JUN 2 6 2007

AT 9:35 o'clock A M AND RECORDED IN
BOOK 638 PAGE 1666

Residence     5943 E 13TH
TULSA, OK 74112-5407

BY_____ DEPUTY

**IMPORTANT RELEASE INFORMATION:** For each assessment listed below,
unless notice of the lien is refiled by the date given in column (e), this notice shall,
on the day following such date, operate as a certificate of release as defined
in IRC 6325(a). *** NOT APPLICABLE TO A REFILED NOTICE ***

| Kind of Tax (a) | Tax Period Ending (b) | Identifying Number (c) | Date of Assessment (d) | Last Day for Refiling (e) | Unpaid Balance of Assessment (f) |
|---|---|---|---|---|---|
| 6673 | 12/31/1996 | XXX-XX-3758 | 04/09/1998 | N/A | 4329.16 |

NOTICE OF FEDERAL TAX LIEN REFILING
Notice Filed At: CREEK

Serial ID: 373880807
New TP Name:                                           New TIN:
New Address:

_R. A. Mitchell_
Signature: for FREDERICK J RICE
(405) 297-4468

DATE: 06/25/2007
Title: REVENUE OFFICER

Place of Filing
          COUNTY CLERK
          CREEK COUNTY
          SAPULPA, OK 74066

Total | $ | 4329.16

This notice was prepared and signed at ____DALLAS, TX____ , on this,

the ____16th____ day of ____April____ , 2007

**1666**

| Signature | Title |
| for FREDERICK J RICE | REVENUE OFFICER |
| | 25-01-5807 |

(NOTE: Certificate of officer authorized by law to take acknowledgment is not essential to the validity of Notice of Federal Tax lien

Rev. Rul. 71-466, 1971 - 2 C.B. 409)

Form 668-F (Rev. 2-2004)
CAT. NO 60025X

**Part 1 - Kept By Recording Office**

Exhibit 4

CERTIFICATE OF TRUE COPY
STATE OF OKLAHOMA, COUNTY OF CREEK ss
I, JANELL DIEHL, County Clerk of Creek County, State of Oklahoma, do
hereby certify that the foregoing instrument is a true and correct copy of
the instrument herein set out as the same appears of record in this office in
Book _____ 645 _____ Page _1963_

Witness my hand and seal at Sapulpa, Oklahoma, this __15th__ day
Of ____July____ 20_08_ Janell Diehl, County Clerk

By _____ Deputy

**Form 10916(c)**
(Rev. 10-2000)

3592     Department of the Treasury - Internal Revenue Service
## Withdrawal of Filed Notice of Federal Tax Lien

07 12704

| Area: SMALL BUSINESS/SELF EMPLOYED AREA #5 Lien Unit Phone: (800) 913-6050 | Serial Number 358693507 | For Optional Use by Recording Office |
|---|---|---|

I certify that the following-named taxpayer has met one or more of the elements of the Internal Revenue Code (IRC) section 6323(j). The Internal Revenue Service therefore withdraws the Notice of Federal Tax Lien for these taxes and additions. The withdrawal of this notice of lien does not affect the statutory lien provided by IRC section 6321; it simply relinquishes any lien priority obtained by the Internal Revenue Service when the notice was filed. The proper official, in the office where the Notice of Federal Tax Lien was filed on __April 26, 2007__ is authorized to update the records to show the withdrawal of the notice of lien for these taxes and additions.

Name of Taxpayer  LINDSEY K SPRINGER

JANELL DIEHL, COUNTY CLERK
STATE OF OKLAHOMA COUNTY OF CREEK
This Instrument Was Filed For Record On

SEP - 4 2007

At __11__ o'clock __A__ M AND RECORDED IN
BOOK _645_ PAGE _1963_
BY _R. Weir_ DEPUTY

