UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 08-CV-278-TCK-PJC |
| ) | |
| LINDSEY SPRINGER, et al., ) | |
| ) | |
| Defendants. ) | |

## OPINION AND ORDER

Before the Court is Defendant Lindsey Springer's Motion for Temporary Expedited Restraining Order ("Motion for TRO") (Doc. 97). Springer's Motion for TRO is largely devoted to setting forth the procedural history of this case and rearguing his asserted grounds for dismissal of the claims filed against him by Plaintiff United States of America ("United States"). Springer has already raised these arguments in various pending motions, all of which are under advisement. (*See* Docs. 56, 57, 64, and 81.)

Although buried on page ten of his brief, it appears that the recent event causing him to move for expedited relief is his receipt, on January 29, 2009, of tax levies from the years 1990-94. These are attached to his Motion for TRO as Exhibits 5-9. Springer states that such levies are the "handywork" of lead counsel for the United States in this case, Robert D. Metcalfe and James C. Strong. Springer further contends that the levies "do not in any way comply with the Notice requirements" and that these two attorneys are "trying to find a way to unlawfully stop Springer from asserting his rights in this case and in other cases pending before this Court." (Mot. for TRO 11.) As his requested relief, Springer requests an Order "specifically directed to Robert D. Metcalfe and James C. Strong to cease their conduct of directing the IRS administrative actions relative to

Lindsey K. Springer and the amounts claims [sic] owed against them, by them in this case, until such time as the judicial process in this case has been allowed to proceed to its conclusion." (*Id.* 16.) The Court construes this as a request for the Court to order two attorneys employed by the U.S. Department of Justice to cease taking any actions aimed at enforcement of Springer's alleged tax liability, including enforcement efforts or the issuance of levy notices such as those comprising Exhibits 5-9 to the Motion for TRO, until resolution of this litigation.

To obtain a temporary restraining order or preliminary injunction in federal court, the movant has the burden of establishing that: (1) he will suffer irreparable injury unless the motion is granted; (2) the threatened injury to him outweighs whatever damage the proposed injunction may cause the opposing party; (3) the injunction, if issued, would not be adverse to the public interest; and (4) there is a substantial likelihood that he will eventually prevail on the merits. *Kiowa Indian Tribe of Okla. v. Hoover*, 150 F.3d 1163, 1171 (10th Cir. 1998).

Springer's Motion for TRO does not demonstrate any of these requirements. Specifically, Plaintiff has failed to make any showing that he will suffer irreparable injury unless the Court grants the requested relief. Springer argues that he received the January 29, 2009 notices but has not argued that any specific actions or injuries are imminent as a result of these notices. Plaintiff has further failed to demonstrate that the threatened injury – his being forced to endure certain actions taken by the U.S. Department of Justice during the pendency of this lawsuit – outweighs any damage caused by the proposed injunction. The damage resulting from the injunction would be disallowing government officials to complete their assigned duties in a manner they see fit, which is a serious and significant consequence. Further, the injunction would be adverse to the public interest in that the public expects government agents to enforce compliance with tax laws. Although Springer

believes these particular attorneys are executing a conspiratorial plot against him rather than doing their jobs, the Court is simply unwilling to grant injunctive relief based on this speculation or based on the events set forth in Springer's Motion for TRO. Finally, Springer has not made any showing that there is a likelihood that he will prevail on any "claim" that would entitle him to relief. Indeed, Springer has no claims pending in this case. Because Plaintiff has made no showing as to any of the required elements, the Motion for TRO (Doc. 97) is DENIED.

Also before the Court are certain documents filed regarding Magistrate Judge Paul Cleary's rulings on discovery issues. Specifically, Springer has filed an Objection (Doc. 128) to: (1) those rulings reflected in a Minute Sheet dated February 9, 2009, which were made by Judge Cleary after conducting a telephonic conference (Doc. 110), and (2) those rulings reflected in a written Order dated February 20, 2009 (Doc. 127). Such objection will be overruled in all respects. First, although certain motions addressed by Judge Cleary were not expressly referred, the Northern District of Oklahoma has a standing Order specifying that all discovery matters, such as motions to compel and motions to quash, are automatically referred to the magistrate judge assigned to the case. Thus, Springer's argument that Judge Cleary lacked "jurisdiction" to rule on these matters is without merit. Second, the Court finds that Judge Cleary's rulings reflected in Docs. 110 and 127 are not clearly erroneous or contrary to law. *See* Fed. R. Civ. P. 72(a) (rulings on nondispositive matters, such as those at issue in Springer's objections, should be modified or set aside only if "clearly erroneous or contrary to law"). Springer also filed a Motion for Court to Refrain from Referring to Magistrate Any Issue to be Ordered (Doc. 130), wherein Springer requests that the Court "restrain itself from referring any pending issues" to Judge Cleary. Such motion does not merit discussion and is summarily denied.

Also before the Court is Springer's Motion For Stay of Certain Discovery Pending Resolution of Motions to Dismiss (Doc. 129). It is not this Court's general practice to stay discovery pending ruling on a motion to dismiss, and the Court sees no reason to do so in this case.[1] The Court has referred Springer's Motion to Modify Discovery Cut-Off to Judge Cleary, who will determine in due course whether an extension of the current Scheduling Order is necessary.

Based on the above discussion, the Court ORDERS as follows:

1. Motion for TRO (Doc. 97) is DENIED.

2. Objection to Magistrate Cleary's Rulings (Doc. 128) is OVERRULED.

3. Motion for Court to Refrain from Referring Issues to Magistrate (Doc. 130) is DENIED.

4. Motion for Stay of Discovery (Doc. 129) is DENIED.

The Court also ORDERS as follows regarding other miscellaneous pending motions:

1. Defendant Springer's Motion to Strike (Doc. 56), which moves to strike the United States' Amended Complaint, is DENIED, as the arguments raised therein have already been addressed in the Court's Order of November 20, 2008. (*See* Doc. 60 at 4 (stating that filing of Amended Complaint by United States was proper).)

2. Defendant Springer's Motion to Strike (Doc. 120), which moves to strike the cross-claim filed by his co-defendants, is DENIED, as the Court has expressly allowed the filing of such cross-claim out of time. (*See* Docs. 74, 88.)

---

[1] Springer did point out a legitimate error in this Court's Scheduling Order of January 15, 2009 (Doc. 86), in that the Court set a deadline for the exchange of witness and exhibit lists on December 29, 2008, a date that had already passed. However, the parties appear to have timely exchanged this information, began depositions, and Springer has not shown any prejudice from this error.

**DATED** this 27th day of February, 2009.

_____
TERENCE KERN
United States District Judge