# UNITED STATES TAX COURT

WASHINGTON, DC 20217

LINDSEY K. SPRINGER,           )
                               )
            Petitioner         )
                               )
       v.                      )   Docket No. 17707-06L.
                               )
COMMISSIONER OF INTERNAL REVENUE, )
                               )
            Respondent         )

## ORDER AND DECISION

This matter is before the Court on respondent's Motion for Summary Judgment, as supplemented, filed May 2, 2007. Respondent's motion was argued by the parties at a hearing at the motions session of the Court held in Washington, D.C., on June 20, 2007.

On December 5, 1996, petitioner filed a petition at docket No. 26045-96 to contest statutory notices of deficiency dated September 3, 1996, determining deficiencies in and additions to his Federal income taxes for 1990 through 1995. Respondent moved to dismiss petitioner's petition for failure to state a claim upon which relief could be granted and to impose a penalty under section 6673.[1] Petitioner objected to the motion, stating in part that "The respondent has no evidence whatsoever that Petitioner is subject to the Bureau of Labor and Vital Statistics." On February 10, 1997, the Court granted respondent's motion, ordering and deciding that petitioner was liable for deficiencies in and additions to tax for 1990 through 1995 and a penalty under section 6673 of $4,000. Petitioner filed an appeal of the decision of the Court, which was dismissed on October 15, 1997.

Copies of Form 4340, Certificates of Assessments and Payments and Other Specified Matters, attached to respondent's supplement to his motion for summary judgment, show that petitioner's unpaid tax liabilities for 1990 through 1995 were assessed on May 29, 1997, and that the section 6673 penalty for

---

[1] Section references are to the Internal Revenue Code and all Rule references are to the Tax Court Rules of Practice and Procedure.

ADDENDUM

*1*

which the Court decided petitioner was liable was assessed on April 9, 1998.

On March 2, 2005, respondent sent to petitioner Letter 1058, Notice Of Intent To Levy And Notice Of Your Right To A Hearing (Notice) attaching a schedule showing the type of tax, tax period, amount, penalties (including the section 6673 penalty determined in 1996), and interest owed as of the date of the Notice. Petitioner timely filed Form 12153, Request for a Collection Due Process Hearing (Request). Petitioner, in his Request, argues that he did not receive any "income" in the years 1990 through 1995, is "not liable for the taxes on BLS income statistics", and devotes many pages to an argument that Form 1040, U.S. Individual Income Tax Return, is fatally defective for want of a correct OMB form number under the Paperwork Reduction Act (PRA), Pub. L. 96-511, 94 Stat. 2812, Codified at 44 U.S.C. 3501 through 3549.[2]

On April 4, 2005, the settlement officer to whom petitioner's case had been assigned wrote to petitioner to inform him that his Request had been received. The letter from the settlement officer also advised petitioner that he could not contest the underlying tax liabilities and that the Request contained only frivolous arguments for which only a telephone conference would be offered. Petitioner replied by letter, essentially repeating the same arguments contained in his Request and asking that he be faxed verification that applicable laws and procedures had been met in his case. The settlement officer faxed to petitioner copies of transcripts of account for petitioner's income tax liabilities for 1990 through 1995 and for the section 6673 penalty assessed in 1996. Petitioner responded to the settlement officer by letter containing a series of 23 questions and a copy of the table of contents from Chief Counsel Notice 2001-038, Collection Due Process Cases. Petitioner also filed with the U.S. District Court of the Western District of Oklahoma an action for injunctive relief, which was dismissed and another action alleging error in the handling of his CDP hearing, which was also dismissed by the court.[3]

---

[2] In United States v. Dawes, 951 F.2d 1189, 1193 (10th Cir. 1991) the court said that "the 1040 form has the necessary numbers and expiration date for any necessary compliance with the Act." This case would be appealable to that circuit.

[3] Petitioner filed an appeal from his district court cases with the Tenth Circuit Court of Appeals. The appeals were found to be frivolous and sanctions were imposed, including restrictions on further filings with the Circuit Court. Springer (continued...)

ADDENDUM

2

After determining that all legal and procedural requirements had been met, the settlement officer made the determination to permit the collection action to proceed. On August 16, 2005, respondent sent to petitioner both a Notice of Determination Concerning Collection Actions Under Section 6320 and/or 6330 (Notice of Determination) for 1990 through 1995 and a Notice of Determination with respect to his liability for the section 6673 penalty for 1996.

