Court within 90 days from the date of the mailing of the statutory notice. If the notice is addressed to a person outside the States of the Union and the District of Columbia, the period within which a petition may be filed in the Tax Court is 150 days in lieu of 90 days. In other words, the taxpayer has the right in respect of these taxes to contest any proposed deficiency before an independent tribunal prior to assessment or payment of the deficiency. Unless the taxpayer waives the restrictions on assessment and collection after the date of the mailing of the statutory notice, no assessment or collection of a deficiency (not including the correction of a mathematical error) may be made in respect of these taxes until the expiration of the applicable period or, if a petition is filed with the Tax Court, until the decision of the Court has become final. If, however, the taxpayer makes a payment with respect to a deficiency, the amount of such payment may be assessed. See, however, § 601.105(h). If the taxpayer fails to file a petition with the Tax Court within the applicable period, the deficiency will be assessed upon the expiration of such period and notice and demand for payment of the amount thereof will be mailed to the taxpayer. If the taxpayer files a petition with the Tax Court, the entire amount redetermined as the deficiency by a final decision of the Tax Court will be assessed and is payable upon notice and demand. There are no restrictions on the timely assessment and collection of the amount of any deficiency determined by the Tax Court, and a notice of appeal of the Court's decision will not stay the assessment and collection of the deficiency so determined, unless on or before the time the notice of appeal is filed the taxpayer files with the Tax Court a bond in a sum fixed by the Court not exceeding twice the portion of the deficiency in respect of which the notice of appeal is filed. No part of an amount determined as a deficiency but disallowed as such by a decision of the Tax Court which has become final may be assessed or collected by levy or by proceeding in court with or without assessment.

(3) *Claims for refund.* After payment of the tax a taxpayer may, within the applicable period of limitations, contest the assessment by filing with the district director a claim for refund of all or any part of the amount paid, except with respect to certain taxes determined by the Tax Court, the decision of which has become final. If the claim is allowed, the overpayment of tax and allowable interest thereon will be credited against other liabilities of the taxpayer, or will be refunded to the taxpayer. Generally, if the claim for refund is rejected in whole or in part, the taxpayer is notified of the rejection by certified mail or registered mail. The taxpayer may then bring suit in the United States District Court or in the United States Claims Court for recovery of the tax. Suit may not be commenced before the expiration of six months from the date of filing of the claim for refund, unless a decision is rendered thereon within that time, nor after the expiration of two years from the date of mailing by certified mail or registered mail to the taxpayer of a notice of the disallowance of the part of the claim to which the suit relates. Under the 1954 Code, the 2-year period of limitation for bringing suit may be extended for such period as may be agreed upon in a properly executed Form 907. Also, under the 1954 Code, if the taxpayer files a written waiver of the requirement that the taxpayer be sent a notice of disallowance, the 2-year period for bringing suit begins to run on the date such waiver is filed. See section 6532(a) of the Code.

[32 FR 15990, Nov. 22, 1967, as amended at 38 FR 4955, Feb. 23, 1973; 43 FR 44497, Sept. 28, 1978; 45 FR 7251, Feb. 1, 1980; 46 FR 26053, May 11, 1981; 49 FR 36498, Sept. 18, 1984]

### § 601.104 Collection functions.

(a) *Collection methods*—(1) *Returns.* Generally, an internal revenue tax assessment is based upon a return required by law or regulations to be filed by the taxpayer upon which the taxpayer computes the tax in the manner indicated by the return. Certain taxpayers who choose to use the Optional Tax Tables may elect to have the Internal Revenue Service compute the tax and mail them a notice stating the amount of tax due. If a taxpayer fails to make a return it may be made for the taxpayer by a district director or

other duly authorized officer or employee. See section 6020 of the Code and the regulations thereunder. Returns must be made on the forms prescribed by the Internal Revenue Service. Forms are obtainable at the principal and branch offices of district directors of internal revenue. Taxpayers overseas may also obtain forms from any U.S. Embassy or consulate. Forms are generally mailed to persons whom the Service has reason to believe may be required to file returns, but failure to receive a form does not excuse failure to comply with the law or regulations requiring a return. Returns, supplementary returns, statements or schedules, and the time for filing them, may sometimes be prescribed by regulations issued under authority of law by the Commissioner with the approval of the Secretary of the Treasury or the Secretary's delegate. A husband and wife may make a single income tax return jointly. Certain affiliated groups of corporations may file consolidated income tax returns. See section 1501 of the Code and the regulations thereunder.

