IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 4:08-cv-00278-TCK-PJC |
| | ) | |
| (1) LINDSEY K. SPRINGER, individually and as Co-Trustee of the S.L.C.A. Family Trust; (2) REGINA M. CARLSON, as Co-Trustee of the S.L.C.A. Family Trust; (3) MARTHA F. MOORE, individually and as Trustee of the W.T. Moore and Martha F. Moore Revocable Trust Dated June 12, 2002; (4) W.T. SMITH; and (5) JANETH S. SMITH | ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

ORDER FOR SALE

This Court entered a final judgment in this action, ordering that the federal tax liens be foreclosed.

The Court now ORDERS that the federal tax lien on the real property located in Creek County, Oklahoma (hereinafter "Property") described as:

The North half (N/2) of the Southeast Quarter (SE/4) of the Northwest Quarter (NW/4) of Section 2, Township 17 North, Range 10 East, of Creek County, State of Oklahoma.

be foreclosed and that the Property be sold under title 28, United States Code, §§ 2001 and 2002, as follows:

1. The Internal Revenue Service ("IRS") Property Appraisal and Liquidation Specialists ("PALS"), is authorized to offer for public sale and to sell the Property.

2. The terms and conditions of the sales are as follows:

a. The sale of the Property shall be free and clear of the interests of Lindsey K. Springer, Regina M. Carlson, the S.L.C.A. Family Trust and all parties named in the suit.

b. The sale shall be subject to building lines, if established, all laws, ordinances, and governmental regulations (including building and zoning ordinances) affecting the Property, and easements and restrictions of record, if any;

c. The sale shall be held either at the courthouse of the county or city in which the Property is located or on the Property's premises;

d. The PALS shall announce the date and time for sale;

e. Notice of the sale shall be published once a week for at least four consecutive weeks before the sale in at least one newspaper regularly issued and of general circulation in Creek County, Oklahoma and, at the discretion of the PALS, by any other notice that the PALS deems appropriate. The notice shall contain a description of the Property and shall contain the terms and conditions of sale in this order of sale;

f. The PALS shall set the minimum bids. If the minimum bids are not met or exceeded, the PALS may, without further permission of this Court, and under the terms and conditions in this order of sale, hold a new public sale, if necessary, and reduce the minimum bids.

g. At the time of the sale, the successful bidder(s) shall deposit with the PALS, by cash or by certified or cashier's check payable to the Clerk of the United States District Court for the Northern District of Oklahoma, a minimum of twenty (20) percent of the bid. Before being permitted to bid at the sale, potential bidders shall display to the PALS proof that they are able to comply with this requirement. No bids will be accepted from any person(s) who have not

presented proof that, if they are the successful bidders(s), they can make the deposit required by this order of sale;

      h. The successful bidder(s) shall pay the balance of the purchase price for the Property to the clerk of this Court within thirty (30) days following the date of the sale, by a certified or cashier's check payable to the United States District Court for the Northern District of Oklahoma. If the bidder fails to fulfill this requirement, the deposit shall be forfeited and shall be applied to cover the expenses of the sale, with any amount remaining to be applied to the liabilities of Lindsey K. Springer at issue herein. The Clerk shall distribute the deposit as directed by the PALS by check made payable to the "United States Treasury." The Property shall be again offered for sale under the terms and conditions of this order of sale or, in the alternative, sold to the second highest bidder. The United States may bid as a credit against its judgment without tender of cash;

      i. The sale of the Property shall be subject to confirmation by this Court. On confirmation of the sale, the PALS shall execute and deliver its deed conveying the Property to the purchasers. On confirmation of the sale, all interests in, liens against, or claims to, the Property that are held or asserted by all parties to this action are discharged and extinguished.

      j. When this Court confirms the sale, the Creek County Recorder shall cause transfer of the Property to be reflected upon that county's register of title. The successful bidder at the sale shall pay, in addition to the amount of the bid, any documentary stamps and Clerk's registry fees as provided by law;

      k. The sale of the Property is ordered pursuant to 28 U.S.C. § 2001, and is made without right of redemption.

3. Until the Property is sold, Lindsey K. Springer shall take all reasonable steps necessary to preserve the Property (including all buildings, improvements, fixtures and appurtenances on the property) in its current condition including, without limitation, maintaining a fire and casualty insurance policy on the Properties. He shall neither commit waste against the Property nor cause or permit anyone else to do so. He shall neither do anything that tends to reduce the value or marketability of the Property nor cause or permit anyone else to do so. The defendants shall not record any instruments, publish any notice, or take any other action (such as running newspaper advertisements, posting signs, or making internet postings) that may directly or indirectly tend to adversely affect the value of the Property or that may tend to deter or discourage potential bidders from participating in the public auction, nor shall they cause or permit anyone else to do so.

4. All persons occupying the Property shall vacate the Property permanently within 30 days of the date of this Order, each taking with them his or her personal property (but leaving all improvements, buildings, fixtures, and appurtenances to the Properties). If any person fails or refuses to vacate the Property by the date specified in this Order, the PALS are authorized to coordinate with the United States Marshal to take all actions that are reasonably necessary to have those persons ejected. Any personal property remaining on the Property 30 days after the date of this Order is deemed forfeited and abandoned, and the PALS is authorized to dispose of it in any manner they see fit, including sale, in which case the proceeds of the sale are to be applied first to the expenses of sale and the balance to be paid into the Court for further distribution.

5. No later than two business days after vacating the Property pursuant to the deadline set forth in paragraph 4 above, Lindsey K. Springer shall notify counsel for the United States of

a forwarding address where he and she can be reached. Notification shall be made by contacting counsel for the United States at (202) 514-9953.

6. Pending the sale of the Property and until the deed to the Property is delivered to the successful bidder(s), the IRS is authorized to have free access to the premises in order to take any and all actions necessary to preserve the Property, including, but not limited to, retaining a locksmith or other person to change or install locks or other security devices on any part of the Property.

7. After the Court confirms the sale, the sale proceeds are to be paid to the Clerk of this Court and applied to the following items, in the order specified:

a. First, to the PALS for the expenses of the sale, including any expenses incurred to secure or maintain the property pending sale and confirmation by the Court;

b. Second, to all taxes unpaid and matured, if any, that are owed to Creek County for real property taxes on the property.

c. Third, to W.T. Smith and Janeth S. Smith and Martha F. Moore, individually and as Trustee of the W.T. Moore and Martha F. Moore Revocable Trust dated June 12, 2002;

d. Fourth, to the liability of Lindsey K. Springer for federal income tax liabilities for the years 1990 through 1995 plus all accrued interest, penalties, and other additions permitted by law;

e. Fifth, any balance remaining after the above payments have been made shall be held by the Clerk until further order of the Court.

SO ORDERED this 16th day of March, 2010.

_____
TERENCE KERN
United States District Judge