IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| UNITED STATES OF AMERICA, | ) |
|---|---|
| Plaintiff, | ) |
| v. | ) Civil No. 4:08-cv-00278-TCK-PJC |
| LINDSEY K. SPRINGER, *et. al.* | ) |
| Defendants. | ) |

**UNITED STATES' MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION FOR STAY OF FINAL JUDGMENT PENDING APPEAL**

The United States opposes Defendant Lindsey Springer's motion for a stay pending appeal. (Doc. # 185). This Court granted summary judgment in the United States' favor on March 3, 2010 (Doc. # 179), holding that the tax assessments against Springer should be reduced to judgment and that tax liens encumbering property in Creek County, Oklahoma belonging to Springer should be foreclosed. The Court entered an order of sale on March 16, 2010 (Doc. # 181) to begin the process of selling Springer's real property in order to partially satisfy Springer's tax liabilities to the United States. Because he has failed to establish any of the four factors that courts consider in deciding whether to grant a stay, Springer's motion should be denied.

**I. Discussion**

*A. Standard of review*

A stay pending appeal – whether under Fed. R. Civ. P. 62(c) or Fed. R. App. P. 8 – is extraordinary relief. In determining whether to grant a stay, the Court must consider four factors that: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of

1

the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Hilton v. Braunskill*, 481 U.S. 770, 776-77 (1987). The factors for a stay "require individualized consideration and assessment in each case." *McClendon v. City of Albuquerque*, 79 F.3d 1014, 1020 (10th Cir. 1996).

  *B. Springer has no likelihood of success on appeal.*

  Springer devotes much of his motion to tax protestor or other frivolous arguments that the Court already considered in its summary judgment order. To restate the United States' arguments, this Court does have jurisdiction to determine whether to reduce to judgment the tax assessments against Springer, the Internal Revenue Service can collect taxes in Oklahoma, and the United States had valid assessments against Springer as reflected on the Certificates of Assessment included as exhibits in the United States' motion for summary judgment. As happened in the district court, Springer is not likely to prevail on these issues on appeal.

  Furthermore, Springer has not been denied any rights by the Court in this case. He complains that the Court did not permit Springer to file an answer or a counterclaim and that the Court denied his right to a jury trial. Springer had plenty of opportunities to file an answer or counterclaim in this case; he chose to file motions to dismiss. Moreover, an answer is not necessary before the United States could file a motion for summary judgment. *Marquez v. Cable One, Inc.*, 463 F.3d 1118, 1120 (10th Cir. 2006). To the extent that Springer alleges that he was not afforded opportunity to defend this action, Springer conducted extensive discovery in this case, sending interrogatories, document requests, and requests for admission to the United States in addition to taking the depositions of nine IRS employees.

Concerning his right to a jury trial, Springer does not understand the purpose of summary judgment is "to assess whether a trial is necessary." *Berry v. T-Mobile USA, Inc.*, 490 F.3d 1211, 1216 (10th Cir. 2007). In granting summary judgment in favor of the United States and the mortgagors, the Court determined that no genuine issue of material fact existed for a jury to resolve. *See Panis v. Mission Hills Bank, N.A.*, 60 F.3d 1486, 1490 (10th Cir. 1995). The Court did not deny Springer's right to a jury; instead, it determined that no factual issues existed for a jury to decide. Springer is not likely to prevail on appeal on these issues.

*C. Springer has not established any of the other three criteria warranting a stay.*

Springer has not established that he would suffer irreparable injury if the Court did not grant a stay. While real property is unique, at this point, a sale of the property is not impending. The order of sale merely requires Springer (and all other persons) to vacate the property by April 15, 2010. Numerous additional steps must be taken for the United States to actually sell the property, such as publishing notice of the sale for four weeks prior to the auction date, receiving the necessary funds to pay the sale price, and finally obtaining approval of the sale from this Court. (Doc. # 181, p. 2-3). Furthermore, Springer could presumably stave off a sale of the property by paying a cash bond – in the full amount of the judgment, costs of appeal, interest and any damages for the delay – sufficient to protect the United States' interest in the property.[1] *See United States v. Cowan*, 535 F. Supp. 2d 1135, 1148 (D. Haw. 2008); Fed. R. Civ. P. 62(d).

---

[1] Even if Springer were to lose the property, the equities do not weigh heavily in favor of Springer receiving a stay. Springer's situation is of his own making, and any hardship to him is a consequence of his own actions – namely failing to file income tax returns, pursuing frivolous lawsuits against the Government, and generally frustrating the IRS's tax collection efforts.

Springer also has not established the third and fourth criteria for granting a stay, namely that issuance of a stay will not substantially harm other interested persons and the public. The Smiths and Mrs. Moore, the property's mortgagors, continue to not receive their due compensation for their mortgage with Springer. As for the United States, the public has a substantial interest in the prompt and efficient collection of taxes and the resolution of litigation involving enforcement of federal tax liens. The United States, who has been subject to many frivolous lawsuits filed by Springer, will suffer substantial harm if a stay is granted. *See Springer v. I.R.S.*, 231 Fed. Appx. 793, 802 (10th Cir. 2007) (discussing Springer's long history of frivolous lawsuits). A stay places the United States' ability to collect the unpaid taxes at risk because the value of the property could depreciate while an appeal is pending. Springer also has not posted a supersedeas bond to protect the United States during the appeal or to insure the subject property. Fed. R. Civ. P. 62(d); *see also Fed. Prescription Serv., Inc. v. Am. Pharm. Ass'n*, 636 F.2d 755, 760 (D.C.Cir.1980) ("The purpose of the supersedeas bond is to secure the appellee from loss resulting from the stay of execution").

**III. Conclusion**

Springer has not established any of the four criteria warranting a stay of these proceeding pending appeal, nor has he complied with the bond requirements of Fed. R. Civ. P. 62(d). Springer's motion should be denied.

Dated: April 8, 2010.

        Respectfully submitted,

        THOMAS S. WOODWARD
        United States Attorney

        s/ James C. Strong
        JAMES C. STRONG, ID # 7428
        Trial Attorney, Tax Division
        U.S. Department of Justice
        Post Office Box 7238
        Ben Franklin Station
        Washington, D.C. 20044
        Telephone: (202) 514-9953
        Facsimile: (202) 514-6770
        Email: james.c.strong@usdoj.gov

# CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that the foregoing **UNITED STATES' MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION FOR STAY OF FINAL JUDGMENT PENDING APPEAL** was filed with the Clerk of the Court electronically today, **April 8, 2010,** such that a service copy was sent by way of the electronic filing system to all parties who have arranged for electronic service of filings. The foregoing has also been served on the non-CM/ECF participants in this civil action by mailing a true and correct copy thereof by first-class mail, postage prepaid, to the following:

> Ms. Regina M. Carlson, Individually and as Co-Trustee of the S.L.C.A. Family Trust
> 1003 Westland Road
> Sapulpa, OK 74066

>> s/ James C. Strong
>> JAMES C. STRONG, ID # 7428
>> Trial Attorney, Tax Division
>> U.S. Department of Justice
>> Post Office Box 7238
>> Ben Franklin Station
>> Washington, DC 20044