IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA

        Plaintiff,

v.

Lindsey K. Springer, et al.,

        Defendants.

Case No. 08-CV-278-TCK-PJC

SPRINGER'S REPLY TO UNITED STATES' MEMORANDUM IN OPPOSITION
TO SPRINGER'S MOTION FOR STAY OF FINAL JUDGMENT PENDING APPEAL

Lindsey K. Springer and his nominee, SLCA Family Trust ("Springer"), by limited special appearance, and not a general appearance, files his reply to the United States' Memorandum in Opposition to Defendant's Motion for Stay of Final Judgment Pending Appeal.

Bivens Counsel ("Counsel") opens by saying "This Court granted summary judgment in the United States' favor on March 3, 2010...holding that the tax assessments against Springer should be reduced to judgment and that the tax lien encumbering property in Creek County, Oklahoma belonging to Springer should be foreclosed." Opp. at 1

It should be obvious to this Court that the United States has no "tax assessment" or "tax lien" claim without the "internal revenue laws." Counsel uses the phrase "Internal Revenue Service" or "IRS" knowing Springer has taken exception to who in fact and law that name legally means and ignores the issue completely. And for good reason. Counsel knows that there is no statute creating the IRS or "Internal Revenue Service." This Court cannot direct the "IRS" to do anything without acknowledging who the IRS is. The only IRS ever known to exist was established by the Secretary of the Treasury at 26 CFR 601.101(1990-2009). Without any internal revenue district or district

1

director encompassing the State of Oklahoma there is no enforcement authority delegated by the Secretary to any officer or agent whatsoever outside the District of Columbia. In fact, there would be no officer or agent of the IRS otherwise. This Court did not address this issue directly or indirectly in its order of March 3, 2010 or at any time in any order of March 16, 2010.

Counsel has used the phrase IRS fast and loose without one single time citing to this Court in the record how that thing called "IRS" exists in any capacity under the United States in the State of Oklahoma. Who the IRS is to be by law is pivotal to the success or failure of this Court's March 3, 2010 and March 16, 2010 orders.

Whether an assessment exists hinges upon what the meaning of IRS or Internal Revenue Service is and who has the power to act under the name IRS in the State of Oklahoma. Whether a tax lien exists as a matter of law against Springer hinges upon what the meaning of IRS or Internal Revenue Service is and who has the power to act under the name IRS in the State of Oklahoma. Whether Springer's Certificate of Release was revoked by Ms. Norman according to law hinges upon what the meaning of IRS or Internal Revenue Service is and who has the power to act under the name IRS in the State of Oklahoma. Whether Counsel's depiction of this Court's order that a "tax assessment" exists in the record of this case hinges upon what the meaning of IRS or Internal Revenue Service is and who has the power to act under the name IRS in the State of Oklahoma.[1]

As to the 9 issues presented Bivens Counsel ("Counsel") argues in opposition as follows:

A. WITHOUT REVOCATION OF CERTIFICATE OF RELEASE NO JURISDICTION EXISTS.

Counsel argues that this Court "already considered" Springer's devoted "tax protestor" or

---

[1] The last known address issue is equally victory under law for Springer.

"other frivolous arguments" in its order of March 3, 2010 without citing where in any order the Court address this issue. Counsel argues "to restate the United States's arguments, this Court does have jurisdiction to determine whether to reduce to judgment the tax assessments against Springer, the Internal Revenue Service can collect taxes in Oklahoma, and the United States had valid assessments against Springer as reflected on the Certificate of Assessment included as exhibits in the United States' motion for summary judgment." Opp. at 2

In Reply Springer shows this Court how blatantly obvious Counsel has simply ignored federal law. The Amended Complaint alleged this Court had jurisdiction under Title 26:

> 2. This civil action is commenced at the request of, and with the authorization of, the Chief Counsel of the Internal Revenue Service, a delegate of the Secretary of the Treasury, and at the direction of the Attorney General of the United States, pursuant to sections 7401 and 7403 of the Internal Revenue Code of 1986 (26 U.S.C.) ("IRC").
> 3. Jurisdiction over this civil action is conferred upon this Court by virtue of 28 U.S.C. §§ 1340 and 1345, and by IRC § 7402.
> 4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1396 because the defendants reside in this judicial district, and further because the real property which is the subject of this action is located in Creek County, Oklahoma.

