IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| -vs- | ) |
| | ) |
| (1) LINDSEY K. SPRINGER, Individually | ) |
| and as Co-Trustee of the S.L.C.A. Family | ) Case No. 08-CV-278-TCK-PJC |
| Trust; (2) REGINA M. CARLSON, as | ) |
| Co-Trustee of the S.L.C.A. Family Trust; | ) |
| (3) MARTHA F. MOORE, Individually and | ) |
| as Trustee of the W. T. Moore and Martha F. | ) |
| Moore Revocable Trust dated June 12, 2002; | ) |
| (4) W. T. SMITH; and (5) JANNETH S. SMITH, | ) |
| Defendants. | ) |

MOTION OF MOORE TRUST AND W. T. SMITH AND, JANETH S. SMITH
FOR ATTORNEY FEES AND SUPPORTING BRIEF

INTRODUCTORY STATEMENT

This Court entered Judgment on March 16, 2010, in favor of the plaintiff United States of America and against defendant Lindsey K. Springer for unpaid federal income taxes. (Doc. No. 180, ¶ 1)  This judgment imposed a lien on property which Springer owned in Creek County, Oklahoma. The parties Martha F. Moore, individually and as successor trustee of the W. T. Moore and Martha F. Moore Revocable Trust dated June 12, 2002, and  W. T. Smith and  Janneth S. Smith,  have held a mortgage against the Creek County real property since1994.  Moore and Smith respectfully request that the Court award $35,411.16 to Moore and Smith which amount represents their reasonable attorney's fees and expenses incurred in this litigation and obtaining judgment against Lindsey Springer.  This Motion and Supporting Brief are hereby respectfully presented for a determination of the amount to be awarded. The unpaid mortgage against the real property with interest through August 15, 2010, is calculated to be the sum of $6,368.96.

This Court ordered sale of the mortgaged property held by Springer and his nominee S.L.C.A. Family Trust, through IRS Property Appraisal and Liquidation Specialists. (Doc. No. 181). This Order of Sale provided that sale proceeds would be applied in the following order (Doc. 181, ¶ 7):

> 7.     After the Court confirms the sale, the sale proceeds are to be paid to the Clerk of thei Court and applied to the following items, in the order specified:

> a.     First, to the PALS for the expenses of the sale, including any expenses incurred to secure or maintain the property pending sale and confirmation by the Court;

> b.     Second, to all taxes unpaid and matured, if any, that are owed to Creek County for real property taxes on the property;

> c.     Third, to W. T. Smith and Janeth Smith and Martha F. Moore, individually and as Trustee of the W. T. Moore and Martha F. Moore Revocable Trust dated June 12, 2002;

> d.     Fourth, to the liability of Lindsey K. Springer for federal income tax liabilities for the years 1990 through 1995 plus all accrued interest, penalties, and other additions permitted by law.

> e.     Fifth, any balance remaining after the above payments have been made shall be held by the Clerk until further order of the Court.

Moore and Smith are entitled to recover the balance owing on the mortgage.  Moore and Smith are entitled to recover their attorney fees and costs under the expressed terms of the 1994 mortgage against the Springer property.

## BACKGROUND FACTS

1.     On April 14, 1994, W. T. Moore and Martha F. Moore, husband and wife, (collectively called "Moore") and W. T. Smith and Janneth Smith, husband and wife (collectively called "Smith") conveyed the surface and surface rights only to William D. Greenhaw and Linda F. Greenhaw, husband and wife (hereafter collectively called "Greenhaw).

2.     The deed to Greenhaw conveyed:

The surface and surface rights only in and to the North half (N/2) of the Southeast Quarter (SE/4) of the Northwest Quarter (NW/4) of Section Two, Township 17 North, Range 10 East, Creek County, Oklahoma.

A copy of this deed is attached here as Exhibit 1.

3.    Moore and Smith agreed to carry a mortgage from Greenhaw on the property. Greenhaw executed and delivered a mortgage dated April 15, 1994, to W. T. Moore and Martha F. Moore, husband and wife, and W. T. Smith and Janeth Smith, husband and wife. A copy of the mortgage is attached as Exhibit 2. The mortgage had a specific provision in item (a1) prohibiting sale, assignment, or conveyand of the property without the written consent of Moore and Smith, as follows:

(a1) Mortgagor shall not sell, assign, convey, mortgage, or pledge said property without the prior written approval of mortgagees.

4.    The mortgage further provides that in case of foreclosure, Moore and Smith shall recover their attorney fee and costs, as follows:

Mortgagor hereby confers on Mortgagor the power to sell the real estate discribed herein and the interest of persons therein in the manner provided in the "Oklahoma Power of Sale Mortgage Foreclosure Act", Title 46, Oklahoma Statutes, Sections 43 through 47). The Mortgage, at its option, may either exercise the power of sale or foreclose this Mortgage as provided by law in the event the Mortgagor: (a) defaults in the payment of any indebtedness security hereby; or (b) fails to perform any other covenant or agreement contained herein or in any other indebtedness, obligation or agreement of the Mortgage to the Mortgagee; or (c) sells, conveys, transfers, mortgages, hypothecates, or in any other manner ceases to be the owner of all or any portion or interest of the Mortgaged Property. The Mortgagor does hereby appoint irrevocably the Mortgagee its true and lawful attorney in its name and stead, upon such default, to collect all of said avails, rents, issues and profits arising from or accruing at any time hereafter, and all now due, or that may hereafter become due under each and all of the leases, contracts and agreements, written or verbal, or other tenancy existing or which may hereafter exist on the Mortgaged Property, with the same rights and powers and subject to the same immunities, exonerations of liability and rights of recourse and indemnity as the Mortgagor would have. *As often as any proceedings may be taken to foreclose this Mortgage, the Mortgagor agrees to pay to the Mortgagee a reasonable attorney's fee, in addition to other sums due, which shall be secured hereby.* In the event that Mortgagee exercises the power of sale such reasonable attorney's fee shall be $2,500.00. Upon the due payment of the indebtedness described above, and upon the performance of the other covenants and agreements hereby the Mortgagor, this Mortgage shall become null and void, and discharged of record at the cost of the Mortgagor, which cost Mortgagor agrees to pay. (Emphasis added).

5.    Moore and Smith filed foreclosure action in this case in their cross-claim against Springer. No attempt was made at any time to use the "power of sale" provision in the mortgage.

6.    Springer was allowed to assume the mortgage by Asumption Agreement dated July 1996, copy of which is attached as Exhibit 3. Mr. and Mrs. Greenhaw conveyed their title to S.L.C.A Family

Trust by warranty deed attached as Exhibit 4.   Springer made his last payment to Moore and Smith

on February 11, 2008.  As of his last payment date, Springer owed principal of $4,677.93, plus interest

at the rate of 12% per annum on the unpaid balance.  The balance of principal and interest owing as

of August 15, 2010, is calculated at $6,305.09.  Exhibit 5.

7.      Attached here as Exhibit 6 is the affidavit of Allen Mitchell, who has been attorney

throughout this case for the successful cross-claimants, Martha F. Moore, Individually and as Trustee

of the W. T. Moore and Martha F. Moore Revocable Trust dated June 12, 2002, and W. T. Smith and

Janneth S. Smith.  All of the filings made on behalf of Moore and Smith were necessary to protect and

successfully assert the rights of Moore and Smith in this case.  All attorney fees incurred by Moore and

Smith were for time spent that was necessary to perform legal services related to this litigation.

ARGUMENT

**I.      The attorney fees and expenses incurred by Moore and Smith are recoverable as part of the Mortgage Foreclose Judgment against Springer.**

Springer never filed an answer to the amended complaint of USA; nor did Springer ever

answer the cross-claim of Moore and Smith filed against him.  Springer denied that the mortgage

held by Moore and Smith was in default.  Springer's Opposition To United States' Motion For

Summary Judgment and Moore And Smith's Motion For Summary Judgment, claimed as follows:

> There is no current mortgage owed on any property.  The Mortgage agreement, See Exhibit 19 attached to the Amended Complaint, and the principal balance that remained after that date has been fully satisfied.  At best there is a disputed fact as to how much is owed, if any, based upon the undisputed fact the mortgaged was concluded as of April 15, 2001, with a remaining principal balance owed. (Doc. 164. Page 28).

Springer's claim that "(t)here is no current mortgage owed" was knowingly incorrect, contrary

to fact and law, and blatantly specious.

The representation of Moore and Smith in the case required that Allen Mitchell read all

pleadings filed by the United States and by Springer.  Nominal charges are made for review of

-4-

pleadings determined not to directly involve Moore and Smith. Charges were made for time in communicating with U.S. Attorneys handing the litigation, preparing Moore and Smith for held depositions in Sapulpa and attending those depositions, attending depositions in Tulsa taken by Springer, attending magistrate hearing, and preparing and filing pleadings going to the issues affecting Moore and Smith.

## II. The Amount of Fees Requested is reasonable Under Oklahoma Law.

The reasonableness of attorney fees under Oklahoma law is governed by serveral factors set forth in *State ex rel. Burk v. City of Oklahoma City*,1979 OK 115 ¶ 18, 598 P.2d 659, 663. These factors include:  1) Time and labor required; 2) Novelty and difficulty of the questions; 3) Skill requisite to perform the legal service properly; 4) Preclusion of other employment by the attorney due to acceptance of the case; 5) Customary fee; 6) Whether the fee is fixed or contingent; 7) Time limitations imposed by the client or the circumstances; 8) Amount involved and the results obtained; 9) Experience, reputation and ability of the attorneys;  10) Undesirability' of the case; 11) Nature and length of the professional relationship with the client; and 12) Awards in similar cases."

Other relevant factors are what lawyers of comparable skill and experience practicing in the area would charge for their hourly time and the reasonable value for services performed. *Ramos v. Lamm*, 713 F.2d 546, 555 (10th Cir. 1983); *United Steelworkers of America v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990).

The suit against Springer and his nominee S.L.C.A. Family Trust placed in jeopardy the mortgage interest held by Moore and Smith. When the Government filed its Amended Complaint against Springer, the complaint plead for judgment against Springer and foreclosure and the real property on which Moore and Smith held an unpaid mortgage. Attorney for Moore and Smith could not advise his clients as to whether or to what extent their mortgage interest would be recognized and paid. Moore and Smith directed their attorney to cooperate fully with the U. S. Attorneys in the

Government claim against Springer.  Moore and Smith were advised that all decisions about priority of payments would be made much later in the event the Government prevailed against Springer.

The legal work performed for Moore and Smith in this case was necessary without regard to the amount remaining unpaid on the mortgage against the property.  That is, the legal work of attorney for Moore and Smith necessary to assert and protect their mortgage interest was the same legal work required, whether the unpaid mortgage obligation was $6,000.00 or ten times that amount.

