United States District Court
Northern District of Oklahoma

United States of
America

v.

Lindsey Kent Springer, et al

)
)
)
)
)
)
)
)

08-cv-278

✓ Mail ___ No Cert Svc ___ No Orig Sign

___ C/J ___ C/MJ ___ C/Ret'd ___ No Env

___ No Cpys ✓ No Env/Cpys ___ O/J ___ O/MJ

**FILED**

SEP 13 2010

Phil Lombardi, Clerk
U.S. DISTRICT COURT

Motion to vacate sale and to
Comply with Treasury Regulations
in Sale of Property.

Lindsey Kent Springer ("Springer") moves this
Court for an order vacating the sale of
the realestate ordered sold by order dated March
3, 2010, March 16, 2010, and as apparently sold by
Sale on or about August 3rd, 2010. Springer received
no notice of Sale or any other information.
The Sale is not in accord with Treasury Regulations.
        I     BACKGROUND TO MOTION
On September 3, 1996, the District Director "over
the Internal Revenue District" "Oklahoma-Arkansas"
directed and caused a Notice of Deficiency to be
issued to Lindsey K. Springer and mailed to Springer's
"last know address." See Title 26 CFR § 301.6212 (1996-2010)
    Springer timely opposed the District Directors
deficiency claims, See Title 26, USC § 6213; For
definition of District Director see Title 26 CFR §
301.7701-10 (1996 thru 2010)
    On February 10, 1997, the United States Tax
Court issued its order for Failure to State a
claim in Favor of the Commissioner of Internal
Revenue. The office of the Commissioner is
created in Washington D.C. in the Department of
the Treasury at Title 26, USC § 7801. (1998)
    The secretary of the Treasury is required
to comply with all Treasury regulations regarding

1

the assessment and collection of taxes owed. See U.S. v. Brafman, 384 F.2d 863, 866 (5th Cir. 1967)("Treasury regulations are binding on the Government as well as on the taxpayer")

Title 26, USC § 6201, 6202, and 6203 govern the assessment process. The Secretary "must comply with the regulations..." March v. IRS 335 F.3d 1186, 1188 (10th Cir 2003) Assessments must be signed. Taylor v. IRS, 69 F.3d 411, 419 (10th Cir. 1995)

Title 26, CFR § 301.6203-1 requires the District Director officed in a Internal Revenue District over the legal residence of Springer, or the Director of the Service Center over such Internal Revenue District, issue or assign a person to sign the Summary record of Assessment.

The assessment is then to be recorded in the office of the Secretary of The Treasury, See Title 26, USC § 6201.

The office of the Secretary of the Treasury is created at Title 31, USC § 301, in the Department of The Treasury, which is located in the District of Columbia at the seat of the United States Government.

Title 26, USC § 6321 provides that a lien arise as a matter of law after the assessment is recorded in the office of the Secretary of the Treasury and notice and demand has been made to Springer at his "last known address" For payment, and Springer refused to pay within the time period contained within the Notice.

All lien notices are to be issued by the District Director. See 26 CFR § 301.6321; § 301.6323. See also Guthrie v. Sawyer, 970 F.2d 733, 735 (10th Cir. 1992) Notice are required after January, 1999, to contain a Notice of A Collection

2

due process hearing. See Title 26, USC § 6320; See Title 26, CFR § 301.6320 (Notice be given by District Director with the lien notice to Springers last known address).

On May 9, 2008, the United States of America commenced the action herein to affirm assessments, then to lien, and then to judgment, to foreclose and sell property alleged to belong to Springer even though Springer never owned the real estate, to satisfy the alleged assessment purportedly recorded in the office of the Secretary of the Treasury in the District of Columbia.

This Court's Jurisdiction was alleged to be founded up Title 26, USC § 7401, 7402, and 7403, which "may be necessary or appropriate for the enforcement of the internal revenue laws, and not exclusive, to enforce such laws." Section 7401 requires the Secretary of the Treasury to authorize any action to collect any taxes before such action can be commenced ("precludes the bringing of Complaint)

Title 26, USC § 7805 authorizes the Secretary to "prescribe all needful rules and regulations" for "administering and enforcing" the Internal Revenue Laws. Congress defines "Secretary" at Title 26, USC § 7701(a)(11). See "Delegate" defined at Title 26, USC § 7701(a)(12); See also Title 26 CFR § 301.7701-9 defining Secretary to include "District Director". "Regulations" under Section 7805 are "owed less deference than a regulation issued under a specific grant of authority to define a statutory term or prescribe a method of executing a statutory

provision,'" Rowan Cos, Inc. v. United
States, 452 U.S. 247, 253, 101 S, CT
2288, 68 L. Ed 2d; See also McKinney
v. CIR, 732 F 2d 414, 417 (10th Cir.
1983).

