In The United States District Court
Northern District of Oklahoma

United States of America

vs.

Lindsey K. Springer, et al,

Case No. 08-CV-278-TCK-PJC

FILED
SEP 16 2010
Phil Lombardi, Clerk
U.S. DISTRICT COURT

### Lindsey K. Springer's Objections to Motion To Clarify Order on Mineral Rights

Lindsey K. Springer, individually, and as nominee under Federal Law for S.L.C.A. Family Trust ("SLCA" and "Springer" collectively "Defendant") files objection and opposition to Martha F. Moore, Individually, and as Trustee of the W.T. Moore and Martha F. Moore Revocable Trust dated June 12, 2002 ("Moore"), and W.T. Smith and Janneth Smith ("Smith") Motion to "Clarify the interest of Springer in real property which has ordered Sold through Internal Revenue Procedure." Moore and Smith collectively are "movants."

### I. Exhibits are in error

Exhibit 1 only identifies W.T. Moore and W.T. Smith and the mineral rights addressed for a track of land totalling 320 acres.

Exhibit 2 is a Joint Warranty deed for a different legal description and the Grantors are a different group of people.

✓ Mail    No Cert Svc    No Orig Sign
___ C/J    ___ C/MJ    ___ C/Ret'd    ___ No Env
___ No Cpys   ✓ No Env/Cpys   ___ O/J   ___ O/MJ

There appears four names in the Warrantee Deed to William D. Greenhaw and Linda F. Greenhaw ("Greenhaws").

SLCA assumed the Greenhaws debt on July 29, 1996.

Exhibit 4 clearly states no changes orally or otherwise are allowed unless "reduced to writing, signed by all parties." pg. 2, para. 7.

The District Court found for purpose of a Federal Tax Lien that "a resulting Trust has arisen" based upon the intent behind the disposition of the property. Order March 3, 2010, pg 29

The question of Minerals needs to be determined based upon the time SLCA assumed the Mortgage.

The Motion claims Lindsey Springer through his nominee S.L.C.A. Family Trust was the "purchaser" of the subject property, Motion at 2.

The Court order however found "Springer is not a transferror" pursuant to Spotts v. United States, 429 F.3d 248, 253, n.6 6th Cir. 2005)

The Court simply said it was enforcing the nominee lien against "Springer, the delinquent taxpayer." Order at pg 30.

The Court found since the payments on the mortgage came from Springer, a human being, S.L.C.A. Family Trust is "Springer's nominee." Order at 30.

The Court order does not find at any time that Springer is liable to the Moores and Smiths individually for any mortgage as the mortgage is

nor ever was in Springers name.

The Moores and Smiths interest is only in their mortgage. They may have claims with SLCA but that issue is not before this Court.

The records are not "clear" that "Springer and his nominee SLCA Family Trust acquired the Surface and Surface Rights only." Brf. at 3.

The determination of "Springer" as nominee does not have anything to do with the assumption agreement as it relates to Moores and Smith.

### Conclusion

Defendant request this Court deny Moores and Smiths Motion to Clarify until they fill in the gaps between Exhibit 1 and Exhibit 2, 3 and 4 regarding legal description and Grantor as described above.

Respectfully

Lindsey K Springer
#02580-063
Big FCI
1900 Simler Ave
Big Springs, Texas 79720

3

## Certificate of Service

I hereby certify that on September 13, 2010, I mailed a Response in Opposition to Motion to Clarify to U.S. Court Clerk, 333 W. 4th St, Tulsa, Oklahoma 74103.

I further certify all parties in the case receive notice and service through this Courts ECF System:

Allen Mitchell
Robert Metcalfe
James Strong
Acting U.S. Attorney Scott Woodward

*Lindsey Springer*