Residence      5943 E 13TH
               TULSA, OK 74112-5407

COURT RECORDING INFORMATION:

| Liber | Page | UCC No. | Serial No. |
|---|---|---|---|
| 633 | 569 | n/a | n/a |

| Kind of Tax (a) | Tax Period Ending (b) | Identifying Number (c) | Date of Assessment (d) | Last Day for Refiling (e) | Unpaid Balance of Assessment (f) |
|---|---|---|---|---|---|
| 1040 | 12/31/1990 | XXX-XX-3758 | 05/29/1997 | 06/28/2007 | 18550.58 |
| 1040 | 12/31/1991 | XXX-XX-3758 | 05/29/1997 | 06/28/2007 | 15615.45 |
| 1040 | 12/31/1992 | XXX-XX-3758 | 05/29/1997 | 06/28/2007 | 14606.76 |
| 1040 | 12/31/1993 | XXX-XX-3758 | 05/29/1997 | 06/28/2007 | 67060.95 |
| 1040 | 12/31/1994 | XXX-XX-3758 | 05/29/1997 | 06/28/2007 | 21339.20 |
| 1040 | 12/31/1995 | XXX-XX-3758 | 05/29/1997 | 06/28/2007 | 20155.73 |
| 6673 | 12/31/1996 | XXX-XX-3758 | 04/09/1998 | 05/09/2008 | 4329.16 |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| Place of Filing COUNTY CLERK CREEK COUNTY SAPULPA, OK 74066 | Total | $ 161657.83 |
|---|---|---|

Exhibit 5

This notice was prepared and signed at _____ DALLAS, TX _____, on this,

the _23rd_ day of _August_, _2007_.

1963

| Signature  R. A. Mitchell | Title  Director, Campus Compliance Operations |
|---|---|

Cat. No. 24586T          **Part 1 - Recording Office**          Form **10916(c)** (Rev. 10-2000)

CERTIFICATE OF TRUE COPY
STATE OF OKLAHOMA, COUNTY OF CREEK ss
I, JANELL DIEHL, County Clerk of Creek County, State of Oklahoma, do
hereby certify that the foregoing instrument is a true and correct copy of
the instrument herein set out as the same appears of record in this office in
Book _____ 633 _____ Page _____ 569 _____

Witness my hand and seal at Sapulpa, Oklahoma, this ____15th____ day
Of ___July___ 20 08 Janell Diehl, County Clerk

By _____ Deputy

| 3225 | Department of the Treasury - Internal Revenue Service |
|---|---|

**Form 668 (Y)(c)**
(Rev. February 2004)

# Notice of Federal Tax Lien

| Area: SMALL BUSINESS/SELF EMPLOYED AREA #5 Lien Unit Phone: (800) 913-6050 | Serial Number 358693507 | For Optional Use by Recording Office 07 5687 |
|---|---|---|

As provided by section 6321, 6322, and 6323 of the Internal Revenue Code, we are giving a notice that taxes (including interest and penalties) have been assessed against the following-named taxpayer. We have made a demand for payment of this liability, but it remains unpaid. Therefore, there is a lien in favor of the United States on all property and rights to property belonging to this taxpayer for the amount of these taxes, and additional penalties, interest, and costs that may accrue.

JANELL DIEHL, COUNTY CLERK
STATE OF OKLAHOMA COUNTY OF CREEK
This Instrument Was Filed For Record On

APR 2 6 2007

AL __130__ o'clock __P__ M AND RECORDED IN
BOOK 633 PAGE 569
BY _____ DEPUTY

Name of Taxpayer LINDSEY K SPRINGER

Residence
5943 E 13TH
TULSA, OK 74112-5407

**IMPORTANT RELEASE INFORMATION:** For each assessment listed below, unless notice of the lien is refiled by the date given in column (e), this notice shall, on the day following such date, operate as a certificate of release as defined in IRC 6325(a).

| Kind of Tax (a) | Tax Period Ending (b) | Identifying Number (c) | Date of Assessment (d) | Last Day for Refiling (e) | Unpaid Balance of Assessment (f) |
|---|---|---|---|---|---|
| 1040 | 12/31/1990 | XXX-XX-3758 | 05/29/1997 | 06/28/2007 | 18550.58 |
| 1040 | 12/31/1991 | XXX-XX-3758 | 05/29/1997 | 06/28/2007 | 15615.45 |
| 1040 | 12/31/1992 | XXX-XX-3758 | 05/29/1997 | 06/28/2007 | 14606.76 |
| 1040 | 12/31/1993 | XXX-XX-3758 | 05/29/1997 | 06/28/2007 | 67060.95 |
| 1040 | 12/31/1994 | XXX-XX-3758 | 05/29/1997 | 06/28/2007 | 21339.20 |
| 1040 | 12/31/1995 | XXX-XX-3758 | 05/29/1997 | 06/28/2007 | 20155.73 |
| 6673 | 12/31/1996 | XXX-XX-3758 | 04/09/1998 | 05/09/2008 | 4329.16 |

| Place of Filing COUNTY CLERK CREEK COUNTY SAPULPA, OK 74066 | Total | $ 161657.83 |
|---|---|---|

This notice was prepared and signed at ____DALLAS, TX____ , on this,

the __16th__ day of __April__ , __2007__.