Petitioner has filed a petition containing irrelevant and frivolous factual allegations, and arguments attacking: The underlying tax liability and his inability to record his telephone hearing. In petitioner's response to respondent's motion for summary judgment, petitioner also attempts to attack the legality of the underlying assessment. His argument is that the assessments were premature because they preceded the date when the decision of the Tax Court became final under section 7481, the time for filing a notice of appeal, which is 90 days after decision if no notice of appeal is filed. See secs. 7481(a)(1), 7483.

On February 10, 1997, the Court granted respondent's motion, ordering and deciding that petitioner was liable for deficiencies in and additions to tax for 1990 through 1995 and a penalty under section 6673 of $4,000. According to the Forms 4340, petitioner's unpaid tax liabilities for 1990 through 1995 were assessed on May 29, 1997, and the section 6673 penalty for which the Court decided petitioner was liable was assessed on April 9, 1998. The tax assessments were 109 days after entry of decision and the penalty assessment was more than a year after entry of decision. Petitioner "cherry-picked" a provision, section 7481, to support his position but failed to complete his legal analysis. He overlooked an important qualifying section that changes the outcome of the argument. In the case of income taxes, section 7485(a) provides that "Notwithstanding any provision of law imposing restrictions on the assessment and collection of deficiencies", appeals of Tax Court decisions "shall not operate as a stay of assessment or collection" of a deficiency unless on or before the time the notice of appeal is filed the taxpayer places with the Tax Court a bond in an amount fixed by the Tax Court. Petitioner placed no bond and the assessments at issue here were proper under section 7485.

Not only were the assessments proper, but they preceded the enactment of section 7491(b), which became effective for court proceedings arising in connection with <u>examinations commencing</u>

---

after July 22, 1998. Pub. L. 105-206, sec. 3001(c)(1). Petitioner has argued that section 7491(b), placing the burden of proof on respondent in certain statistical proof cases, applies to this case and has been improperly excluded in all of his Tax Court proceedings. Petitioner is in error.

Despite the fact that copies of Form 1040 for 1990 through 1995, submitted by petitioner with his Declaration, contain OMB numbers, he argues that the forms do not meet the requirements of 44 U.S.C. section 3506(c)(1)(B) (2000). Petitioner is in error. See United States v. Dawes, supra.

Summary judgment is intended to expedite litigation and avoid unnecessary and expensive trials. Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988). Summary judgment may be granted with respect to all or any part of the legal issues in controversy "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law." Rule 121(a) and (b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994); Zaentz v. Commissioner, 90 T.C. 753, 754 (1988); Naftel v. Commissioner, 85 T.C. 527, 529 (1985).

The moving party has the burden of "showing" the absence of a genuine issue as to any material fact. See Espinoza v. Commissioner, 78 T.C. 412, 416 (1982) and cases cited therein. In Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986), the Supreme Court described the "showing" that must be made by the moving party:

> [A] party seeking summary judgment always bears the initial responsibility of informing the * * * court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact. * * *

The party opposing the motion must identify specific facts requiring a trial and may not rest on mere allegations or denials. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-250 (1986). Where material facts are undisputed, summary judgment is available. Beta Systems, Inc. v. United States, 838 F.2d 1179, 1184 (Fed. Cir. 1988).

Petitioner has failed to show any dispute as to any

ADDENDUM



material fact in this case. The Court finds from the record that there is no genuine issue as to any material fact, and a decision may be rendered as a matter of law.

Section 6330(c) describes the matters that a person may raise at an Appeals Office hearing. A taxpayer may raise any <u>relevant</u> issue pertaining to the unpaid tax or the proposed lien or levy, including collection issues such as spousal defenses, the appropriateness of the Commissioner's intended collection action, and possible alternative means of collection. Section 6330(c)(2)(B) provides that the existence and amount of the underlying tax liability can be contested at an Appeals Office hearing only if the person did not receive a notice of deficiency for the taxes in question or did not otherwise have an earlier opportunity to dispute the tax liability. See <u>Sego v. Commissioner</u>, 114 T.C. 604, 609 (2000); <u>Goza v. Commissioner</u>, 114 T.C. 176, 180-181 (2000). The hearing officer is not, however, required to consider failure or refusal to comply with tax laws due to moral, religious, political, Constitutional or similar grounds. Sec. 601.106(b), Proced. and Admin. Regs.

In his petition and objection to respondent's motion, petitioner alleges that respondent's failure to provide a recorded hearing and certain information and documentation warrant a decision by the Court that respondent is operating outside his legal authority. Petitioner is also attempting to raise issues that question the existence and amount of the underlying tax liability.