(2) *Withholding of tax at source.* Withholding at the source of income payments is an important method used in collecting taxes. For example, in the case of wage earners, the income tax is collected in large part through the withholding by employers of taxes on wages paid to their employees. The tax withheld at the source on wages is applied as a credit in payment of the individual's income tax liability for the taxable year. In no case does withholding of the tax relieve an individual from the duty of filing a return otherwise required by law. The chief means of collecting the income tax due from nonresident alien individuals and foreign corporations having United States source gross income which is not effectively connected with the conduct of a trade or business in the United States is the withholding of the tax by the persons paying or remitting the income to the recipients. The tax withheld is allowed as a credit in payment of the tax imposed on such nonresident alien individuals and foreign corporations.

(3) *Payments of estimated tax.* Any individual who may reasonably expect to receive gross income for the taxable year from wages or from sources other than wages, in excess of amounts specified by law, and who can reasonably expect his or her estimated tax to be at least $200 in 1982, $300 in 1983, $400 in 1984, and $500 in 1985 and later is required to make estimated tax payments. Payments of estimated tax are applied in payment of the tax for the taxable year. A husband and wife may jointly make a single payment which may be applied in payment of the income tax liability of either spouse in any proportion they may specify. For taxable years ending on or after December 31, 1955, the law requires payments of estimated tax by certain corporations. See section 6154 of the Code.

(b) *Extension of time for filing returns*—(1) *General.* Under certain circumstances the district directors or directors of service centers are authorized to grant a reasonable extension of time for filing a return or declaration. The maximum period for extensions cannot be in excess of 6 months, except in the case of taxpayers who are abroad. With an exception in the case of estate tax returns, written application for extension must be received by the appropriate director on or before the date prescribed by law for filing the return or declaration.

(2) *Corporations.* On or before the date prescribed by law for filing its income tax return, a corporation may obtain an automatic 6-month extension of time (a 3-month extension in the case of taxable years ending before December 31, 1982) for filing the income tax return by filing Form 7004 and paying the full amount of the properly estimated unpaid tax liability. For taxable years beginning before 1983, however, the corporation must remit with Form 7004 an estimated amount not less than would be required as the first installment of tax should the corporation elect to pay the tax in installments.

(3) *Individuals.* On or before the date prescribed for the filing of the return of an individual, such individual may obtain an automatic 4-month extension of time for filing his or her return by filing Form 4868 accompanied by payment of the full amount of the estimated unpaid tax liability.

(c) *Enforcement procedure*—(1) *General.* Taxes shown to be due on returns, deficiencies in taxes, additional or delinquent taxes to be assessed, and penalties, interest, and additions to taxes, are recorded by the district director or the director of the appropriate service center as ''assessments.'' Under the law an assessment is prima facie correct for all purposes. Generally, the taxpayer bears the burden of disproving the correctness of an assessment. Upon assessment, the district director is required to effect collection of any amounts which remain due and unpaid. Generally, payment within 10 days from the date of the notice and demand for payment is requested; however, payment may be required in a shorter period if collection of the tax is considered to be in jeopardy. When collection of income tax is in jeopardy, the taxpayer's taxable period may be terminated under section 6851 of the Code and assessment of the tax made expeditiously under section 6201 of the Code.

(2) *Levy.* If a taxpayer neglects or refuses to pay any tax within the period provided for its payment, it is lawful for the district director to make collection by levy on the taxpayer's property. However, unless collection is in jeopardy, the taxpayer must be furnished written notice of intent to levy no fewer than 10 days before the date of the levy. See section 6331 of the Code. No suit for the purpose of restraining the assessment or collection of an internal revenue tax may be maintained in any court, except to restrain the assessment or collection of income, estate, Chapters 41 through 44, or gift taxes during the period within which the assessment or collection of deficiencies in such taxes is prohibited. See section 7421 of the Code. Property taken under authority of any revenue law of the United States is irrepleviable. 28 U.S.C. 2463. If the Service sells property, and it is subsequently determined that the taxpayer had no interest in the property or that the purchaser was misled by the Service as to the value of the taxpayer's interest, immediate action will be taken to refund any money wrongfully collected if a claim is made and the pertinent facts are present. The mere fact that a taxpayer's interest in property turns out to be less valuable than the purchaser expected will not be regarded as giving the purchaser any claim against the Government.