Doc. 36, pg. 2

Springer denied paragraph 2 and 3 and presented evidence to this Court that no "delegate of the Secretary of the Treasury" requested any action be commenced against Springer. First, how could the Secretary of the Treasury, with the Secretary of the Treasury having in his office of record a certified lien release on the years 1990 through 1995, with Springer's name on it, request and authorize something be done which he had absolved any interest in?

On July 16, 2008, Springer moved to dismiss this action. On July 29, 2008, Springer moved to amend his Motion to Dismiss and presented a declaration and exhibit of a Certificate of Release by the Secretary of the Treasury dated August 23, 2007. See Doc. 13, pg. 4-7. Counsel even

3

attached these releases as Exhibit 10 and 11 to their purported amended complaint. See Doc. 36, Exhibit 10 and 11.[2] When the United States Amended its complaint on October 10, 2008, it attached the purported "revocation" of those certificate's of release signed by a person named Kim Norman. See Doc. 36, Exhibit 15 and 16.

No one doubts that without the certificate of release being given "revoked" status this Court lacked jurisdiction under Title 26, Section 7401, 7402, or 7403 to reduce any Lien to Judgment as there would be no lien to reduce to judgment. Counsel does not argue otherwise. The question for this Court was then was the revocation of the certificate of release authorized by the Secretary to be issued and in accordance with Title 26 and the Secretary's regulations?

Counsel faced with answering this question waited till their time to oppose expired under local rules of this Court and then ignored it in their needed to be struck opposition.

B. THIS COURT LACKED ANY EVIDENCE IT HAS ANY JURISDICTION UNDER TITLE 26 TO RENDER ANY JUDGMENT IN FAVOR OF THE SECRETARY OF THE TREASURY AS A PARTY WITH STANDING OR CASE OR CONTROVERSY BECAUSE NO INTERNAL REVENUE DISTRICT OR DISTRICT DIRECTOR EXISTS AS A MATTER OF FACT AND LAW.

If Exhibit # 15 and #16 attached to the amended complaint are not authorized by law or in other words issued erroneously then everyone agrees this court lacks jurisdiction over the amended complaint as their would be no lien to reduce to judgment and no tax to enforce collection. "The federal tax lien arises when unpaid taxes are assessed, *United States v. Bell Credit Union,* 860 F.2d at 367, and continues until the resulting liability is either satisfied or becomes unenforceable through lapse of time. 26 U.S.C. § 6322." *U.S. v. Cache Valley Bank*, 866 F.2d 1242, 1244 (10th Cir. 1989)

---

[2]The Court may have eventually mooted Springer's motions by the filing of the Amended Complaint but those documents attached in Springer's first motion to dismiss as amended are attached to the Amended Complaint filed by Counsel.

No one disputes the Certificates of Release were issued by the Secretary and are otherwise genuine. The only dispute was that for some reason the system sent the release to Springer but did not send the release to the County recorder office. Springer identified for this Court that since at least 1999 there have been no district directors or internal revenue districts for administration and enforcement of the internal revenue laws. Springer demonstrated to this Court that no statute created the IRS and that the only case law on the subject identified 26 CFR 601.101 as the origin of the Internal Revenue Service. This provision provides:

> 26 CFR 601.101(a) *General.* "The Internal Revenue Service is a bureau of the Department of the Treasury under the immediate with direction of the Commissioner of Internal Revenue. The Commissioner has general superintendence of the assessment and collection of all taxes imposed by any law providing internal revenue. The Internal Revenue Service is the agency by which these functions are performed. **Within an internal revenue district the internal revenue laws are administered by a district director of internal revenue**." See April 1, 2008 Edition.

The Secretary of the Treasury thus says the Internal Revenue Service is a "bureau" of the Department of the Treasury and only "within an internal revenue district the internal revenue laws are administered by a district director of internal revenue." Counsel mentions "Internal Revenue Service" but as this Court in its Order of March 3, 2010 and again on March 16, 2010, completely ignores the fact government, including this Court, cannot say Internal Revenue Service without also saying district director and internal revenue district at the same time.