At the beginning of this case, the U.S. Attorney mailed a copy of the original complaint to Moore and Smith with waiver of service of summons included.  Attorney for Moore and Smith quickly contacted U.S. Attorney Robert Metcalf in early June, 2008, by letter to advise Allen Mitchell would represent Moore and Smith and discuss waiver of issuance and service of summons.  Allen Mitchell had telephone conference with U.S. Attorney Metcalf two weeks later to discuss procedures in the litigation and potential liability of Moore and Smith.  Moore and Smith waived issuance and service of summons.  In late July 2008, at the request of U.S.Attorney Metcalf, Allen Mitchell obtained and forwarded certified copies of title and mortgage documents concerning the  property held by Springer and his nominee S.L.C.A. Family Trust.

In early September 2008, Allen Mitchell had conference with IRS Agent Fred Rice.  Documents concerning the Moore and Smith transactions were reviewed and copies furnished.  Request was made to take trial deposition of Moore and Smith in Sapulpa.  Forms were executed for Moore and Smith in September 2008 as a predicate to taking their depositions.  Depositions were scheduled.  Moore and Smith depositions were taken in November 2008.  Springer was noticed for the depositions but did not appear in person or by counsel.

Upon completion of the Moore and Smith depositions, Allen Mitchell filed Entry of Appearance for his clients and filed pleadings and sought relief against Springer, which documents were later redone and accepted by the Court.  By the time Allen Mitchell filed his Entry of Appearance,

-6-

Springer had filed 18 documents with the Clerk of this Court. Each of the filings by Springer and responses by the U. S. Attorney had to be read and determination made whether a response was required from Moore and Smith.

From and after Allen Mitchell entered his appearance as attorney for Moore and Smith, and until the end of the year 2008, Springer had filed 8 additional documents, each of which had to be read and a determination made whether a response was required.

From January 2009, until the hearing before Magistrate Paul J. Cleary, on March 5, 2009, Springer had filed 24 additional documents, each of which had to be read and a determination made whether a response was required. Minimal charges are made by Allen Mitchell for review of the filings by Springer and the responses by U. S. Attorneys which required no response.

Counsel for Moore and Smith worked closely with the U.S. Attorneys as requested and needed. As said above, immediately after this case was filed and notice of the suit was sent to Moore and Smith, counsel contacted U. S. Attorney Metcalf and agreed to file and did file waiver of service of summons.

Requests were later made my U. S. Attorney Metcalf to furnish documents from the personal files of Moore and Smith. The requested documents were furnished. Copies of documents on file with the Creek County Clerk were requested and were obtained by Allen Mitchell and forwarded to U. S. Attorney Metcalf in July and August 2008. A schedule of payments made by Springer was requested and furnished.

Moore and Smith and their attorney facilitated taking  depositions by furnishing completed documents to allow depositions to be taken shortly after the suit was filed. The depositions of Moore and Smith were taken in November 2008 at the office of attorney Allen Mitchell.

Additional depositions of W. T. Smith, Lindsey Springer and Regina Carlson were scheduled and taken in February 2009 at the office of attorney for Moore and Smith. Out of state depositions were taken by Springer in early 2009. After consultation with U. S. Attorney Strong, it was agreed that

presence of an attorney for Moore and Smith was not necessary for out of state depositions.  Allen Mitchell attended one day of depositions of IRS personnel taken by Springer in Tulsa, Oklahoma.

The priority of payments as to the mortgage interest of Moore and Smith was not resolved or known until the Government motion for summary judgment was filed in May 2009.  The Government motion for summary judgment stated that the mortgage of Moore and Smith had priority over the federal tax liens against Springer.  (Document 155, pages 23-24).  The priority of the mortgage claim of Moore and Smith was adopted by the Court.  (Document 179, pages 37-38; and Document 181, page 5).

The amount involved owed to Moore and Smith is less than the attorney fee claimed.  All of the attorney work done in this case was necessary to assert and obtain Court order for payment of the mortgage against the property.  Moore and Smith were awarded summary judgment on their cross-claim against Springer arising from the mortgage interest held.  Moore and Smith were awarded the third level of priority, effective before payment of funds to apply on tax liens owed by Springer.

The payment of the mortgage balance owed awarded to Moore and Smith includes recovery of their attorney fee.  The mortgage against the property clearly shows that:

> * * * As often as any proceedings may be taken to foreclose this Mortgage, the Mortgagor agrees to pay to the Mortgagee a reasonable attorney's fee, in addition to other sums due, which shall be secured hereby. * * *

The multiple and continued filings of Springer and the discovery required caused the attorney fee to become greater than the mortgage balance owed.  This was not the fault of Moore and Smith or their attorney.  Under the circumstances and facts in this case, award of attorney fees incurred should be allowed to Moore and Smith for the successful priority awarded by the Court.

The attorney fee claim submitted contains an unanticipated claim for fees in facilitating closing of the IRS foreclosure sale.  The entries on the attorney fee claim starting on August 19, 2010, page 9,

through August 23, 2010, page 10, request payment for attorney fee incurred in providing case information furnished to attorney Keith Ham of Bristow, Oklahoma. Attorney Ham called and reported that he was examining title for the successful purchaser at foreclosure sale. To close the sale, an insured mortgage loan was necessary. Attorney Ham requested a "transcript" of the Federal Court case before he could advise the lender that the title was clear and necessary title insurance obtained. Allen Mitchell prepared and furnished attorney Ham with a notebook containing the complete court docket and filed copies of relevant pleadings and orders in the case documenting the foreclosure Order against Springer's property. A copy of the index of the documents furnished to attorney Ham is attached as Exhibit 7. The selected documents delivered to attorney Ham comprised 683 pages. Additional documents concerning status of motion to stay judgment enforcement and effect of lack of supersedeas were requested and furnished to attorney Ham by Allen Mitchell.

It is suggested and believed that the attorney fee charges for August 19, 2010, through August 23, 2010, are relevant and necessary for payment of the bid made and completion of the foreclosure sale. Allen Mitchell has no information on whether the sale has been completed. If the sale to the successful bidder at foreclosure sale does close, this work was beneficial to Moore and Smith and to the Government. Allen Mitchell makes disclosure of this unilateral effort which was not disclosed in advance and was made to assist the title examiner. Expenses incurred for providing copies of pleadings is shown under "Expenses" for August 22, 2010.

The attorney fee statement and expenses of Allen Mitchell are attached as Exhibit 8.

## Conclusion

Moore and Smith are entitled to recover the unpaid balance owed on the mortgage plus interest accrued and accruing. The legal services and litigation carried out by attorney for Moore and Smith have benefitted Moore and Smith, and the U. S. Government and the Internal Revenue Service.

Request is made that the Court include in its judgment and the order for disbursement of funds, an award of $34,596.00 for attorney fees incurred by Moore and Smith and $815.01 for costs incurred.

Respectfully submitted

_Allen Mitchell_

Allen Mitchell
PO Box 190
Sapulpa, OK 74067
918-224-5750     918-224-5752 Fax

Attorney for Martha F. Moore, Individually
and as Trustee of the W. T. Moore and
Martha F. Moore Revocable Trust dated
June 12, 2002, and W. T. Smith and Janneth Smith

### Certificate of Service

I certify that on September 8, 2010, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, and I forwarded a true and correct copy by electronic mail to Robert D. Metcalfe at Robert.D.Metcalfe@usdoj.gov and to James.C.Strong@usdoj.gov, who have arranged for such service.

A true and correct copy of the foregoing described document was mailed by U.S. Mails, with postage fully prepaid thereon, to the following:

Lindsey Kent Springer, individually and as
    Co-Trustee of the S.L.C.A. Family Trust
02580-063
FCI - Big Springs
1900 Simler Aveue
Big Springs, TX 79720

Regina M. Carlson, individually and as
    Co-Trustee of the S.L.C.A. Family Trust
1003 Westland Road
Sapulpa, OK 74066

_Allen Mitchell_

Allen Mitchell
PO Box 190
Sapulpa, OK 74067

JOINT TENANCY

# WARRANTY DEED

(INDIVIDUAL FORM)

**94   5313**

STATE OF OKLAHOMA
COUNTY OF CREEK
THIS INSTRUMENT WAS FILED
FOR RECORD ON

2ᵗʰ APR 15 1994

o'clock __ M. and duly recorded in
Book _____ Page 242
BETTY RENTIE, by _____ Deputy

KNOW ALL MEN BY THESE PRESENTS:

That W. T. Moore and Martha F. Moore (h & w) and W. T. Smith and Janeth S. Smith

(h & w) _____ , part ies of the first part,

in consideration of the sum of   ten ($10.00) _____ dollars

and other valuable considerations, in hand paid, the receipt of which is hereby acknowledged, do _____ hereby

grant, bargain, sell and convey unto   William D. Greenhaw and Linda F. Greenhaw (h & w)

RT. 1 Box 144-13  Coweta, Okla. 74429

as joint tenants and not as tenants in common, with the right of survivorship, the whole estate to vest in the

survivor, parties of the second part, the following described real property and premises situate in _____

Creek _____ County, State of Oklahoma, to-wit:

The surface and surface rights only in and to the North half (N½) of the
Southeast Quarter (SE¼) of the Northwest Quarter (NW¼) of Section Two, Township 17
North, Range 10 East, Creek County, Oklahoma

OKLAHOMA Documentary
Tax
Commission       TAX   = 5.00
APR 15 '94

together with all the improvements thereon and the appurtenances thereunto belonging, and warrant the title
to the same.

TO HAVE AND TO HOLD said described premises unto the said parties of the second part, as such joint
tenants, and to the heirs and assigns of the survivor, forever, free, clear and discharged of and from all former
grants, charges, taxes, judgments, mortgages and other liens and incumbances of whatsoever nature.

**EXHIBIT**

**1**

Signed and delivered this   14   day of   April   19 94.

W. T. Moore
_____
W. T. Moore

Martha F. Moore
_____
Martha F. Moore

W. T. Smith
_____
W. T. Smith

Janeth S. Smith
_____
Janeth S. Smith

INDIVIDUAL ACKNOWLEDGMENT—OKLAHOMA FORM

STATE OF Oklahoma _____ , County of Creek _____ , ss.
Before me, a Notary Public in and for said County and State, on this   14   day of   April , 19 94 ,
personally appeared   W.T. Moore, Martha F. Moore,
W.T. Smith & Janeth S. Smith
to me known to be the identical person s who executed the within and foregoing instrument, and acknowledged to me that
they executed the same as their free and voluntary act and deed for the uses and purposes therein set forth.
Given under my hand and seal the day and year last above written.