Title 26 CFR §301, 7514-1(c) require
all assessments to be "certified with
the seal of the District Director." March, supra

Title 26, CFR §301, 6335(b) requires all
notice of sales be given by the "District
Director."

Title 26, CFR § 301, 7501-1(a) gives
charge of all realestate outside the
District of Columbia to only the
District Directurto control or sell.

Title 26, CFR § 301, 7505 the Secretary
of Treasury directs only the District
Director is authorized to sell Springers
property.

And, under Title 26, CFR § 301, 7506-1(b)(2),
only the District Director is authorized
to give notice of the sale of such
property to the public to bring the most money.

Without giving Springer any notice, or any
other person by the District Director,
purportedly, the Subject property was
auctioned on August 3, 2010

II    Request to Vacate Sale and
        direct Plaintiff comply specifically
        with Title 26, Code of Federal
        Regulations in Sale of Springers
        Interest in realestate.

Over Springers numerous objections and
without any trial, this Court granted
the Plaintiff, on behalf of the Secretary,

Judgment of its purported assessments and purported liens alleged in the Complaint and Amended Complaint. Springer objected to jurisdiction, venue, and revocation of the Secretary's Certificate of Release of liens based upon the abolishing of Internal Revenue Districts and Office of District Director in Oklahoma City as of late 1999. Springer took the depositions of numerous former District Director personel and there remains no doubt, and is undisputed, no such District Director offices exist after the close of 1999. See also Allnutt v. CIR, 523 F.3d 406, 414(F.N.1) (4th Cir. 2008) describing District Director Office now "defunct."

The Fourth Circuit reported these offices defunct as of 2008. Regardless of when they were abolished, there is no dispute such District Director or Internal Revenue District exists at the time of the sale of the realestate or property Springer was orded to vacate by April 15, 2010. See order of March 16, 2010. Regulation requirements are to be "meticulously complied"-with. Allnut, 523 F.3d at 413 The office simply does not or no longer legally exists, nor the position.

The United States cannot show the sale of the realestate at issue was advertised, noticed, auctioned, or sold in compliance with Title 26, CFR §§ 301.6335-1, 301.7501-1(a), 301-7505

Springer has a current vested interest in seeing that the property is advertised, notice of sale, auction and sold, according to the Tax laws of the United States to obtain credit for the maximum amount

which includes regulations promulgated by the Secretary of Treasury.

Prior to abolishing all Internal Revenue Districts and District Director offices, including Oklahom-Arkansa and the District Director office in Oklahoma City, the President was authorized at Title 26, USC § 7621 to establish Internal Revenue Districts outside the District of Columbia. See Hughes v. U.S. 953 F.2d 531,542 (9th Cir. 1992)

Title 4, USC § 72 prohibits the office of the Secretary of Treasury from being exercised outside the District of Columbia "unless expressly provided by law." Hughes, at 542.

The Secretary was delegated by the President to create Internal Revenue Districts and office of District Director at Title 26, CFR § 301, 7621 (1995 thru 2010). No other delegation or authority exist by law.

Title 26, CFR § 601.101 directs that District Director of each Internal Revenue District shall administer, and thus enforce, the Internal Revenue code and regulations. See Snyder v. IRS, 596 F. Supp 240, 247 (N.D. Ind) (1984) the District Director is to "apply statutes, regulations ... in the determination of tax liability, the collection of taxes ..." See 26 CFR § 601.102 (2000 thru 2010)

It is impossible for the United States of America to demonstrate it has maticulously complied with the Internal Revenue laws governing advertising, Notice of Sale, Auction, Sale and collection of those "taxes" to be applied to Springers new recorded tax liability as of August

6.

4, 2008,

The Secretary of the Treasury is only authorized to collect taxes, advertise realestate, Notice of sale, sell or auction, and receive and collect money from such sale, through Title 26, USC. § 7805, The Secretary directs each of these functions to be administered and enforced solely by and through the delegated office of District Director, See Hughes, 953 F. 2d at 536 (26 CFR § 301.6301 directs "District Director" to collect all taxes in a given Internal Revenue District); See also 26 CFR § 301.7514(c) (certified by seal of District Director); 26 CFR § 301.6335(b) (notice of sale by District Director); 26 CFR § 301.7501-1(a) gives charge to District Director outside District of Columbia over all realestate sales); 26 CFR § 301.7505 only authorizes District Director to sell Springers home which is located outside District of Columbia); and 26 CFR § 301.7506-1(b)(2) which requires District Director to give notice of sale regarding property being sold for collection of taxes.