569

| Signature *K. A. Mitchell* for FREDERICK J RICE | Title REVENUE OFFICER (405) 297-4468 | 25-01-5807 |
|---|---|---|

(**NOTE:** Certificate of officer authorized by law to take acknowledgment is not essential to the validity of Notice of Federal Tax lien
Rev. Rul. 71-466, 1971 - 2 C.B. 409)

Form 668(Y)(c) (Rev. 2-2004)

Exhibit 6

CERTIFICATE OF TRUE COPY
STATE OF OKLAHOMA, COUNTY OF CREEK ss
I, JANELL DIEHL, County Clerk of Creek County, State of Oklahoma, do
hereby certify that the foregoing instrument is a true and correct copy of
the instrument herein set out as the same appears of record in this office in
Book _____ 637 _____ Page 699

Witness my hand and seal at Sapulpa, Oklahoma, this _____ 15th _____ day
Of _____ July _____ 20 08 , Janell Diehl, County Clerk

By _____ Deputy

Exhibit 7

25015807 *** REFILED NOTICE *** REFILED NOTICE *** REFILED NOTICE ***

| **Form 668-F** (Rev. February 2004) | 3381 | REFILE | | | REFILE |

Department of the Treasury - Internal Revenue Service

# Notice of Federal Tax Lien
Recorded: 04/28/1999  00:00

| Area: SMALL BUSINESS/SELF EMPLOYED AREA #5 Lien Unit Phone: (800) 913-6050 | Serial Number 739924770 | For Optional Use by Recording Office 07 7931 |

As provided by section 6321, 6322, and 6323 of the Internal Revenue Code, we are giving a notice that taxes (including interest and penalties) have been assessed against the following-named taxpayer. We have made a demand for payment of this liability, but it remains unpaid. Therefore, there is a lien in favor of the United States on all property and rights to property belonging to this taxpayer for the amount of these taxes, and additional penalties, interest, and costs that may accrue.

| Name of Taxpayer LINDSEY K SPRINGER | JANELL DIEHL, COUNTY CLERK STATE OF OKLAHOMA COUNTY OF CREEK This Instrument Was Filed For Record On |
| Residence     5943 E 13TH TULSA, OK 74112-5407 | JUN 1 2 2007 AT 9 o'clock A M AND RECORDED IN BOOK 637 PAGE 699 BY _____ DEPUTY |

**IMPORTANT RELEASE INFORMATION:** For each assessment listed below, unless notice of the lien is refiled by the date given in column (e), this notice shall, on the day following such date, operate as a certificate of release as defined in IRC 6325(a). *** NOT APPLICABLE TO A REFILED NOTICE ***

| Kind of Tax (a) | Tax Period Ending (b) | Identifying Number (c) | Date of Assessment (d) | Last Day for Refiling (e) | Unpaid Balance of Assessment (f) |
|---|---|---|---|---|---|
| 1040 | 12/31/1990 | 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 | 05/29/1997 | N/A | 18579.58 |
| 1040 | 12/31/1991 | 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 | 05/29/1997 | N/A | 15615.45 |
| 1040 | 12/31/1992 | 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 | 05/29/1997 | N/A | 14606.76 |
| 1040 | 12/31/1993 | 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 | 05/29/1997 | N/A | 67060.95 |
| 1040 | 12/31/1994 | 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 | 05/29/1997 | N/A | 21309.20 |
| 1040 | 12/31/1995 | 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 | 05/29/1997 | N/A | 20155.73 |

NOTICE OF FEDERAL TAX LIEN REFILING
Serial ID: 370437507   Notice Filed At: CREEK
New TP Name:                        New TIN:
New Address:
R. A. Mitchell
Signature: for FREDERICK J RICE      DATE: 06/11/2007
              (405) 297-4468         Title: REVENUE OFFICER

| Place of Filing     COUNTY CLERK CREEK COUNTY SAPULPA, OK 74066 | Total $ 157327.67 |