An exchange of information in which the Appeals officer has the opportunity to hear and consider a taxpayer's arguments is an Appeals hearing in accordance with law. See <u>Katz v. Commissioner</u>, 115 T.C. 329, 337-338 (2000). Section 7521(a) allows a taxpayer to record an "in-person interview". An in-person interview means a face to face interview. <u>Keene v. Commissioner</u>, 121 T.C. 8, 16 (2003).

Absent a showing of irregularity, Forms 4340 that identify the taxpayer, the character of the liability assessed, the taxable period, and the amount of the assessment are sufficient to establish that a valid assessment was made. <u>Kuglin v. Commissioner</u>, T.C. Memo. 2002-51. The failure to provide forms at the hearing does not invalidate the determination. <u>Nestor v. Commissioner</u>, 118 T.C. 162, 167 (2002).

Because petitioner received notices of deficiency for each of the years under consideration and petitioned the Court, as a matter of law he could not challenge the underlying liabilities, including the issues of the application of section 7491(b) and

# ADDENDUM

5

the application of the PRA[4], at the section 6330 hearing and is therefore precluded from raising the issues here. Sec. 6330(c)(2)(B).

Even if petitioner were not precluded by operation of section 6330(c)(2)(B) from raising issues relating to his underlying tax liability, he is so precluded by the doctrine of res judicata. The Supreme Court in <u>Commissioner v. Sunnen</u>, 333 U.S. 591, 597 (1948), summarized the judicial doctrine of res judicata, also known as claim preclusion, as follows:

> The rule provides that when a court of competent jurisdiction has entered a final judgment on the merits of a cause of action, the parties to the suit and their privies are thereafter bound 'not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose.' <u>Cromwell v. County of Sac</u>, 94 U.S. 351, 352, 24 L.Ed. 195. The judgment puts an end to the cause of action, which cannot again be brought into litigation between the parties upon any ground whatever, absent fraud or some other factor invalidating the judgment. * * *

As to the application of the doctrine in the context of tax litigation, the Court stated:

> Income taxes are levied on an annual basis. Each year is the origin of a new liability and of a separate cause of action. Thus if a claim of liability or non-liability relating to a particular tax year is litigated, a judgment on the merits is res judicata as to any subsequent proceeding involving the same claim and the same tax year. * * * [<u>Id.</u> at 598.]

As a general rule, where the Tax Court has entered a decision for a taxable year, both the taxpayer and the Commissioner (with certain exceptions) are barred from reopening that year. <u>Hemmings v. Commissioner</u>, 104 T.C. 221, 233 (1995). It has also been held that "the Tax Court's jurisdiction, once it attaches, extends to the entire subject of the correct tax for the particular year." <u>Erickson v. United States</u>, 309 F.2d 760, 767 (Ct. Cl. 1962).

None of the matters raised by petitioner are relevant to

---

[4] At the hearing on this motion, petitioner argued that the language of the PRA permits the "defense" to be raised "at any time". As was explained to him in <u>Springer v. IRS</u>, 231 Fed. Appx. 793, 800 (10th Cir. 2007), it may only be raised during the agency administrative process or in a judicial action applicable to that process.

ADDENDUM

6

issues pertaining to the proposed levy, including collection issues such as spousal defenses, the appropriateness of the Commissioner's intended collection action, and possible alternative means of collection. All of petitioner's claims are frivolous. An in-person interview is not necessary to consider these "claims". See Crain v. Commissioner, 737 F.2d 1417 (5th Cir. 1984); see also Newstat v. Commissioner, T.C. Memo. 2004-208; Kemper v. Commissioner, T.C. Memo. 2003-195.

No bona fide interest would be served by further delaying the collection of petitioner's tax liability. See Thompson v. Commissioner, T.C. Memo. 2004-204; Kemper v. Commissioner, supra.

Upon due consideration and for cause, it is hereby

ORDERED: That respondent's motion, as supplemented, filed May 2, 2007, is granted insofar as it pertains to a summary adjudication in respondent's favor on all issues in this case. It is further

ORDERED AND DECIDED: That respondent may proceed with collection for the taxable years 1990, 1991, 1992, 1993, 1994, 1995 and 1996 as determined in the Notice of Determination Concerning Collection Actions Under Section 6320 and/or 6330, dated August 16, 2005, upon which this case is based.

John F. Dean
Special Trial Judge

ENTERED: NOV 14 2007

ADDENDUM 7