(3) *Liens.* The United States' claim for taxes is a lien on the taxpayer's property at the time of assessment. Such lien is not valid as against any purchaser, holder of a security interest, mechanic's lienor, or judgment lien creditor until notice has been filed by the district director. Despite such filing, the lien is not valid with respect to certain securities as against any purchaser of such security who, at the time of purchase, did not have actual notice or knowledge of the existence of such lien and as against a holder of a security interest in such security who, at the time such interest came into existence, did not have actual notice or knowledge of the existence of such lien. Certain motor vehicle purchases are similarly protected. Even though a notice of lien has been filed, certain other categories are afforded additional protection. These categories are: Retail purchases, casual sales, possessory liens, real property taxes and property assessments, small repairs and improvements, attorneys' liens, certain insurance contracts and passbook loans. A valid lien generally continues until the liability is satisfied, becomes unenforceable by reason of lapse of time or is discharged in bankruptcy. A certificate of release of lien will be issued not later than 30 days after the taxpayer furnishes proper bond in lieu of the lien, or 30 days after it is determined that the liability has been satisfied, has become unenforceable by reason of lapse of time, or has been discharged in bankruptcy. If a certificate has not been issued and one of the foregoing criteria for release has been met, a certificate of release of lien will be issued within 30 days after a written request by a taxpayer, specifying the grounds upon which the issuance of release is sought. The Code also contains additional provisions with respect to the discharge of specific property from the effect of the lien. Also, under certain conditions, a lien may be subordinated. The Code also contains additional provisions with respect to liens in the case of estate and gift taxes. For the specific

rules with respect to liens, see Subchapter C of Chapter 64 of the Code and the regulations thereunder.

(4) *Penalties.* In the case of failure to file a return within the prescribed time, a certain percentage of the amount of tax (or a minimum penalty) is, pursuant to statute, added to the tax unless the failure to file the return within the prescribed time is shown to the satisfaction of the district director or the director of the appropriate service center to be due to reasonable cause and not neglect. In the case of failure to file an exempt organization information return within the prescribed time, a penalty of $10 a day for each day the return is delinquent is assessed unless the failure to file the return within the prescribed time is shown to be due to reasonable cause and not neglect. In the case of failure to pay or deposit taxes due within the prescribed time, a certain percentage of the amount of tax due is, pursuant to statute, added to the tax unless the failure to pay or deposit the tax due within the prescribed time is shown to the satisfaction of the district director or the director of the appropriate service center to be due to reasonable cause and not neglect. Civil penalties are also imposed for fraudulent returns; in the case of income and gift taxes, for intentional disregard of rules and regulations or negligence; and additions to the tax are imposed for the failure to comply with the requirements of law with respect to the estimated income tax. There are also civil penalties for filing false withholding certificates, for substantial understatement of income tax, for filing a frivolous return, for organizing or participating in the sale of abusive tax shelters, and for aiding and abetting in the understatement of tax liability. See Chapter 68 of the Code. A 50 percent penalty, in addition to the personal liability incurred, is imposed upon any person who fails or refuses without reasonable cause to honor a levy. Criminal penalties are imposed for willful failure to make returns, keep records, supply information, etc. See Chapter 75 of the Code.

(5) *Informants' rewards.* Payments to informers are authorized for detecting and bringing to trial and punishment persons guilty of violating the internal revenue laws. See section 7623 of the Code and the regulations thereunder. Claims for rewards should be made on Form 211. Relevant facts should be stated on the form, which after execution should be forwarded to the district director of internal revenue for the district in which the informer resides, or to the Commissioner of Internal Revenue, Washington, DC 20224.

[32 FR 15990, Nov. 22, 1967, as amended at 32 FR 20645, Dec. 21, 1967; 33 FR 17234, Nov. 21, 1968; 34 FR 6424, Apr. 12, 1969; 35 FR 7112, May 6, 1970; 36 FR 7584, Apr. 22, 1971; 38 FR 4956, Feb. 23, 1973; 45 FR 7251, Feb. 1, 1980; 49 FR 36499, Sept. 18, 1984; 49 FR 40809, Oct. 18, 1984; T.D. 8685, 61 FR 58008, Nov. 12, 1996]

### § 601.105 Examination of returns and claims for refund, credit or abatement; determination of correct tax liability.

(a) *Processing of returns.* When the returns are filed in the office of the district director of internal revenue or the office of the director of a regional service center, they are checked first for form, execution, and mathematical accuracy. Mathematical errors are corrected and a correction notice of any such error is sent to the taxpayer. Notice and demand is made for the payment of any additional tax so resulting, or refund is made of any overpayment. Returns are classified for examination at regional service centers. Certain individual income tax returns with potential unallowable items are delivered to Examination Divisions at regional service centers for correction by correspondence. Otherwise, returns with the highest examination potential are delivered to district Examinations Divisions based on workload capacities. Those most in need of examination are selected for office or field examination.

(b) *Examination of returns*—(1) *General.* The original examination of income (including partnership and fiduciary), estate, gift, excise, employment, exempt organization, and information returns is a primary function of examiners in the Examination Division of the office of each district director of internal revenue. Such examiners are organized in groups, each of which is under the immediate supervision of a group supervisor designated by the district director. Revenue agents (and such other officers or employees of the