Springer cited to *Hughes v. U.S.*, 953 F.2d 531, 536, 542 (9th Cir. 1992) as did this Court on page 25. See Doc. 179. However, this Court and Counsel ignored the Hughes decision related to its holding that "The taxes imposed by the internal revenue laws shall be collected by district directors of internal revenue." 26 C.F.R. § 301.6301-1. District directors in turn are authorized to redelegate the levy power to lower level officials such as collection officers." at 536  Also, the

5

*Hughes* Panel held that Title 4, Section 72 "does not foreclose the exercise of authority by the IRS outside the District of Columbia" only when the President establishes "internal revenue districts for the purpose of administering the internal revenue laws" outside D.C. and pursuant to Title 26 U.S.C. § 7621. *Hughes v. U.S.*, 953 F.2d at 542

There is no doubt the President has never established any internal revenue districts pursuant to Title 26, Section 7621 since this statute was enacted in the 1954 code. Counsel does not oppose or argue otherwise. How could they. These places legally do not exist. Without an "internal revenue district" encompassing the State of Oklahoma Title 4, Section 72 forecloses the exercise of authority outside the District of Columbia. This action was brought outside the District of Columbia and in Oklahoma.

Counsel does not dispute this fact nor does Counsel take exception with Title 4, Section 72 or Title 26, Section 7621. This Court's order of March 3, 2010 is silent on the meaning of IRS or Internal Revenue Service and without finding the existence of any internal revenue district or district director encompassing the State of Oklahoma under Title 26, Section 7621, there is no authority for the office of the Secretary of the Treasury to be "exercised outside the District of Columbia" according to federal law.

Springer cited to Title 26, Section 7701(a)(11) and (12) and pointed out to this Court that Kim Norman never declared she was a delegate of the Secretary of the Treasury under these sections. See Doc. 24 ("I am employed as a Revenue Officer Advisor with Advisory Group Four, Office of Advisory, Insolvency, and Quality (AIQ) of the Small Business/Self-Employed Division of the Internal Revenue Service (IRS). My post of duty is Tulsa, Oklahoma. I have worked for the IRS in various capacities for approximately 17 years.")

Springer also pointed out that Kim Norman was a fake name and that Counsel merely pressured her into using her fake name to mislead this Court and the public in general about the authority to revoke the Secretary of the Treasury's certificate of release of lien dated August 23, 2007, issued and recorded duly in the office of the Secretary.

Kim Norman is not a delegate of the Secretary of the Treasury and Counsel has presented no evidence otherwise. Counsel has not argued Kim Norman as of August, 2008, was affirmed by the Senate as the Secretary of the Treasury.

Without Exhibit # 15 and 16 attached to the amended complaint both the complaint and amended complaint starve this Court of any jurisdiction as there is no lien to reduce to judgment and no authorization or direction or request by the Secretary of the Treasury.

This allegation was false when it was made in the complaint in May, 2008, false on October 10, 2008, and remains false to this day.

Counsel knows this Court's order will not survive on jurisdiction when the absence of internal revenue districts and district directors is considered and found as a matter of law. Without such districts or directors Exhibit # 15 and 16 are invalid as a matter of law.

Springer will prevail on this issue as Counsel utters not a scintilla of opposition to the undisputed fact no internal revenue districts pursuant to Title 26, Section 7621 have ever been established for application and enforcement of the "internal revenue laws."

C. SPRINGER DEMANDS A JURY TRIAL AND NOT A JUDGE OPINION ON EVERY FACT IN DISPUTE

Counsel argues in opposition to this error by saying that there were no facts in dispute. Opp. at 3 Are you kidding. This now brings into question what is a "fact"? Is it a fact question whether

7

Kim Norman was authorized to revoke the Secretary of the Treasury's Certificate of Release recorded in the office of the Secretary? Yes, it is. Is there a factual dispute as to whether Ms. Norman is a delegate of the Secretary of the Treasury? Yes there is. Was Ms. Downs a delegate of the Secretary of the Treasury? Exhibit A of Doc. 34 which is the declaration of Robert D. Metcalfe states that Ms. Downs authorized Mr. Metcalfe to bring the complaint and amended complaint pursuant to Title 26, Section 7401 and 7403. In paragraph 4 of his declaration Metcalfe declares Ms. Downs a delegate of the Secretary of the Treasury. Springer opposed that claim but was not allowed to take Metcalfe's deposition.

There is no doubt Ms. Downs, as "area counsel" is not a delegate of the Secretary of the Treasury. There is no statute creating "area counsel" and no treasury regulation affording such counsel delegate of the Secretary status. Springer pointed out that 26 CFR 301.7701-9 (a)(2008) The term *Secretary or his delegate* means the Secretary of the Treasury, or any officer, employee, or agency of the Treasury Department duly authorized by the Secretary (directly, or indirectly by one or more redelegations of authority) to perform the function mentioned or described in the context, and the term ''or his delegate'' when used in connection with any other official of the United States shall be similarly construed." See Doc. 185 at 13.