My commission expires   8-7-95

Jacquetta Dillingham  Notary Public

**242**

94   5312

# REAL ESTATE MORTGAGE WITH POWER OF SALE

(INDIVIDUAL · CORPORATION · PARTNERSHIP)

*KNOW ALL MEN BY THESE PRESENTS that* __William D. Greenhaw and Linda F. Greenhaw (h & w)__

hereinafter called Mortgagor, whether one or more, hereby mortgages to __W. T. Moore and Martha F. Moore, husband and wife,__
and __W. T. Smith and Janeth S. Smith, husband and wife.__

hereinafter called Mortgagee, whether one or more, the following described real estate and premises, situated in __Creek__
County, State of Oklahoma, to-wit:

> The surface and surface rights only and to the North half (N½) of the Southeast
> Quarter (SE¼) of Northwest Quarter (NW¼) of Section Two, Township 17 North,
> Range 10 East, Creek County, Oklahoma

RECEIPT NO. 7188
Mortgage Tax Paid $ 30 00
This 15 day of Apr 1994
BESSA HAMMONTREE, Co. Treas.
*Jean Young* Deputy

STATE OF OKLAHOMA
COUNTY OF CREEK
THIS INSTRUMENT WAS FILED
FOR RECORD ON

**APR 15 1994**

2 o5 o'clock P M, and duly recorded in
Book 338 Page 240-41
BETTY RENTA County Clerk
By ___ Deputy

with all the improvements thereon and appurtenances thereunto belonging (hereinafter referred to as the "Mortgaged Property"). Mortgagor warrants the title to same.

Further, the Mortgagor, as further and additional security to the Mortgagee, does hereby sell, assign and transfer unto the Mortgagee all the rents, issues and profits now due and which may hereafter become due under or by virtue of any lease, whether written or verbal, or any letting of, or of any agreement for the use or occupancy of the Mortgaged Property.

This Mortgage is given to secure the payment and/or performance of all of the following:

(a) Mortgagor's promissory Note or Notes of even date with principal sums, interest and maturity dates as follows together with all renewals thereof:

(a1) Mortgagor shall not sell, assign, convey, mortgage, or pledge said property without the prior written approval of mortgagees.

(a2) Mortgagor shall timely pay the ad valorem taxes due yearly and furnish mortgagees with a receipt showing such payment. Promissory Note dated April 15th, 1994 in the principal amount of $ 30,000.00 at 12.00% interest with a maturity date of April 15th 2001.

(b) All sums advanced or paid by Mortgagee on account of the failure of the Mortgagor to comply with the terms or covenants of this Mortgage or any note, agreement or other document signed by the Mortgagor;

(c) All loans and advances and all renewals of loans which Mortgagee may hereafter make to Mortgagor; and

(d) All other and additional debts, obligations and liabilities of every kind and character of Mortgagor now existing or hereafter arising in favor of Mortgagee, whether direct or indirect, absolute or contingent, or originally payable to Mortgagee or any other person; and any renewals or extensions thereof.

Mortgagor further agrees: (a) to pay the indebtedness and perform the obligations secured hereby as and when such payment or performance becomes due; (b) to pay and discharge all taxes and assessments before the same become delinquent; (c) to keep all improvements insured and under policies which are acceptable to, and for the benefit of, the Mortgagee; (d) to cure all title defects or clouds on or claims against Mortgagor's title which may arise or be discovered; (e) to keep all improvements in good condition and repair and to repair or replace any damage or destroyed improvements; (f) to discharge any levies, liens, attachments, or other claims which may be asserted against the Mortgaged Property. In the event of the failure of the Mortgagor to fulfill the agreements of this paragraph, the Mortgagee may purchase insurance or pay taxes, assessments or other liens, and shall have a lien secured by this Mortgage for the amount thereof with interest thereon at the maximum rate of interest on any indebtedness secured hereby.

Mortgagor hereby confers on Mortgagee the power to sell the real estate described herein and the interests of persons therein in the manner provided in the "Oklahoma Power of Sale Mortgage Foreclosure Act", (Title 46, Oklahoma Statutes, Sections 43 through 47). The Mortgagee, at its option, may either exercise the power of sale or foreclose this Mortgage as provided by law in the event the Mortgagor: (a) defaults in the payment of any indebtedness secured hereby; or (b) fails to perform any other covenant or agreement contained herein or in any other indebtedness, obligation or agreement of the Mortgagor to the Mortgagee; or (c) sells, conveys, transfers, mortgages, hypothecates, or in any other manner ceases to be the owner of all or any portion or interest of the Mortgaged Property. The Mortgagor does hereby appoint irrevocably the Mortgagee its true and lawful attorney in its name and stead, upon such default, to collect all of said avails, rents, issues and profits arising from or accruing at any time hereafter, and all now due, or that may hereafter become due under each and all of the leases, contracts and agreements, written or verbal, or other tenancy existing or which may hereafter exist on the Mortgaged Property, with the same rights and powers and subject to the same immunities, exoneration of liability and rights of recourse and indemnity as the Mortgagor would have. As often as any proceedings may be taken to foreclose this Mortgage, the Mortgagor agrees to pay to the Mortgagee a reasonable attorney's fee, in addition to other sums due, which shall be secured hereby. In the event that this Mortgage exercises the power of sale such reasonable attorney's fee shall be $2,500.00. Upon the due payment of the indebtedness described above, and upon the performance of the other covenants and agreements hereof by the Mortgagor, this Mortgage shall become null and void, and discharged of record at the cost of the Mortgagor, which cost Mortgagor agrees to pay.

The Mortgagor, in the event of foreclosure hereunder, hereby waives appraisement of said premises, or not, at the option of the Mortgagee to be declared when the Petition to Foreclose is filed or when judgment is taken.

**"A POWER OF SALE HAS BEEN GRANTED IN THIS MORTGAGE. A POWER OF SALE MAY ALLOW THE MORTGAGEE TO TAKE THE MORTGAGED PROPERTY AND SELL IT WITHOUT GOING TO COURT IN A FORECLOSURE ACTION UPON DEFAULT BY THE MORTGAGOR UNDER THIS MORTGAGE."**

## SIGNATURE OF MORTGAGOR

Signed and Delivered on this Date:

Date: __April 15, 1994__

*William D. Greenhaw*
William D. Greenhaw
*Linda F. Greenhaw*
Linda F. Greenhaw

240

### Page 1 of 2 Pages

ACKNOWLEDGMENT FOR AN INDIVIDUAL, A CORPORATION AND A PARTNERSHIP (On Reverse Side Hereof)

© Copyright 4/89 American Bank Systems, Inc. (1287)

EXHIBIT 2

## ACKNOWLEDGMENT FOR AN INDIVIDUAL ACTING IN HIS OWN RIGHT

STATE OF OKLAHOMA }
}SS.
COUNTY OF __Creek__

The foregoing instrument was acknowledged before me on this __15th__ day of __April__ , 19 __94__

__William D. Greenhaw and Linda F. Greenhaw__

My Commission Expires: __OTA. 1-2-98__                 _____
                                                        NOTARY PUBLIC

## ACKNOWLEDGMENT FOR A CORPORATION

STATE OF OKLAHOMA }
}SS.
COUNTY OF _____

The foregoing instrument was acknowledged before me on this _____ day of _____, 19 _____

By _____                          _____
      NAME OF OFFICER                                      TITLE

of _____ , a _____ Corporation, on behalf of the Corporation.
      NAME OF CORPORATION          STATE OR PLACE OF INCORPORATION

My Commission Expires: _____                    _____
                                                        NOTARY PUBLIC

## ACKNOWLEDGMENT FOR A PARTNERSHIP

STATE OF OKLAHOMA }
}SS.
COUNTY OF _____

The foregoing instrument was acknowledged before me on this _____ day of _____, 19 _____

By _____ , Partner (or Agent), on behalf of _____ , a partnership.
      NAME OF ACKNOWLEDGING PARTNER OR AGENT                    NAME OF PARTNERSHIP

My Commission Expires: _____                    _____
                                                        NOTARY PUBLIC

**Page 2 of 2 Pages**

**241**

## ASSUMPTION AGREEMENT

THIS AGREEMENT, made this the 29 day of July, 1996, by, between and among, **W.T. MOORE AND MARTHA F. MOORE, HUSBAND AND WIFE, AND W.T. SMITH AND JANETH S. SMITH, HUSBAND AND WIFE** (hereinafter called "Mortgagee"), **WILLIAM D. GREENHAW AND LINDA F. GREENHAW, HUSBAND AND WIFE** (hereinafter called "Mortgagor"), and **THE S.L.C.A. FAMILY TRUST DATED MARCH 18, 1994,** (hereinafter called "Grantee"), with respect to the following:

A. Mortgagor is indebted to Mortgagee under a certain Promissory Note dated the 15th day of April, 1994, in the stated principal face amount of Thirty thousand Dollars and 00/100 ($30,000.00) (hereinafter called "Note"), which Note is secured by a Real Estate mortgage dated the 15th day of April, 1994, filed in Book 322 at Pages 240-41 of the records of Creek County, Oklahoma (hereinafter called the "Mortgage").

B. Mortgagor has sold, transferred and conveyed to Grantee all the following described real property:

> The North Half (N/2) of the Southeast Quarter (SE/4) of the Northwest Quarter (NW/4) of Section 2, Township 17 North, Range 10 East, of Creek County, State of Oklahoma.

EXHIBIT

3

and all buildings and improvements located thereon.

C. Grantee is willing to assume the payment of the mortgaged indebtedness due and owing from Mortgagor to Mortgagee and assume all obligations past, present or future, arising out of or by reason of the Mortgage, pursuant to the terms of a certain Real Estate Purchase Agreement dated the 14th day of June, 1996, between Mortgagor and Grantee.

D. Mortgagee does hereby expressly agree to release and discharge the Mortgagor from any and all liability arising under the terms and conditions of Note and Mortgage. Mortgagor is to forever be held harmless of the terms and conditions of the Note and Mortgage upon the execution of this assumption agreement.

## W I T N E S S E T H:

NOW, THEREFORE, in consideration of the premises and the mutual agreements herein contained, and upon the express condition that the liens of the aforesaid Mortgage held by Mortgagee are valid, first and subsisting liens on the real estate, improvements, fixtures and personal property now existing or hereafter created or acquired and that the execution of this Agreement will not impair such liens, it is hereby agreed as follows:

1. The "WHEREAS" clauses of this Agreement which are, by

1

reference, incorporated into and made a part of the body of this Agreement as if set out in full, shall be deemed and held to be contractual in nature and not mere recitals.