It is the President who is to enforce the laws written by congress, Cross, et al u. Harrison, 16 Howard 164, 199, 142 L. Ed 889, "Within the extended limits of this Country are numerous collection districts." Cury v. Curtis 3 Howard 236, 242, 11 L. Ed 576, 580 "Every collector within his collection district shall see that all laws and regulations relating to the collection of Internal Revenue Taxes are fully (faithfully) executed and complied with... U.S. v. LaSalle National Bank

437 U.S. 298, 310, 57 L. Ed 2d 221 (1978).
The Secretary proceeds through each
"Internal Revenue District" concerning
internal revenue tax, U.S. v. Bisceglia,
420 U.S. 141, 145, 43 L. Ed 2d 88, 95 S. CT
915 (1975) Even gamble registration
under Title 26, USC § 4412 must be
made to the District Director of the
Internal Revenue District, Id.

In U.S. v. Taylor, 828 F. 2d 630, 634
(10th Cir. 1987) the Tenth Circuit held
the filing of Form 1040 and collection
of taxes was entirely controlled by
"Federal Statutes and Regulations" (May
down the rule as a matter of Federal
law.) These Internal Revenue Districts
and "District Director offices are
essential to establishing Jurisdiction
and Venue." U.S. v. Brewer, 486 F. 2d
507, 509 (10th Cir. 1973).

The Restructuring and Reform Act of
1998, Section 1001, Pub. L. 105-206, 112 Stat
685 directed all "IRS rules and regulations
then in force shall continue in effect
according to their terms until modified."

None of the regulations cited by Springer
have been modified. No notice of any
changes has been given in the Federal
Register pursuant to Title 5, USC § 552,
Springer knows of no changes that would
affect or govern the advertisement,
notice of sale, Sale or auction, and
subsequent receipt and collection of
any money generated by the sale of
the realestate which is the subject of
the Sale ordered March 16, 2010 by
order of this Court.

## III   Summary

The Secretary of the Treasury is required to maticulously comply with his Treasury Regulations in effect at the time they are to be applied. Allnutt, 523 F.3d at 413 Federal Statutes and Regulations lay down the rule as a matter of Federal Law. Taylor, 828 F.2d at 634 The office of District Director is essential for regulations and statutes to be enforced. Brewer, 486 F.2d at 509. Each of the Treasury Regulations that govern advertising, notice of sale, sale or auction, and receipt and collection on the proceeds of the sale of the home Springer was ordered to vacate by April 15, 2010 each required the District Director of The Internal Revenue District over which the President has placed Springer and the realestate, For the advertising, notice of sale, sale, and collection to be in compliance with Federal Statutes and Regulations. See Hughes, 953 F.2d at 536, 542 The Restructuring and Reform Act of 1998 directs all "rules and regulations" stay in effect until modified. No modification has taken place with regard to each regulation governing the sale and subsequent collection of the property at issue in the complaint and Amended Complaint, and this Courts order of March 3 and 16, 2010 All offices of District Directors were abolished in late 1999. Allnutt, 523 F.3d at 414 (F.N.1)

The Regulations governing the advertising, notice of sale, sale, and collection of taxes extending from the proceeds of such

9

sale have not in the least bit been complied with by the United States. Title 4, USC § 72 prohibits the office of Secretary of the Treasury from being exercised outside the District of Columbia, unless expressly provided by law, without the office of District Director being occupied there is no other law to allow the Secretary of the Treasury to exercise any authority delegated to it by the President or granted it specifically by Congress. No such office remains yet all Regulations meticulously refer only to District Director of which no District has existed to direct since 1999. Judicial District and Internal Revenue District do not interchange in the tax code and regulations. Rush v. US 256 F.2d 862, 864 (10th Cir. 1958) The Sale of the subject realestate was not and has not been thus far accomplished pursuant to 26 CFR §§ 301.6335, 301.7501, 301.7505, 301.7506 and 301.7514.

The enforcement and administration of the Sale of the subject property has not been accomplished pursuant to Title 26, USC § 7805 nor Article I, § 8, Cl. 18.

## IV   Conclusion

Springer requests an order vacating or setting aside the Sale of the realestate which is the Subject Order dated March 3, 2010 and March 16, 2010, purportedly Sold at auction on or about August 3, 2010, and direct the sale to be accomplished in accordance with both the Internal Revenue Laws and Treasury

regulations in effect at the time of the
sale of said realestate. Springer
also request the United State's
maticulously comply with the laws
and regulations and to provide a list
of each statute and regulation they
have complied with, each statute or
regulation they cannot comply with
and an explanation as to why they
cannot maticulously comply.

Springer requests the identity of the
District Director and the boundaries of
the Internal Revenue District he directs

Respect fully submitted

Lindsey K Springer
#02580-063
BIG FCI
1900 Simler Ave
Big Springs, Texas 79720

11

# Certificate of Service

I hereby certify that I mailed to the Court Clerks office at 333 W. 4th St, Tulsa, Okla 74103 the Defendants Motion to Vacate Sale and to comply with Secretary of the Treasury Regulations on September 8, 2010;

I also certify that all parties to this case will receive service through the Courts ECF System;

James Strong
Allen Mitchell
Robert D. Metcalf

_[signature]_
Server

12