This notice was prepared and signed at _____ DALLAS, TX _____ , on this,

the _____ 26th _____ day of _____ April _____ 1999 .

| Signature for BRENDA JONES | Title OIC TECHNICIAN 73-01-2714 | 699 |

(**NOTE:** Certificate of officer authorized by law to take acknowledgment is not essential to the validity of Notice of Federal Tax lien
Rev. Rul. 71-466, 1971 - 2 C.B. 409)

Part 1 - Kept By Recording Office

Form 668-F (Rev. 2-2004)
CAT. NO 60025X

CERTIFICATE OF TRUE COPY
STATE OF OKLAHOMA, COUNTY OF CREEK ss
I, JANELL DIEHL, County Clerk of Creek County, State of Oklahoma, do
hereby certify that the foregoing instrument is a true and correct copy of
the instrument herein set out as the same appears of record in this office in
Book _____ 637 _____ Page 700 _____

Witness my hand and seal at Sapulpa, Oklahoma, this __15th__ day
Of __July__ 20 08. Janell Diehl, County Clerk

By _____ Deputy

25015807 *** REFILED NOTICE *** REFILED NOTICE *** REFILED NOTICE ***

| 3381 | REFILE | REFILE |
|---|---|---|

**Form 668-F**
(Rev. February 2004)

Department of the Treasury - Internal Revenue Service

## Notice of Federal Tax Lien
Recorded: 04/28/1999  00:00

| Area: SMALL BUSINESS/SELF EMPLOYED AREA #5 Lien Unit Phone: (800) 913-6050 | Serial Number 739924770 | For Optional Use by Recording Office  07  7932 |
|---|---|---|

As provided by section 6321, 6322, and 6323 of the Internal Revenue Code, we are giving a notice that taxes (including interest and penalties) have been assessed against the following-named taxpayer. We have made a demand for payment of this liability, but it remains unpaid. Therefore, there is a lien in favor of the United States on all property and rights to property belonging to this taxpayer for the amount of these taxes, and additional penalties, interest, and costs that may accrue.

Name of Taxpayer LINDSEY K SPRINGER

Residence  5943 E 13TH
TULSA, OK 74112-5407

JANELL DIEHL, COUNTY CLERK
STATE OF OKLAHOMA COUNTY OF CREEK
This Instrument Was Filed For Record On

JUN 1 2 2007

At 9 o'clock A M AND RECORDED IN
BOOK 637 PAGE 700
BY _____ DEPUTY

**IMPORTANT RELEASE INFORMATION:** For each assessment listed below, unless notice of the lien is refiled by the date given in column (e), this notice shall, on the day following such date, operate as a certificate of release as defined in IRC 6325(a). NOT APPLICABLE TO A REFILED NOTICE ***

| Kind of Tax (a) | Tax Period Ending (b) | Identifying Number (c) | Date of Assessment (d) | Last Day for Refiling (e) | Unpaid Balance of Assessment (f) |
|---|---|---|---|---|---|
| 6673 | 12/31/1996 | 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 | 04/09/1998 | N/A | 4329.16 |

NOTICE OF FEDERAL TAX LIEN REFILING
Serial ID: 370437807   Notice Filed At: CREEK
New TP Name:                              New TIN:
New Address:

R. A. Mitchell
Signature: for FREDERICK J RICE
          (405) 297-4468

DATE: 06/11/2007
Title: REVENUE OFFICER

| Place of Filing | | |
|---|---|---|
| COUNTY CLERK CREEK COUNTY SAPULPA, OK 74066 | Total $ | 4329.16 |

This notice was prepared and signed at _____ DALLAS, TX _____ , on this,

the __26th__ day of __April__ , __1999__.

| Signature for BRENDA JONES | Title OIC TECHNICIAN 73-01-2714 | **700** |
|---|---|---|

(**NOTE:** Certificate of officer authorized by law to take acknowledgment is not essential to the validity of Notice of Federal Tax lien Rev. Rul. 71-466, 1971 - 2 C.B. 409)

Part 1 - Kept By Recording Office

Form 668-F (Rev. 2-2004)
CAT. NO 60025X

Exhibit 8