Springer also pointed out the Secretary of the Treasury's definition of "District Director" at the time this action was commenced was defined at 26 CFR 301.7701-10(2008) as "The term *district director* means the district director of internal revenue for an internal revenue district. The term also includes the Assistant Commissioner (International)." Counsel takes no exception with this undisputed fact and law issue.

D. THE COURT IS IN ERROR WITH REGARD TO THE LAST KNOWN ADDRESS

8

FINDING OF FACT

The Court's order of March 3, 2010, will never withstand scrutiny at the 10th Circuit on the issue of Springer's last known address. Counsel says not a single word in its out of time unauthorized by rule opposition. When Springer prevails on the last known address was not used to issue any "notice and demand for payment" which is only when any lien could have arisen under anyone's theory, Springer will prevail on whether a lien arose because Counsel's clients chose to use a knowingly wrong address. There must be "notice" and "demand" under Title 26, Section 6303. "Assessment is made by recording the liability of the taxpayer in the office of the Secretary of the Treasury, 26 U.S.C. § 6203, and notice of the assessment and demand for payment generally are required to be made within 60 days of the assessment. 26 U.S.C. § 6303 (a)." Slodov *v.* United States, 436 U.S. 238, 260 (fn.5)(1978)

The District Court's order on this issue is completely erroneous. The notice required for a lien to arise as a matter of law is not a notice of deficiency or a notice of levy or notice of lien. Notice of the Assessment was recorded in the office of the Secretary and demand for payment is what notice means under both 6203 and 6303.

26 CFR 301.6303 (1997) [3]entitled Notice and Demand for Tax says:

> "Where it is not otherwise provided by the Code, the **district director** or the director of the regional service center shall, **after the making of an assessment of a tax pursuant to section 6203, give notice to each person liable for the unpaid tax, stating the amount and demanding payment thereof**. Such notice shall be given as soon as possible and within 60 days. However, the failure to give notice within 60 days does not invalidate the notice. Such notice shall be left at the dwelling or usual place of business of such person, or **shall be sent by mail to such person's last known address**. For further guidance regarding the definition of last known address,

---

[3]Springer points out again this year is the year the alleged lien arose but the regulation remains in force as of 2010.

9

see § 301.6212–2."

Counsel points to no evidence the District Director every mailed anything to Springer's last known address demanding payment because of an assessment made against Springer. If they had

POSTING BOND UNWARRANTED

Counsel has no standing without the revocation of Certificate of Release and there is no dispute that neither internal revenue district encompassing Oklahoma or district director over such district exists as a matter of law. If they did exist Counsel would be directing the Court's attention to such enactment. Equally there is no delegation of authority before this Court presented by Counsel authorizing Ms. Downs or Ms. Norman to direct or take the action they have taken.

Mr. Metcalfe declares Ms. Downs a delegate of the Secretary of the Treasury but provides no support for that erroneous contention. Ms. Norman is not a delegate of the Secretary of the Treasury. Just because someone works for the United States does not make them a delegate of the Secretary of the Treasury. The property sought by the actions of Counsel is fixed property and is not going anywhere. Its currently value is not more important than seeing the Court make certain the laws related to this case and revocation of the Certificate of Release are specifically enforced. Denying a Stay or directing a bond be posted is completely erroneous under these circumstances.

CONCLUSION

Lindsey K. Springer respectfully requests this Court stay its order of sale and enforcement of its order of March 16, 2010 pending the outcome of appeal in 10-5037.

    Respectfully Submitted
    /s/ Lindsey K. Springer
    Lindsey K. Springer
    5147 S. Harvard, # 116
    Tulsa, Oklahoma 74135
    918-748-5539/955-8225(cell)

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Springer's Reply to United States Opposition to Springer's Stay pending Appeal was mailed electronically (ECF) where denoted and by carrier otherwise on April 9, 2010:

By ECF:

Robert D. Metcalfe
James Clive Strong
Allen Mitchell

Otherwise, on April 9, 2010:


Ms. Regina M. Carlson, Individually and
as Co-Trustee of the S.L.C.A. Family Trust
1003 Westland Road
Sapulpa, Oklahoma 74066

                              /s/ Lindsey K. Springer
                              Signature