2. Grantee hereby covenants, promises and agrees (a) to pay the Note at the times, and in the manner in all respects as therein provided, as same may be modified or amended from time to time, (b) to perform each and all of the covenants, agreements and obligations of the Note, the Mortgage and the other Loan Documents to be performed by the Mortgagor therein, at the time, and in the manner in all respects as therein provided, as same may be modified or amended from time to time, and (c) to indemnity, save and hold Mortgagor harmless from any in personam liability arising by a foreclosure of the Mortgage or other Loan Documents now held by Mortgagee.

3. All the real property described in the Mortgage shall remain in all respects subject to the lien, charge or encumbrance of the Mortgage and other Loan Documents, and nothing herein contained and nothing done pursuant hereto, shall affect or be construed to affect the lien, charge or encumbrance of, or warranty of title in, or conveyance affected by the Mortgage, or the priority thereof over other liens, charges, encumbrances or conveyances, nor shall anything herein contained or done in pursuance hereof affect or be construed to affect any other security or instrument held by Mortgagee as security for or evidence of the other indebtedness owed Mortgagee by Mortgagor.

4. Grantee waives any and all rights, claims or setoffs, if any, against Mortgagee, its successors and assigns, arising out of or by reason of the Note, the Mortgage and the other Loan Documents described herein.

5. Notwithstanding anything herein to the contrary, this Agreement shall not affect or impair any representation in regard to and/or warranty of title heretofore made by Mortgagor, all of which shall remain in force and inure to the benefit of Mortgagee and any insurer of the title to said property or the lien of the Mortgage thereon.

6. All of the grants, covenants, terms, conditions and agreements hereof shall be binding upon and inure to the benefit of all of the heirs, executors, administrators, assigns and successors in interest of the parties hereto.

7. Neither this Agreement nor any provision hereof may be changed, altered, waived, amended, discharged or terminated orally, but only by an instrument reduced to writing, signed by all parties hereto.

EXECUTED this the _29th_ day of _July_____, 1996.

MORTGAGOR:   _William Dexter Greenhaw_
             ———————————————————————————
             WILLIAM DEXTER GREENHAW

             _Linda Greenhaw_
             ———————————————————————————
             LINDA GREENHAW

GRANTEE:     _Lindsey K. Springer TTEE_
             ———————————————————————————
             LINDSEY K. SPRINGER, CO-TRUSTEE OF THE
             S.L.C.A. FAMILY TRUST

             _Regina M Springer TTEE_
             ———————————————————————————
             REGINA M. SPRINGER, CO-TRUSTEE OF THE
             S.L.C.A. FAMILY TRUST

MORTGAGEE:   _W. T. Moore_
             ———————————————————————————
             W.T. MOORE

             _Martha F. Moore_
             ———————————————————————————
             MARTHA F. MOORE

             _W. E. Smith_
             ———————————————————————————
             W.E. SMITH

             _Janeth S. Smith_
             ———————————————————————————
             JANETH S. SMITH

STATE OF OKLAHOMA      )
                       )  ss
COUNTY OF TULSA        )

Before me the undersigned notary public, in and for said
County and State on the _30_ day of _July_____, 1996, personally
appeared, William Dexter Greenhaw and Linda Greenhaw, husband and
wife, known to me to be the identical persons who executed the
within and foregoing Assumption Agreement as their free and
voluntary act for the purposes set forth herein.

Given under my hand and seal this the _30_ day of _July_____,
1996.

             _Brenda Bain_
             ———————————————————————————
             Notary Public

My Commission Expires: _7-23-97_

3

STATE OF OKLAHOMA )
) ss
COUNTY OF TULSA )

Before me the undersigned notary public, in and for said County and State on the _30_ day of _July_, 1996, personally appeared, Lindsey K. Springer and Regina M Springer, Co-Trustees of the S.L.C.A. Family Trust, known to me to be the identical persons who executed the within and foregoing Assumption Agreement as their free and voluntary act for the purposes set forth herein.

Given under my hand and seal this the _30_ day of _July_, 1996.

_Brenda Bain_
Notary Public

My Commission Expires: _7-23-97_

STATE OF OKLAHOMA )
) ss
COUNTY OF TULSA )

Before me the undersigned notary public, in and for said County and State on the _29_ day of _July_, 1996, personally appeared, W.T. Moore and Martha F. Moore, husband and wife, known to me to be the identical persons who executed the within and foregoing Assumption Agreement as their free and voluntary act for the purposes set forth herein.

Given under my hand and seal this the _29_ day of _July_, 1996.

_Timothy B. Alay_
Notary Public

My Commission Expires: _5/31/97_

STATE OF OKLAHOMA )
) ss
COUNTY OF TULSA )

Before me the undersigned notary public, in and for said County and State on the _29_ day of _July_, 1996, personally appeared, W.T. Smith and Janeth S. Smith, husband and wife, known to me to be the identical persons who executed the within and foregoing Assumption Agreement as their free and voluntary act for the purposes set forth herein.

Given under my hand and seal this the _29_ day of _July_, 1996.

_Timothy B. Alay_
Notary Public

My Commission Expires: _5/31/97_
greenhaw.asm

4

Doc. Stamps: $ 102.75                    (For Filing Only)

Property:  P. O. Box 1166, Kellyville, OK  74039

96  9758

# General Warranty Deed
### (Oklahoma Statutory Form)

STATE OF OKLAHOMA
COUNTY OF CREEK
THIS INSTRUMENT WAS FILED
FOR RECORD ON

THIS INDENTURE, Made this __30th__ day of __July__ , 19 96

between __WILLIAM D. GREENHAW and LINDA F. GREENHAW, husband and__

__wife__

2⁴⁵  AUG - 8 1996

Book _____ Page _____

BETTY RENEE County Clerk

By _____ Deputy

of ____Creek____ County, in the State of Oklahoma, part __ies__ of the first part, hereinafter
called party grantor (whether one or more)
and __S.L.C.A. FAMILY TRUST DATED 3/18/94__ _____ party of the second part, party grantee,

WITNESSETH: That in consideration of the sum of ___Ten and No/100-----------------------------

-------------------------------------- ( $10.00) _____ DOLLARS,

receipt of which is hereby acknowledged, said party grantor does, by these presents, grant, bargain, sell and convey unto said
party grantee, ____their____ heirs and assigns, all of the following described real estate, situated in the
County of ____Creek____ State of Oklahoma, to-wit:

The North Half (N/2) of the Southeast Quarter (SE/4) of the Northwest Quarter
(NW/4) of Section 2, Township 17 North, Range 10 East, of Creek County, State
of Oklahoma, according to the United States Government Survey thereof.

** All funds denominated in "US" obligations.

* A certain first mortgage executed to W.T.Moore & Martha F. Moore, husband and wife,
   and W.T. Smith & Janeth S. Smith, husband and wife in the principal amount of
   $30,000.00, dated April 15, 1994, filed April 15, 1994, recorded in Book 322 at
   page 240 of the Creek County Land Records, which parties of the second part hereby
   agree to assume and pay the balance.

TO HAVE AND TO HOLD THE SAME, together with all and singular the tenements, hereditaments and appurtenances
thereto belonging or in any wise appertaining forever.

And said party grantor ___parties of the first part, their___
heirs, executors and administrators does hereby covenant, promise and agree to and with said party grantee, at the delivery of these
presents that ___they are___ lawfully seized in ___their___ own right of an absolute and indefeasible estate of
inheritance in fee simple, of and in all and singular the above granted and described premises, with the appurtenances, that the
same are free, clear, and discharged and unencumbered of and from all former and other grants, titles, charges, estates, judgments,
taxes, assessments and encumbrances, of whatsoever nature and kind, EXCEPT: Easements and building restrictions of record
and special assessments not yet due;  EXCEPT *

setback lines, zoning ordinances, and outstanding minerals, if any, of record

and that party grantor will WARRANT AND FOREVER DEFEND the same unto the said party grantee, ___their___
heirs and assigns, against said party grantor, ___their___ heirs or assigns and all and every person or persons whomsoever
lawfully claiming or to claim the same.

IN WITNESS WHEREOF, the said party grantor, ha __ve__ hereunto set ___their___ hand _S_ the day and
year above written.

_William D. Greenhaw_
William D. Greenhaw

_Linda F. Greenhaw_
Linda F. Greenhaw

OKLAHOMA Tax
COMMISSION
Documentary
TAX
AUG-8'96
P.B. 11331
1 0 2.75

EXHIBIT
4
_____

STATE OF OKLAHOMA      )
                                         ) ss.
County of Tulsa           )

Before me, the undersigned, a Notary Public, in and for said County and State, on this 30th day of July , 19 96,
personally appeared WILLIAM D. GREENHAW and LINDA F. GREENHAW, husband and wife

to me known to be the identical person _S_ who executed the within and foregoing instrument, and acknowledged to me that they executed the
same as __their__ free and voluntary act and deed for the uses and purposes therein set forth.

IN WITNESS WHEREOF, I have hereunto set my official signature and affixed my notarial seal the day and year last above written.     1517

My commission expires: 7-23-97

_Linda Sain_
Notary Public

Balance owed by Lindsey K. Springer and S.L.C.A. Family Trust
to Smith and Moore, Calculated to September 15, 2010
(Calculated at 1.0% per month, mortgage calling for 12.0% interest on unpaid balance)

| Date | Balance owing | Interest on Balance Owing | Total Owing |
|------|---------------|---------------------------|-------------|
| 2-15-08 | 4,677.93 | -0- | 4,677.93 |
| 3-15-08 | 4,677.93 | 46.78 | 4,724.71 |
| 4-15-08 | 4,724.71 | 47.25 | 4,771.96 |
| 5-15-08 | 4,771.96 | 47.72 | 4,819.68 |
| 6-15-08 | 4,819.68 | 48.20 | 4,867.88 |
| 7-18-08 | 4,867.88 | 48.68 | 4,916.56 |
| 8-15-08 | 4,916.56 | 49.17 | 4,965.73 |
| 9-15-08 | 4,965.73 | 49.66 | 5,015.39 |
| 10-15-08 | 5,015.39 | 50.15 | 5,065.54 |
| 11-15-08 | 5,065.54 | 50.66 | 5,116.20 |
| 12-15-08 | 5,116.20 | 51.16 | 5,167.36 |
| 1-15-09 | 5,167.36 | 51.67 | 5,219.03 |
| 2-15-09 | 5,219.03 | 52.19 | 5,271.22 |
| 3-15-09 | 5,271.22 | 52.71 | 5,323.93 |
| 4-15-09 | 5,323.93 | 53.24 | 5,377.17 |
| 5-15-09 | 5,377.17 | 53.77 | 5,430.94 |
| 6-15-09 | 5,430.94 | 54.31 | 5,485.25 |
| 7-15-09 | 5,485.25 | 54.82 | 5,540.07 |
| 8-15-09 | 5,540.07 | 55.40 | 5,595.47 |
| 9-15-09 | 5,595.47 | 55.95 | 5,651.42 |
| 10-15-09 | 5,651.42 | 56.51 | 5,707.93 |
| 11-15-09 | 5,707.93 | 57.07 | 5,765.00 |
| 12-15-09 | 5,765.00 | 57.65 | 5,822.65 |
| 1-15-10 | 5,822.65 | 58.23 | 5,880.88 |
| 2-15-10 | 5,880.88 | 58.81 | 5,939.65 |
| 3-15-10 | 5,939.69 | 59.40 | 5,999.09 |
| 4-15-10 | 5,999.09 | 59.99 | 6,059.08 |
| 5-15-10 | 6,059.08 | 60.59 | 6,119.67 |
| 6-15-10 | 6,119.67 | 61.20 | 6,180.87 |
| 7-15-10 | 6,180.87 | 61.81 | 6,242.68 |
| 8-15-10 | 6,242.68 | 62.41 | 6,305.09 |
| 9-15-10 | 6,305.90 | 63.06 | 6,368.96 |

EXHIBIT 5

PENGAD 800-631-6989

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,                    )
                                    Plaintiff,  )
-vs-                                          )
                                              )
(1) LINDSEY K. SPRINGER, Individually         )
and as Co-Trustee of the S.L.C.A. Family      )   Case No. 08-CV-278-TCK-PJC
Trust; (2) REGINA M. CARLSON, as              )
Co-Trustee of the S.L.C.A. Family Trust;      )
(3) MARTHA F. MOORE, Individually and         )
as Trustee of the W. T. Moore and Martha F.   )
Moore Revocable Trust dated June 12, 2002;    )
(4) W. T. SMITH; and (5) JANNETH S. SMITH,    )
                                    Defendants. )

EXHIBIT
6

AFFIDAVIT OF ALLEN MITCHELL IN SUPPORT OF
MARTHA F. MOORE, INDIVIDUALLY AND AS TRUSTEE OF THE
W. T. MOORE AND MARTHA F. MOORE REVOCABLE TRUST
DATED JUNE 12, 2002, AND W. T. SMITH AND JANNETH S. SMITH
IN SUPPORT OF MOTION AND SUPPORTING BRIEF FOR ATTORNEY'S FEES

STATE OF OKLAHOMA    )
                     ) ss.
COUNTY OF CREEK      )

I, Allen Mitchell, after first being duly sworn, hereby depose and state:

1.    I am a lawyer having my office in Sapulpa, Creek County, Oklahoma. I have practices law

in Creek County, Tulsa County, and other counties in the State of Oklahoma, since my admission to

the Oklahoma Bar in September 1968.

2.    I have been the attorney for Martha F. Moore individually and as Trustee of the W. T.

Moore and Martha F. Moore Revocable Trust and for W. T. Smith and Janneth S. Smith, throughout

all proceedings in this case. I have served as attorney for Moore and Smith since the early 1990's. I

supervised the preparation of the mortgage assumption agreement by which Springer assumed the

mortgage and received title to real property which is a subject of the litigation in this case.

3.    The statements contained in the Motion and Supporting Brief for attorney fees of are true

and correct to best of my knowledge and belief.

4.    The hourly rate for services rendered by Allen Mitchell in this litigation as attorney for Moore and Smith are the usual and customary rates charged by for the kind and type of services performed in this case. The rate of $180 per hour charged to Moore and Smith for the legal services of Allen Mitchell in this case, are the usual and customary rates charged by Allen Mitchell and other attorneys with similar experience, competence and reputation in Creek County and Tulsa County.

5.    The hourly rate of Allen Mitchell for services in litigations cases as of July 1, 2009, was increased to $200.00 per hour. All attorney fee charges are submitted in this case are at the previous rate of $180.00 per hour. The hourly rate of $180.00 per hour is a usual and customary rate charged by Allen Mitchell and other attorneys with similar experience, competence and reputation in Creek County and Tulsa County.

6.    The time spent in asserting the rights of Moore and Smith were from June 11, 2008, to the present time. Allen Mitchell believes that this case is now concluded. No additional attorney fee charges will be billed to Moore and Smith unless additional legal work is required to protect or preserve the legal interests of Moore and Smith.

7.    All of the hours expended by Allen Mitchell were reasonable and necessary to accomplish the legal work performed.

8.    Fees incurred by Moore and Smith relating to services in this case, through September 2, 2010, total $34,596.00, and costs incurred of $815.01.

Further Affiant Say Not.

_Allen Mitchell_
Allen Mitchell

Subscribed and sworn to before me this September ⅂, 2010.

12-11-2012
My Commission Expires

Notary Public     No. 08012336

### USA v. Springer et al. – Short Description of relevant documents

1 – District Court listing of parties and attorneys AND copy of Court docket filings from inception on May 9, 2008 to August 21, 2010. Documents included hi-lighted with yellow marker.

2 – Waiver of service of summons and entry of appearance for Smith and Moore. **Doc 30 & 31**

3 – Amended complaint of USA – this is the base document in the case. **Doc 36**

4 – Answer of Smith and Moore. **Doc 91**

5 – Counterclaim of Smith and Moore. **Doc 92**

6 – Cross-claim of Smith and Moore. **Doc 93**

7 – Order on discovery and deadline for dispositive motions. **Doc 148**

8 – Smith and Moore Motion for summary judgment. **Doc 153**



9 – USA motion for summary judgment. **Doc 154**

10 – USA memorandum in support of motion for summary judgment. **Doc 155**

11 – USA declaration of IRS attorney Ann L. Darnold in support of summary judgment. **Doc 156**

12 – USA declaration of IRS agent Frederick Rice in support of summary judgment. **Doc 157**

13 – USA declaration of attorney James Strong in support of summary judgment. **Doc 158**

14 – USA exhibits in support of summary judgment. **Doc 159**

15 – Smith and Moore memorandum in support of summary judgment. **Doc 160**

16 – Springer motion for summary judgment. **Doc 161**

17 – Springer memorandum of support of summary judgment. **Doc 162**

18 – USA memorandum opposing Springer motion for summary judgment. **Doc 163**

19 – Springer opposition to motion for summary judgment of USA and Smith & Moore. **Doc 164**

20 – Springer reply to USA motion for summary judgment. **Doc 165**

21 – USA reply brief in summprof of motion for summary judgment. **Doc 166**

22 – USA motion to extend trial deadlines. **Doc 167**

23 – Springer notice of scribner's error. **Doc 168**

24 – Smith and Moore reply to response of Springer. **Doc 169**

25 – Court opinion and order. **Doc 179**

26 – Judgment. **Doc 180**

27 – Order for sale. **Doc 181**

28 – Springer Notice of Appeal. **Doc 182**

29 – Springer motion and brief for stay pending appeal. **Doc 185**

30 – USA memorandum in opposition for stay pending appeal. **Doc 187**

31 – Springer reply to USA memorandum opposing stay pending appeal. **Doc 188**

32 – Order denying stay pending appeal. **Doc 189**

33 – Springer current contact information. **Doc 193**

34 – 10th Circuit Court of Appeals Docket, and Order denying stay. The Docket shows that Smith and Moore are "Not Party", Springer being the Appellant and USA the Appellee. **Doc 34**

**NOTE:** (1) When Springer filed an appeal, I determined some appeal issues were raised as to Smith and Moore. The 10th Circuit briefing notice of 7-23-2010, (Ex. 34) specified that the USA brief was due 8-23-2010, with no mention of briefing required of Smith and Moore. I called and spoke to a 10th Circuit court clerk to specifically ask about Smith and Moore briefing. The response was no briefing had been ordered as to Smith and Moore, since they are "Not Party".

 Springer filed 10th Circuit motion to stay, 4-12-1020. This was denied was 4-14-2010, copy enclosed with Exhibit 34. His application for stay is 266 pages and is not provided here.

 I also received an application to Stay Judgment And Order Of Sale Pending Appeal, filed with the U.S. Supreme Court sent 4-14-2010, addressed to Justice Sonia Sotomayor. I not received any notice from the Supreme Court.

 My research on Federal Procedure indicates that Federal orders of sale are to be carried out during an appeal unless a court determines that relief on appeal is likely to be granted or supercedeas is posted, which as I recall, is the same as in state court.

 If you need to examine any other documents or have questions, please call. Allen Mitchel 224-5750

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA, )
                              Plaintiff, )
-vs- )
 )
(1) LINDSEY K. SPRINGER, Individually )
and as Co-Trustee of the S.L.C.A. Family )  Case No. 08-CV-278-TCK-PJC
Trust; (2) REGINA M. CARLSON, as )
Co-Trustee of the S.L.C.A. Family Trust; )
(3) MARTHA F. MOORE, Individually and )
as Trustee of the W. T. Moore and Martha F. )
Moore Revocable Trust dated June 12, 2002; )
(4) W. T. SMITH; and (5) JANNETH S. SMITH, )
 )
                        Defendants. )

**The surface and the surface rights only in and to the North Half of the
Southeast Quarter of the Northwest Quarter (N/2 SE/4 NW/4) of Section 2,
Township 17 North, Range 10 East, Creek County, Oklahoma.**

Presentation of excerpts from the Federal Court
proceedings in the above case for the above described property
from case inception to August 21, 2010.

Allen Mitchell, OBA #6264
PO Box 190, Sapulpa, OK 74067
918-224-5750     918-224-5752 Fax

**ALLEN MITCHELL**
Attorney at Law

**918-224-5750**

P.O. Box 190
Sapulpa, Oklahoma 74067
FAX 918-224-5752

August 27, 2010

Keith Ham, Attorney
Bristow, OK

By Fax to Keith

Re: USA v. Springer et al., Northern Districk Okla
08-CV-278

Dear Keith:

Provided is additional information on proceedings in the above case.  Additional documents and information as follows.

1)  Copy of summons to Lindsey Springer, individually and as SLCA trustee, showing personal service on August 7, 2008.  The subpoena is Document 3, the return of service is Document 28

2)  Copy of summons to Regina M. Carlson, individually and as SLCA trustee, showing service on July 24, 2008.  The subpoena is Document 3, the return of service is Document 29.

3)  Springer filed a motion to dismiss (3 pages) on July 16, (before any subpoenas served) which motion is Document 10.  This motion to dismiss is couched as a special appearance.

4)  Springer also filed as Document 11, a brief in support of his of his Document 10 motion to dismiss.  I have not copied that document from the court file.  If needed, let me know and I will so do.

5)  On August 1, 2008, Springer was allowed to amend is his Document 11 brief in support, by Document 13.

Then:   Springer Doc17, motion of Springer for sanctions.
Springer Doc18, Springer declaration (a Federal Court sworn statement)
Springer reply to USA response to Doc 10.
USA Doc 36, amended complaint
Springer Doc 43, motion for additional time to answer or respond to amended complaint.

**Page 3 of 4Pages**

USA v. Springer, etc., Continued:

> Springer Doc 46, response concerning status report
> Springer Doc 47, objection to USA motion for discovery
> Springer Docs 51 and 52, reply to USA response, ruled as surreply by clerk requiring leave of court.
> Springer Docs 53 through 59, various responses and replies.
> **Review This Document**:   Court order Document 60.  Provides some history.  Springer allowed to November 28 to answer or otherwise plead to the USA Amended Complaint.
> Starting with Doc 61, Mitchell enters on behalf of Moore & Smith and eventually gets answer, counterclaim and cross-claim filed.
> Springer Doc 64, motion to dismiss USA amended complaint.
> Springer Doc 78, Reply to USA by Springer as to USA amended petition.
> Court Doc 88, allows Moore & Smith filing of answer, counterclaim,cross-claim.
> Moore & Smith Docs 91, 92, 93, answer etc. filed
> Springer Doc 120, motion to strike cross-claim
> Springer Doc 121, motion to dismiss for lack of jurisdiction, etc.
> Moore & Smith response to Doc 121
> Court Doc 179 Springer Springer Doc 121 denied, summary judgment granted to USA and Moore and Smith.
> Springer Doc 182,  Notice of appeal.
> Springer Doc 185 motion to stay pending appel
> Court Doc 189 stay pending appeal denied

> Order of 10th Circuit denying Springer stay pending appeal previously furnished.
> As of August 25, 2010, no

Springer never filed an answer or other substantive pleading in the case.  His effort was devoted to multiple motions to dismiss and objections.  Springer did file motion for summary judgment, which was denied by Doc 179 as were other pending Springer filings.

Included are:   Except from Wright & Miller federal practice treatise, which states that appeal in federal procedure provides for stay upon posting appropriate bond or supercedeas, with the wry observation, on pages 524 & 525, to if the losing party post no bond but wins on appeal, that party assumes the risk of getting back his money.

An appeal bond can be posted according to the State in whch the federal court granted judgment. There is not showing of any bond or supercedeas in this case. Title 12 O.S. provisions in §§ 990.2 through 990.4, provide for 10 days after final judgment, after which execution of the judgment can proceed.

Please call if any questions.          *Allen Mitchell*

224-5750     224-5752   fax

**Page 4 of 4 Pages**

**ALLEN MITCHELL**
Attorney at Law
918-224-5750



P.O. Box 190 - 111 East Dewey
Sapulpa, Oklahoma 74067
FAX 918-224-5752

Time and Billing Records for:
United States of America vs. Springer & Smith
Case 08-CV278-TCK-PJC, Northern District of Oklahoma

| DATE | DESCRIPTION | TIME | CHARGE |
|------|-------------|------|--------|
| 6-11-2008 | Review packet of lawsuit materials received by Smith and Moore in above case, as to Moore family and Smith family being named ad defendants. **[0.8]** Conference with clients to review sale of real property to Greenhaw and later assumption by Springer-SLCA Trust. Clients to furnish additional documents from their records **[1.1]** Set up file, review waiver of service forms. **[0.5]** Review my files and locate some records on the assumption agreement for Springer-SLCA to assume mortgage. **[0.4]** | 2.8 | 504.00 |
| 6-12-2008 | Letter to U.S. Ass't Attorney Robert Metcalf to advise of representation and execution of waivers of issuance of summons. **[0.8]** | 0.8 | 144.00 |
| 6-25-2008 | Call with Attorney Robert Metcalf to discuss reason for the suit and potential liability, if any, of Moore and Smith. Issue is whether any property interest of SCLA Family Trust is liable for obligations of Springer. **[0.8]** | 0.8 | 144.00 |
| 7-22-2008 | Call from Attorney Metcalf -- government needs the waivers returned to proceed in the case. Advise that mailed early July 2008, but waivers not in government file. U.S. Attorney may need to come to Oklahoma and take deposition testimony from Moore and Smith. Confirm depositions can be taken in my office if helpful. **[0.6]** | 0.6 | 108.00 |
| 7-31-2008 | Receive another set of waivers from Metcalf. Contact clients to come in and sign new set of of waivers. **[0.2]** Sign and assemble waivers and documents in case to mail to Metcalf in Washington, D.C. **[0.5]** Letter to Attorney Metcalf on case and positions of Moore and Smith. **[1.1]** Obtain from Creek County Clerk certified copies of mortgages in favor of Moore and Smith and death certificate of W. T. Moore. Mail to Metcalf. **[1.2]** | 3.0 | 540.00 |
| 8-21-2008 | Call from Attorney Metcalf that documents have not been received in his office. Locate and reassemble documents and fax directly to Attorney Metcalf. **[0.8]** | 0.8 | 144.00 |
| 8-28-2008 | Letter to clients on Government interest in Springer and need for all documents and schedule of payments. **[0.5]** | 0.5 | 90.00 |
| | *Page Total* | 9.3 | 1,674.00 |

| DATE | DESCRIPTION | TIME | CHARGE |
|---|---|---|---|
| 9-1-2008 | Letter to US Court Clerk in Tulsa to establish account for this case to do file pleadings and receive electronic notices from the Court as required by Federal Rules. [0.4] | 0.4 | 72.00 |
| 9-2-2008 | Conference in Sapulpa with Fred Rice, IRS Agent.  Discuss status of case against Springer.  Review and copy documents needed for US Attorney to proceed with action against Springer.  Telephone call to US Attorney by Rice; discuss with US Attorney on need to take depositions of Moore and Smiths to preserve testimony.  US Attorney to send statement of information needed.  Invite Rice to return as information needed. [2.4] | 2.4 | 432.00 |
| 9-3-2008 | Review fax from US Attorney with draft form of document need to get Federal Court permission to take testimony. [0.4] | 0.4 | 72.00 |
| 9-3-2008 | Review materials from Smith and Moore.  Identify documents required. [0.8]  Go to Creek County Clerk, pull documents needed, get certified copies of deeds and mortgages on SLCA and Springer. [1.0]  Review record of payments on mortgage made by Springer. [0.5]  Letter to Attorney Metcalf with records. [0.8] | 3.1 | 558.000 |
| 9-5-2008 | Letter to Moore and to Smiths on litigation, time for litigation, and need for information to take trial depositions and try to avoid requirement for personal appearance at trial due to health reasons. [1.2] | 1.2 | 216.00 |
| 9-8-2008 | Call to Martha Moore and call to Dub Smith to get information to complete form to allow trial depositions. [0.6] | 0.6 | 108.00 |
| 9-9-2008 | Letter to US Attorney with information requested to file for Court order allowing taking of testimony.  Fax letter to his Washington, D. C., office. [1.2] | 1.2 | 216.00 |
| 9-11-2008 | Fed-Ex package from US Attorney with Declaration needed to seek Court permission to take testimony.  Review, sign and send back with Fed-Ex envelope provided. [0.6] Letter to Clients with copy of Declaration which will be filed in Court and death certificate for W. T. Moore. [0.9] | 1.5 | 270.00 |
| 10-24-2008 | Call from US Attorney on depositions dates. [0.4[   Letter to Moore and Smiths on depositions and probably scheduling of depositions in second or third week in November.  Information on what to expect at deposition setting. [1.4] | 1.8 | 324.00 |
| 10-27-2008 | Letter to Attorneys Metcalf and James Strong on deposition schedule to take testimony from Smith and Moore. [0.6]  Letter to Smith and Moore on likely deposition times, for November 20 and 21.   Make and Include copy of amended complaint to clients. [0.2] | 0.8 | 144.00 |
| 10-28-2008 | Receive notice of taking depositions by USA for 11-20-08 and 11-21-08. [0.4]  Calls to clients to arrange time for conference to prepare for depositions. [0.7] | 1.1 | 198.00 |
| | *Page Total* | *14.5* | *2,610.00* |

| DATE | DESCRIPTION | TIME | CHARGE |
|------|-------------|------|--------|
| 10-31-2008 | Conference with W. T. Smith. Review his file and documents on sale of property to Greenhaw and transfer to and assumption by Springer and his Trust. [1.4] | 1.4 | 252.00 |
| 11-7-2008 | Telephone conference with Martha Moore in preparation for deposition. Unable to come to office due to foot surgery. Discuss her remembrance of facts of mortgage assumption by Springer-SLCA Trust. Discuss facts and questions and answer procedures for deposition. [0.8] | 0.8 | 144.00 |
| 11-20-2008 | Conference with Martha Moore before deposition. [0.5] Attend US Attorney deposition of Martha Moore at Sapulpa office. [1.6] | 2.1 | 378.00 |
| 11-21-2008 | Conference with Mr. and Mrs. Smith before deposition; review documents [0.8]; attend US Attorney deposition of W. T. Smith and Janeth Smith at Sapulpa office. [2.4] | 3.2 | 576.00 |
| 11-21-2008 | Review transaction documents for Springer and Trust title to property. [0.8] Draft proposed answer, counterclaim and cross claim of Moore and Smiths. [3.3] | 4.1 | 738.00 |
| 11-22-2008 | Review pleadings for claims of USA and Springer. Continue with draft of answer, counterclaim and cross claim. [1.7] | 1.7 | 306.00 |
| 11-24-2008 | Prepare and file Entry of Appearance for Moore and Smith with District Court. *Doc 61.* [1.0] | 1.0 | 180.00 |
| 11-24-2008 | Review and file motion to file out of time: Answer, Cross-Claim and Counterclaim. *Doc 62* [1.4] | 1.4 | 252.00 |
| 11-24-2008 | Complete and file Amended Complaint, Cross-claim and Counterclaim for Moore and Smith. *Doc 63.* [0.8] | 0.8 | 144.00 |
| 11-24-2008 | Receive proposed Joint Status Report from US Attorney. Review, make changes, approve and return Status Report, return to US Attorney. *Filed as Doc 70.* [1.1] | 1.1 | 198.00 |
| 11-25-2008 | Review Springer motion to dismiss USA amended complaint and Springer's brief in support. *Docs 64-65.* [ 0.8] | 0.8 | 144.00 |
| 11-25-2008 | Notice from court clerk that answer, counterclaim and cross claim not in expected form, modified by clerk. Court required information on objections to filing by USA or by Springer. *Doc 69.* | N/C | -0- |
| 11-28-2008 | Review all documents filed to time of filing Entry of Appearance for Moore and Smith. Print relevant, necessary documents. [3.3] | 3.3 | 594.00 |
| 12-1-2008 | Review completed and filed Joint Status Report as filed with the Clerk after Springer additions. *Doc 70.* [0.3] | 0.3 | 54.00 |
| | *Page Total* | *22.0* | *3,960.00* |

| DATE | DESCRIPTION | TIME | CHARGE |
|------|-------------|------|--------|
| 12-1-2008 | Review USA request for additional time to respond to Springer's motion to strike. Springer answers that he objects. Additional time granted by Court. *Doc 71 and Doc 72 and Doc 73.* **[0.3]** | 0.3 | 54.00 |
| 12-2-2008 | Review letter from US Attorney to Springer on claim by Springer that he did not receive notice of depositions of Moore and Smith on 11-20-8 and 11-21-08. **[0.4]** | 0.4 | 72.00 |
| 12-3-2008 | Letter to Moore and Smiths on depositions taken and copies of answer, counterclaim and cross claim. **[0.6]** Court allows filing off answer, counterclaim and cross claim by 12-8-08.Believe that pleadings already on file. *Doc 74* **[0.0]** | 0.6 | 108.00 |
| 12-12-2008 | Review USA response to Springer's motion to strike, including sworn declaration of IRS agent. *Docs 75, 76 77.* **[0.3]** | 0.3 | 54.00 |
| 12-24-2008 | Review Springer reply to response of USA on dismissal of amended complaint and Springer motion to clarify. *Docs 78, 79* **[0.4]** | 0.4 | 72.00 |
| 12-26-2008 | Review Springer response to USA motion for permanent injunction against Springer; and Springer motion to dismiss for statute of limitations. *Docs 80, 81* **[0.5]** | 0.5 | 90.00 |
| 12-30-2008 | Court finds that answer, counterclaim and cross claim not in required form, ordered stricken, no further pleadings allowed. *Doc 82.* **[0.3]** | 0.3 | 54.00 |
| 1-7-2009 | Research on authorities for brief for motion to reconsider order barring further pleadings in case. **[3.2]** | 3.2 | 576.00 |
| 1-9-2009 | Prepare and file motion with authorities to reconsider order of 12-30-09 striking answer, counterclaim and cross claim. *Doc 84* **[2.6]** | 2.6 | 468.00 |
| 1-10-2009 | Review USA motion for extension of time as to Springer motion to dismiss . *Doc 83* **[0.3]** | 0.3 | 54.00 |
| 1-15-2009 | Review Court order setting times for motions and pretrial with jury trial set 7-20-09. *Doc 85* **[0.3]** Contact clients with information on jury trial setting. **[0.8]** | 1.1 | 198.00 |
| 1-18-2009 | Review response of Springer objecting to allowing filing of answer, counterclaim and cross claim. *Doc 87* **[0.2]** | 0.2 | 36.00 |
| 1-23-2009 | Ruling on motion to reconsider Order of 12-30-08, on striking of pleading granted. Answer, counterclaim and cross petition to be re-filed in proper form by 1-29-09. *Doc 88* **[0.3]** | 0.3 | 54.00 |
| 1-25-2009 | Redraft answer to USA amended petition **[1.4]** | 1.4 | 252.00 |
| 1-26-2009 | Review USA response to Springers motion to dismiss for statute of limitations. *Doc 89* **[0.3]** Review Springer motion to expedite taking of government witnesses. *Doc 90* **[0.3]** Redraft counterclaim against USA to Court filing requirements. **[2.2]** | 2.8 | 504.00 |
| | *Page Total* | 14.7 | *2,646.00* |

| DATE | DESCRIPTION | TIME | CHARGE |
|---|---|---|---|
| 1-27-2009 | Redraft cross claim against Springer to court filing requirements.  **[2.3]** | 2.3 | 414.00 |
| 1-28-2009 | Review, revise and complete changes for answer, counterclaim and cross-claim for filing.  Convert files to PDF form.  File with Court electronically. *Doc 91, 92, 93* **[3.2]** | 3.2 | 576.00 |
| 1-29-2009 | Call to Court Clerk to report that program would not allow selection of all parties of Moore and Smith filings.  Court Clerk advised can be corrected by Clerk's office. **[0.3]** | 0.3 | 54.00 |
| 2-1-2009 | Review Springer reply to USA response as to statute of limitations.  *Doc 94* **[0.4]** | 0.4 | 72.00 |
| 2-2-2009 | Review Springer motion for protective order; and Springer motion for restraining order against USA. *Doc 96, 97, 98*  **[0.5]** | 0.5 | 90.00 |
| 2-5-2009 | Review USA response to Springer motion for protective order and motion to quash. Doc 99  **[0.3]** | 0.3 | 54.00 |
| 2-6-2009 | Review Springer motion to reconsider. *Doc 101.* **[0.2]** Review USA motion to quash subpoenae and brief in support and declaration of US Attorney James Strong.  Docs 102, 103, 104 and 105.  **[0.8]** Note Springer Doc 101 referred to magistrate judge for ruling **N/C** | 1.0 | 180.00 |
| 2-8-2009 | Review Springer motion to quash subpoenae; motion for protective order and brief in support;  Springer response to USA motion to quash subpoenae and motion for protective order; Springer motion to compel USA to give depositions and produce documents. *Docs 107, 108, 108.* **[0.8]** | 0.8 | 144.00 |
| 2-9-2009 | Telephone conference with US Attorney agreeing to use  office in Sapulpa for depositions on 2-23-09. **[0.6]**  Review minutes of Magistrate Cleary proceedings.  *Docs 110, 111* **[0.2]** | 0.8 | 144.00 |
| 2-10-2009 | Review Magistrate Cleary order resetting deadlines. *Docs 112, 113.* **[0.2]** Review USA second motion for protective order and declaration in support of motion and brief in support of motion; USA response to Springer motion to expedite ruling on taking depositions. *Docs 114, 115, 116, 117.* **[0.5]** | 0.7 | 126.00 |
| 2-11-2009 | Review Springer reply to USA response on motion to expedite taking depositions; Springer motion to extent deadlines for discovery. Docs 118, 119.  **[0.4]** | 0.4 | 72.00 |
| 2-17-2009 | Review Springer motion to strike our cross claim and motion to dismiss for lack of process and failure to state claim. Docs 120, 121.  **[0.6]** | 0.6 | 108.00 |
| 2-18-2009 | Conference with W. T. Smith.  Review previous deposition and records likely to be needed for deposition by Springer. **[1.3]** | 1.3 | 234.00 |
| 2-19-2009 | Review Springer motion for protective order; Springer motion to quash. *Docs 122, 123.*  **[0.4]** | 0.4 | 80.00 |
|  | *Page Total* | 13.0 | 2,340,00 |

**Moore & Smith billing--- USA vs Springer, et al.**                    **Page 5 of 10 Pages**

| DATE | DESCRIPTION | TIME | CHARGE |
|------|-------------|------|--------|
| 2-20-2009 | Review USA third motion for protective order, brief in support and declaration in support. *Docs 124, 125, 126.* **[0.3]** Review order of Court denying Springer motion to strike, motion for protective order and motion to quash. *Doc 127.* **[0.5]** | 0.8 | 144.00 |
| 2-21-2009 | Review Springer appeal of Magistrate Order. Doc 128. **[0.3]** Review Springer motion to stay discovery; motion to restrain Court from referring motions to Magistrate. **[0.4]** | 0.7 | 126.00 |
| 2-23-2009 | Review Springer notice concerning depositions; motion to stay; response to third motion of USA for protective order. *Docs 131, 132.* **[0.6]** Depositions of Springer and Regina Carlson held in Sapulpa; gather necessary documents and pleading for deposition. **[0.8]** Conference with US Attorney Strong before deposition begins. **[0.4]** Attend and participate in deposition of Regina Carlson. **[2.1]** Attend  and participate in deposition of Springer. **[1.1]** Conference with US Attorney Strong on depositions scheduled for tomorrow in Tulsa. **[0.4]** | 5.4 | 972.000 |
| 2-24-2009 | Review pleadings, assemble and select relevant documents for deposition. **[1.5]** Travel to Tulsa for Springer depositions of IRS personnel taken with armed government security.  **[6.7]** Conference with US Attorney Strong after deposition concluded for the day, agree my presence is not required for future depositions of additional IRS personnel set later outside of Oklahoma. **[0.3]** | 8.5 | 1,530.00 |
| 2-25-2009 | Review Magistrate order denying motion to expedite hearing. *Doc 133* **[0.2]** Review Judge order referring motion to Magistrate for hearing. *Doc 134* **[0.3]** Conference with Smith before deposition to review documents and previous deposition testimony. **[1.2]** Attend deposition of W. T. Smith in Sapulpa. **[2.1]** | 3.8 | 684.00 |
| 2-26-2009 | Receive Magistrate order setting hearing for March 5, 2009 at 10:00 a.m. *Doc 136* **[0.3]** | 0.3 | 54.00 |
| 2-27-2009 | Review USA motion to withdraw third motion for protective order. *Doc 136* **[0.4]** Review order of Judge Kern denying motions various motions of Springer. *Doc 137* **[0.3]** Review email from US Attorney to Springer on depositions scheduling. **[0.3]** Prepare and file response in opposition to Springer motion to dismiss. *Doc 138* **[2.1]** | 3.1 | 558.00 |
| 3-2-2009 | Review USA motion on filing dispositive motions. *Doc 139.* **[0.2]** Review motion of USA to appear by telephone. *Doc 140* **[0.2]** Motion for telephone appearance allowed by Magistrate. *Doc 141.* **[0.3]** Review Springer motion to produce named IRS agents for deposition. *Doc 143.* **[0.3]** Springer objection to allowing US Attorney to appear by telephone. *Doc 144* **[0.4]**.  Review Springer multiple motions to certify issue to 10th Circuit Court of Appeals, and other motions. *Doc 145* **[0.6]** Order of Judge Kern referring multiple motions to Magistrate for hearing and decision **[0.3]** | 2.3 | 414.00 |
| | *Page Total* | 24.9 | 4,482.00 |

| DATE | DESCRIPTION | TIME | CHARGE |
|---|---|---|---|
| 3-5-20-09 | Prepare for hearing before Maristrate Cleary; review pleadings and orders relevant to hearing. **[1.3]** Attend court hearing at Federal building in Tulsa. Magistrate overrules and sustains various motions in whole and in part. Discovery cutoff set for April 13.  Dispositive motions to be filed by 5-8-09 Docs 147,148, **[3.6]** | 4.9 | 882.00 |
| 3-6-2009 | Review order from Magistrate Cleary denying other Springer motions. *Doc 149.* **[0.1]** | 0.1 | 18.00 |
| 3-11-2009 | Review Judge Kern Order.  *Doc 150.* **[0.3]**  Review Springer appeal of Magistrate orders. *Doc 151.* **[0.2]** | 0.5 | 90.00 |
| 5-1-2009 | Conference at First United Bank with bank officers to review Springer record of payments made by Springer to Security National Bank and to First United Bank as successor to Security National Bank. **[1.6]** Withdraw payments records to copy and return. **[0.4]** | 2.0 | 360.00 |
| 5-3-2009 | Review and organize and confirm Springer bank payment records from August 1996 to last payment in February 2008. **[4.8]** Copy payment records for use in motion for summary judgment motion. **[1.3]** | 6.1 | 1,098.00 |
| 5-6-2009 | Prepare affidavit of W. T. Smith in support of motion for summary judgment. **[1.4]** | 1.4 | 252.00 |
| 5-8-2009 | Conference with W. T. Smith to review and sign affidavit in support of motion for summary judgment. **[0.7]**  Prepare and file our motion for summary judgment against Springer and SLCA Trust with exhibits in support of summary judgment. *Doc 153.* **[5.3]**   Prepare and file brief in support of our motion for summary judgment.  *Doc 160.* **[3.8]** | 9.8 | 1,764,00 |
| 5-9-2009 | Review USA motion for summary judgment, with brief in support and supporting documents. *Docs 154, 155, 156, 157, 158, 159.* **[2.2]** Review Springer and SLCA Trust motion for summary judgment with brief in support.  *Docs 161, 162.*  **[1.3]** Make copy of USA and Springer motions and send copy to clients. **[0.6]** | 4.5 | 810.00 |
| 5-26-2009 | Review USA response to Springer motion for summary judgment. Docs 163, 164 **[0.9]** | 0.9 | 162.00 |
| 5-27-2009 | Review Springer response to USA motion for summary judgment and print off Springer motion and 14 attached documents.  **[1.2]** | 1.2 | 216.00 |
| 5-30-2009 | Review Springer response to motion for summary judgment in detail and outline undisputed issues and disputed issues. **[1.3]**   Prepare draft of response to Springer motion for summary judgment. **[2.4]** | 3.7 | 666.00 |
| 6-8-2009 | Review Springer reply to USA motion for summary judgment. *Doc 165.* **[0.4]** | 0.4 | 72.00 |
| 6-9-2009 | Review USA reply to response to motion for summary judgment and USA motion to reset trial deadlines. **[0.8]** | 0.8 | 144.00 |
|  | *Page Total* | *36.3* | *6,534.00* |

| DATE | DESCRIPTION | TIME | CHARGE |
|---|---|---|---|
| 6-9-2009 | Prepare and file reply of Moore and Smith to response of Springer and SLCA Trust on motion for summary judgment. File electronically. *Doc 169.* **[3.4]** | 3.4 | 612.00 |
| 6-10-2009 | Letter and copies of recent pleadings to clients. **[1.0]** | 1.0 | 180.00 |
| 6-19-2009 | Review Order from Judge Kern striking pretrial and trial dates. *Doc 170.* **[0.3]** | 0.3 | 54.00 |
| 10-2-2001 | Conference with W. T. Smith concerning subpoena received for Springer criminal trial.  Letter to Kenneth Snoke, Asst US Attorney concerning Smith trial appearance. | 1.2 | 216.00 |
| 10-19-2009 | Conference with W. T. Smith on dealings with Springer; attend conference with W. T. Smith in Tulsa with Asst US Attorney Kenneth Snoke concerning subpoena issued to Smith as witness and his testimony in criminal trial pending against Springer. **[3.2]** | 3.2 | 576.00 |
| 10-28-2009 | Call from US Attorney office, Smith testimony to be later in week, will be notified. **[0.2]** Contact  W. T. Smith with information on delay. **[0.2]** | 0.4 | 72.00 |
| 11-4-2009 | Report to Springer criminal trial in Tulsa with witness W. T. Smith.  Wait, not reached for testimony.  Return tomorrow. **[4.2]** | 4.2 | 756.00 |
| 11-5-2009 | Return to Springer criminal trial, present in court during W. T. Smith testimony. **[3.2]** | 3.2 | 576.00 |
| 11-24-2009 | Review filings by Springer for injunction. *Docs 172 & 173.* **[0.4]** | 0.4 | 72.00 |
| 11-30-2009 | Review filing by Springer for restraining order, injunction.  *Doc. 174* **[0.3]** | 0.3 | 54.00 |
| 12-16-2009 | Review 12-15 USA response to Springer motion for restraining order and injunction. *Doc.* 176  **[0.2]** | 0.2 | 36.00 |
| 12-22-2009 | Review Springer reply and notice of tax court order.  *Docs 177, 178.* **[0.3]** | 0.3 | 54.00 |
| 3-3-2010 | Review Opinion and Order by Judge Kern on pending motions.  *Doc. 179.* **[0.6]** | 0.6 | 108.00 |
| 3-16-2010 | Review Order – Judgment entered against Springer and Trust. **[1.2]** Review Notice of Appeal by Springer to Circuit Court, case in District Court terminated.  *Docs 180, 181, 182.* **[0.8]** Mail copy to clients. | 2.0 | 360.00 |
| 3-29-2010 | Receive mail notice from 10th Circuit Court Clerk on Springer appeal filed. **[0.2]** | 0.2 | 36.00 |
| 3-30-2010 | Review Springer filing of appeal and motion for stay with 10th Circuit Court of Appeals. **[1.4]**   Prepare and file Entry of Appearance on behalf of Moore and Smith. **[0.6]**  Review and print off 10th Circuit Local Rules. **[1.2]**  Mail copy of entry of appearance to other counsel. | 3.2 | 576.00 |
| | *Page Total* | *24.1* | *4,338.00* |

**Moore & Smith billing--- USA vs Springer, et al.**                    **Page 8 of 10 Pages**

| DATE | DESCRIPTION | TIME | CHARGE |
|------|-------------|------|--------|
| 4-14-2010 | Review District Court filings on Springer Motion to Stay Pending Appeal. Call to Attorney Strong on filings.  Stay denied by District Court.  *Docs. 185-189.* **[0.8]** | 0.8 | 144.00 |
| 4-15-2010 | Received and review Springer filing with US Supreme Court to Justice Sotomayor seeking stay of judgment pending appeal. **[1.7]**  Review US Supreme Court rules on such a filing and requirements or procedure for filing any response; no specific procedure identified. **[2.8]** | 4.5 | 810.00 |
| 4-23-2010 | Letter from Asst. US Attorney James Strong requesting calculation of payoff of mortgage to Smith and Moore through July 31, 2010. **[0.3]** | 0.3 | 54.00 |
| 4-24-2010 | Organize payments records for Springer; determine balance owing as of last payment made by Springer; prepare schedule for payment off of Smith and Moore principal plus interest, as requested by Asst US Attorney James Strong, email schedule. **[3.6]** | 3.6 | 648.00 |
| 4-25-2010 | Cover letter to Asst US Attorney James Strong with Springer title and mortgage documentation and calculation of unpaid principal and interest balance owing to July 31, 2010, totaling **$6,273.89**, due to Smith and Moore, not including attorney fees and costs; email to James Strong. **[4.2]** | 4.2 | 756.00 |
| 7-19-2010 | Conference with W. T. Smith on IRS published notice of sale of Springer property and likely sale procedures. | 0.8 | 144.00 |
| 8-2-2010 | Call from Smith.  Discuss his conversation with IRS sales officer, discuss provisions of Court judgment in applying proceeds from sale. | 0.3 | 54.00 |
| 8-3-2010 | Office with Smith. Review conveyance transactions with Smith.  Discuss sale of property with Smith.  Requested and agreed that I file documents with Court to clearly show that mineral interests not part of IRS sale, Springer was conveyed the Surface and Surface Only. | 0.5 | 90.00 |
| 8-10-2010 | Work on draft of pleading to to establish sale was for surface only.  **[0.8]** Researcj authorities on severance of surface and minerals as allowed in Oklahoma. **[1.1]** | 1.9 | 342.00 |
| 8-19-2010 | Call from American Abstract Company.  They are preparing an abstract so the purchaser at IRS sale can receive loan and complete property purchase. Request made that documents in case be available review by title attorney or furnished to title attorney. **[0.3]** | 0.3 | 54.00 |
| 8-20-2010 | Call to attorney Keith Ham, title examiner for purchaser and title insurance comany.  He requires a "transcript" of Federal Court proceedings to pass on title.  Will send him docket sheet and selected entries to show case and foreclosure status. | 0.8 | 144.00 |
| 8-21-2010 | Locate and review relevant pleadings and orders. **[1.9]** Review docket court file, copy portion of relevant documents to sent to title attorney. **[2.2]** | 4.1 | 738.00 |
|  | *Page Total* | 22.1 | 3,978.00 |

| DATE | DESCRIPTION | TIME | CHARGE |
|---|---|---|---|
| 8-22-2010 | Continue search of file copies of relevant pleadings and orders on hand. [1.2] Down load additional documents from Court docket file to provide status of trial court proceedings. [1.8] Access 10th Circuit Court of Appeals database to show status of appeal and show that Moore and Smith are "Not Party" to the appeal. [0.8] Assemble documents into summary with index and copy and print relevant pleadings for title review. [1.4] | 5.2 | 936.00 |
| 8-23-2010 | Deliver 500 plus page notebook to abstract company for delivery to Keith Ham.  Call from attorney Keith Ham, needs additional information on status of various Application to Stay judgment enforcement filed by Springer. [0.3] Review Federal rules of civil procedure, Wright & Miller text, and Oklahoma statutes.  Make copy of materials and fax to Keith Ham for his review. [1.6] | 1.9 | 342.00 |
| 8-31-2010 | Prepare Motion to Clarify as to property description sold at IRS sale. [1.1] Research authorities on severance of minerals. [1.0]  Prepare Brief in Support of Motion to Clarify. [2.1] File electronically with U. S. District Court Clerk | 4.2 | 756.00 |
| | *Page Total This Page* | *11.3* | *2,034,00* |
| | **Total Time Charges** | **192.2** | **$34,596.00** |
| | **Expenses** | | |
| 11-20-2008 | Reporter cost billed for deposition transcript copy of Martha Moore deposition, unpaid. | | $ 209.47 |
| 11-21-2008 | Reporter cost billed for deposition transcript copy of  W.T. Smith and Janneth Smith deposition, unpaid. | | $ 370.61 |
| 1-26-2009 | Check # 7516 to Pacer Service per statement | | $ 21.04 |
| 5-19-2009 | Check # 7612 to Pacer for copies of orders and documents from Federal Court filing system. | | $ 55.28 |
| 1-28-2010 | Check # 7758 to Pacer Service per statement for copies of order and documents from Federal court filing system. | | $ 56.16 |
| 8-22-2010 | Make copies of pleadings from District Court file and 10th Circuit file for review by title lawyer.  683 copies at $0.15 per copy. | | 102.45 |
| | **Total Expense Charges** | | **$ 815.01** |
| | | | |
| | **TOTAL CHARGES SUBMITTED** | | **$35,411.01** |