In The United States District Court
For The Northern District of Oklahoma

# FILED

United States of
America

SEP 20 2010

Phil Lombardi, Clerk
U.S. DISTRICT COURT

v.

08-CU-278-TCK

Lindsey Kent Springer

Lindsey K. Springer's Brief in Support
of Motion to Vacate Judgment and
Dismiss for lack of Jurisdiction.

## I. Introduction - Background

On April 10, 2008, Robert Metcalf declares
Elizabeth Downs, as a delegate under Title 26
§ 7401, authorized him to bring the Complaint.
On May 9, 2008, the USA filed a
Complaint against Lindsey K. Springer
("Springer") and SLCA Family Trust
("SLCA") to forclose a lien on property
belonging to Springer as a matter of
Federal law and collect taxes.
On October 10, 2008, the USA amended
their Complaint however it's Jurisdiction
allegation did not change.
The Jurisdiction is alleged under
Title 26, § 7401, 7402, and 7403. Doc.
36, pgs 2, 3. Elizabeth Downs is not authorized.

## II Court Lacks Jurisdiction.

Title 26, U.S.C. § 7401 prohibits
any action to collect taxes unless the
Secretary of the Treasury authorizes
the action. See U.S. v. Anderson, 584
F. 2d 369 (10th 1978)

Section 7402 gives the District Court Jurisdiction to "enforce internal revenue laws,"

Section 7403 directs the Secretary may authorize an action to "enforce a lien,"

A Federal Court has an independent obligation To examine its own jurisdiction. Skryzpczak v. Kauser, 92 F.3d 1050, 1052 (10th Cir. 1996) Standing is required to be shown at successive stages. at 1053 . "A Federal Court must in every case and at every stage of the proceeding, satisfy itself as to its own jurisdiction, and the Court is bound by the acts or pleadings of th parties." See Citizens v. City, 628 F.2d 1289, 1301 (10th Cir. 1980); See also Amazon v. Dirt Camp Inc, 273 F.3d 1271, 1276 (10th Cir. 2001) "Federal Courts are not Courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." Bender v. Williamsport Area Sch Dist, 475 U.S. 534, 541 (1986) The Federal Courts are under an independent obligation To examine their own jurisdiction FW/PBS Inc. v. City of Dallas, 493 U.S. 215, 230 (1990). Congress forbids jurisdiction to collect taxes under § 7401, 7402, 7403 unless The Secretary of th Tredsury authorizes the action("No civil action for collection or recovery of Taxes.") The term Secretary is defined at Title 26, USC. § 7701(a)(11) defines the

2

term "Secretary" to mean Secretary of the Treasury "or his delegate".

Title 26, USC § 7701(a)(12) defines "delegate" as any "officer, employee, or agency of the Treasury department, duly authorized by the Secretary directly, or indirectly by one or more redelegations of authority, to perform the functioned mentioned or described in the context."

The office of the Secretary of the Treasury is created at Title 31, USC § 301 in the Department of th Treasury. The Department of Treasury is at the Seat of Government.

Title 4, USC § 71 defines Seat of Government to be in the District of Columbia.

Title 26, USC 7803 creates an office of th Commissioner of Internal Revenue in the Department of th Treasury in D.C.

Title 26, USC 7805 provides the Secretary administer and enforce the Internal Revenue Laws by regulations, and not the Internal Revenue Bureau. Monroe Cider v. Riordan, 280 F. 624 (2nd Cir 1922) See also Aluminum Co. of America v. U.S. 123 F.2d 615 (3rd Cir. 1941)

Title 26, U.SC. § 7621 directs the President to create Internal Revenue Districts by either including two or more States or subdividing any state.

Title 26 CFR § 601.101. States:

"The Internal Revenue Service is a bureau of the Department of the Treasury under the immediate direction of the Commissioner of

Internal Revenue. The Commissioner has general superintendence of the assessment and collection of all Taxes imposed by any law providing internal revenue. The Internal Revenue Service is the agency by which these functions are performed. Within an Internal Revenue District the internal revenue laws are administered by a a district director of internal revenue."

See Snyder v. IRS, 596 F. Supp 240, 247 (ND Ind 1984) See 26 CFR § 301.7621-1

The Secretary directs all collection to be accomplished by district director. See 26 CFR § 301.6301, See also Hughes v. U.S. 953 F.2d 531, 536 (9th Cir. 1992)
    All assessments must be charged to a district director. See 26 CFR § 301.6331-1 ("authority to Levy")
    All Notice of Tax Liens are to be issued by the District director. See 26 CFR § 301.6321-1.

    A. Secretary of the Treasury did not authorize this "collection" action or "Lien" enforcement.

    There is no question that the action was not at the direction of the Secretary of the Treasury. Doc. 2, 36.
    The Complaint alleges the action was authorized by a delegate of the

4.

Secretary of the Treasury. Doc. 36, pg 2

B. Chief Counsel of Internal Revenue Service is not a delegate of the Secretary of Treasury In this case.

Title 26, USC § 7701(a)(11) is defined as "Secretary of the Treasury and Secretary" and defines Secretary to Include a "delegate." Section 7701(a)(12) defines "delegate" and means "any officer, employee, or agency of the Treasury Department duly authorized by the Secretary of the Treasury directly, or Indirectly by one or more redelegations of authority, to perform the function mentioned or described in the context."

On August 27, 2008, Robert D. Metcalfe declared "IRS Associate Area Counsel In Oklahoma City, Oklahoma, a delegate of the Secretary of the Treasury, authorized and Irequested the commencement of a civil action against Springer to reduce to judgment the tax assessments made against him for his unpaid federal Income tax liabilities for the 1990-1995 Tax years..." Metcalfe Declaration at 1

In a letter dated April 10, 2008, Elizabeth Downs a "Senior Attorney" under the name Bruce K. Meneely as "Associate Area Counsel" Stated in a letter to Honorable Nathan J. Hochman that "you are hereby authorized and requested to file such action against Lindsey K. Springer..." Metcalfe Declaration Exh. at 1.

If Elizabeth Downs is not a delegate of the Secretary of the Treasury, then

5

Title 26 U.S.C. § 7401 withholds ("no action")
jurisdiction for this Court because
then the "Secretary" has not authorized
the "action" to collect taxes or
enforce a lien on Springer outside D.C.
At no time does Metcalfe's declaration
point to any authorization by a
person who is "Chief Counsel of the
Internal Revenue Service." Doc. 36, pg 2
Instead he directs authorization
was made by "IRS Associate Area
Counsel." Metcalfe Declaration, 8.27.08,
pg 1, paragraph 4.
Since January, 2000 no Internal
Revenue District under Title 26, USC
§ 7621 authority has existed within
the State of Oklahoma or Tulsa,
or Oklahoma City within a district's
"boundaries". See 7621(b); See also
Title 26 CFR § 301.7621-1. Hughes at 542
Congress has not established any
Internal Revenue Areas. Congress has
not established any office of "associate
area counsel" or "Division Counsel."
The only structure for the meaning
of "IRS" in the phrase "IRS
Associate Area Counsel" is created
at 26 CFR § 601.101. See Snyder v. IRS
596 F. Supp. 240, 247 (N.D. In) (1984)
No "areas" are established by any
Treasury Regulations.
David C. Williams, Inspector General,
Treasury Inspector General for Tax
Administration, dated May 8, 2001, testified
all Internal Revenue Districts were completely
abolished, along with all district directors.
The changes to 26 CFR § 1.6091-2

removed "Internal Revenue District" and
"District Director" explaining the
reason was such Districts no longer
exist, nur is there any District Directors
   In _Allnutt v. CIR_ 523 F.3d 406,
408-414 (Fn.1)(4th Cir. 2008) the
Commission reported all District
Director offices were now "defunct."
Allnutt was in 2008 and the action
herein was commenced in 2008.
   It is true Congress created an
office of Chief Counsel in Washington
D.C. See 7803. However, the Secretary
has only delegated District Directors
to authorized all actions within
a Specif Collection District.
   It is the President who by Article
II of the Constitution for the United States
of America who is charged with enforcing
all laws written by Congress _Cross, et al
v. Harrison_ 16 Howard 164, 199, 142 L. Ed.
889 "Within the extended limits of this
Country are numerous collection districts,"
_Cury v. Curtis_ 3 Howard 236, 242, 11 L. Ed
576, 580 "Every collector within his collection
district shall see that all laws and regulations
relating to the collection of Internal Revenue
Taxes are fully (and faithfully) executed
and complied with..." _U.S. v. LaSalle National
Bank_, 437 U.S. 298, 310, 57 L. Ed 2d 221
(1978) The Secretary proceeds through
each "Internal Revenue District concerning
internal revenue tax. See _U.S. v. Bisceglia_
420 U.S. 141, 145, 43 L. Ed 2d 88, 95 S.
CT 915 (1975) For instance, gambles are
required to register with the local Internal
Revenue District office under Title 26, USC.

7

§ 4412, Id.

"Federal Statutes and regulations lay down the rule as a matter of federal law." U.S. v. Taylor, 828 F.2d 630, 634 (10th Cir 1987) Returns must be delivered according to the Statutes and Regulations. Helvering CIR v. Campbell, 139 F.2d 865, 868 (4th Cir. 1944) What Congress announces is "essential to establishing Jurisdiction and venue." U.S. v. Brewer, 486 F.2d 507, 509 (10th Cir. 1973)

C. The office of Chief Counsel is not expressley authorized by law to exercise its office outside of the District of Columbia as of May, 9, 2008 until present

The amended complaint alleges the "Chief Counsel", as a delegate of the Secretary of the Treasury, authorized the action against Springer in May, 2008 and again on October 10, 2008. Doc 2, 36.

"Office of Chief Counsel" is not described at Title 26, U.S.C. § 7701(a)(12). The only phrase "officer, employee, or agency of the Treasury department" "authorized" by "the Secretary (of the Treasury)" directly or indirectly by a redelegation of authority to perform the function..."

The "function" here is to "authorize" an action be commenced to "collect" taxes.

The letter from Downs states it is from the "Office of Division Counsel." Metcalfe Declaration, Exh. 1 (or attachment un marked)

Metcalfes declaration alleges authorization

8

comes from "IRS Associate Area Counsel"
in Oklahoma City, Oklahoma, a delegate
of the Secretary of the Treasury, authorized
..." Metcalfe Declaration 8.27.08, pg. 1.
    So, both complaints allege the
authorization to bring the action
against Springer and SLCA Family Trust
comes from the "Office of Chief Counsel."
Doc. 2,36, pg. 2.
    Metcalfe declares authority comes from
the "IRS Associate area Counsel" and
the heavily redacted letter he attaches
in support of his declaration states
it comes from the "Office of Division
Counsel."
    In order for the Secretary of the
Treasury to extend the power of his
office outside the District of Columbia
as otherwise prohibited by Title 4, U.S.C
§ 72, the "office" must be established
by law.
    The office of chief Counsel is only
in the District of Columbia. Metcalfe,
who declares he drafted the complaint
on May 9, 2008, declares he did so
based solely upon Elizabeth Downs
"Office of Division Counsel" Letter
date April 10, 2008.
    In order to understand Metcalfes
designation of Downs as "IRS associate
area counsel" it is important to
first define the letters IRS. The
Secretary has defined the IRS as the
Internal Revenue Service. See 26 CFR
§ 601.101 (1996 thru 2010)
    The Internal Revenue Service is a
bureau in the Department of the Treasury.

9

This bureau is under the immediate "direction" of the Commissioner of Internal Revenue. All assessment and collection of taxes is delegated to the Commissioner by the Secretary of the Treasury at 26 CFR § 601.101. (1994 thru 2010)

The "Internal Revenue Service" is an "agency" in which the "function" of assessment and collection are "performed." 26 CFR § 601.101. (1994 thru 2010)

Within an Internal Revenue District the laws are administered by a district director 26 CFR § 601.101. (1994 thru 2010)

All collection of taxes is delegated by the Secretary of the Treasury to district directors. 26 CFR § 301.6301. (1954 thru 2010)

There can be no dispute that the Secretary delegated directly to district directors, over their designated Internal Revenue District, respectively, as previously established by the Secretary of th Treasury, pursuant to the Presidents executive order published at 26 CFR § 301.7621-1. (1954 thru 2010) See Hughes v. United States, 953 F.2d 531, 542 (9th Cir. 1992), to establish Internal Revenue Districts.

So, when Metcalfe says "IRS associate area counsel" he is saying "counsel for the district director." See 26 CFR 601.101

The district director though has no counsel because there is no district director to counsel.

Niether Congress or the Secretary of th Treasury have named or defined either "area" or "area counsel." No Statute says it and no Regulation interprets the term or phrase. No public notice of this structure exists

10

To determine the delegation of Elizabeth Downs this Court needs to determine the meaning of "Division", as in "Division Counsel," "Area," as in "Area Counsel," and "Chief Counsel" as alleged in both complaints.

There is no office of Chief Counsel outside of the District of Columbia. See Title 26, USC § 7803. Congress did not, nor the Secretary of the Treasury, by regulation, establish any office of "area counsel" outside D.C.

The Complaint is wrong on its allegation under Section 7401. Metcalfe's declaration is legally in error as no "IRS associate area counsel" exists as a matter of law or regulation within any Internal Revenue District, as no such district has existed since 1999. No delegation could exist.

The only hope for the section 7401 allegation is "Division Counsel." No law or Treasury Regulation has establish an "office" called "office of Division Counsel." Metcalfe Declaration, Downs letter head attached

It is beyond dispute that Downs must be delegated by the Secretary of the Treasury to perform the function under Title 26, USC § 7401 in order for this Court to have jurisdiction over the collection and lien claims in both complaints. She is not so delegated. Section 7401 prohibits the complaints.

Title 4, USC § 72 prohibits the Secretary of the Treasury from exercising his office outside the District of Columbia, unless expressly provided by law.

There is no law that allows the

Secretary of th Treasury to exercise
his office, through Downs, in the
State of Oklahoma.
    There is no law or regulation that makes
Downs a "delegate" of th Secretary of
The Treasury pursuant to Title 26, USC
§ 7701 (a)(12) to perform the Secretary
of the Treasury's "function" of authorizing
Springer or SLCA to be sued to collect
Taxes based upon a purported assessment
and a lien, as required by Congress at
Title 26, USC § 7401 for an action to be authorized.

        D. No Office of "Area Counsel" or
        "Division Counsel" to defeat Title
        4, USC § 72's prohibition.

    There is no law that establishes an
"office" of th Secretary of the Treasury
named "Area Counsel" or "Division Counsel"
that withstands Title 4, USC § 72's
Prohibition against offices at th seat
of government being prohibited from
exercising such office outside the
District of Columbia. Not one.
    Neither Congress or the Secretary
of th Treasury have established by
law or regulation the existence of an
"Area Counsel" office or "Division Counsel"
office outside the District of Columbia
    The Secretary has never delegated
directly, or by a redelegation, or two
or more, anyone in an "Area Counsel" office
or "Division Counsel" office be a delegate
of the Secretary of the Treasury delegated
the function to authorize an action
to collect taxes under 7401, 7402 and 7403,

E. Elizabeth Downs not a delegate
of the Secretary of the Treasury
authorized to perform function
under Section 7401 and 7403 outside D.C.

   Elizabeth downs is not a "delegate" of the
Secretary of the Treasury authorized to perform
the "function" of authorizing a civil action
for the Collection of taxes, including enforcement
of a Lien to Judgment as alleged in the
Two complaints filed in this case outside D.C.
   Elizabeth downs is not a person delegated
to perform the function required by Title 26,
USC § 7401, as Metcalfe declares in his
declaration filed on August 27, 2008.
   This Court is prohibited from having
jurisdiction over both Complaints because
the Secretary of the Treasury did not authorize
either Complaint, nor did any person delegated
by the Secretary to perform the "function" of
authorization under Title 26, USC § 7401,
express or issue under that delegated
authority any authorization to bring a
Civil action against Springer or SLCA to
collect taxes owed stemming from 1990
thru 1995, as alleged in the two complaints.
In May, 2008 all liens were released anyway at that time.

   F. Springer was not allowed to
      deny the allegation in an answer
      because the Court granted
      Summary Judgment and denied
      Springer's Pre Answer Motions

   After the Court issued its order on
March 3, 2010, Springer should have
been given time to file an answer to the

13

Complaints. He was not.

Instead, the district court on March 16, 2010, entered "Judgment" and ordered Springer to vacate the property on April 15, 2010.

9 business days after the March 3, 2010 order, Springer was entered judgment against him and his nominee.

Springer has appealed and the Government's brief is due on September 19, 2010. The Moores and Smiths have waived their right to oppose Springer's opposition to The Judgment entered in their favor.

Not only should Springer been afforded to answer the Complaint, after the Court made known its disposition on Springer's pre answer Motions, but Springer's denial of paragraph 2,3, and 4 would have required a trial along with other denials Springer would have made in that answer.

In an action under Section 7401. to recover or collect taxes, "there is a right to a trial by jury in such a case." U.S. v. Anderson, 584 F.2d 369,373 (10th 1978)

The right to trial by jury preserved by the Seventh Amendment is the right which existed under English Common Law. Id

The Seventh Amendment questions turn on the nature of the issue. Id An action by the crown to recover a judgment for taxes was a suit at common law in which the right to jury trial existed. Id

Anderson was allowed to file an answer while this Court prevented Springer or SLCA from answering by its March 16, 2010 order. 9 business days after its March 3, 2010 order A motion to reconsider was also in order until this Court prematurely entered judgment.

14

G. Court had set for Jury Trial

This Court set Jury Trial in July, 2009 and struck same. Doc. 170, There is no doubt Springer asked for a Jury Trial in Scheduling order presented by both parties.

Springer had a right to move prior to answer "or otherwise plead" and did not ever receive the chance to answer. Para. 2,3,4 are denied

H. Court's Order of March 3, 2010 and March 16, 2010 is silent on Jurisdiction

This Court did not address it's Jurisdiction in it's order of March 3, 2010 or March 16, 2010. This Court has an independent duty to do so. See Skrzypczak, 92 F.3d at 1050; Citizens, 625 F.2d at 1301; Amazon, 273 F.3d at 1276 At any time. See Fed. R. Cv. Pr. _____

Conclusion

Lindsey K. Springer and SLCA request this Court order Springer file an answer; that if Springer deny para. 2,3, and 4, as to Jurisdiction, this Court direct a jury trial on whether Elizabeth Downs was an authorized delegate of the Secretary to perform function under Title 26, USC § 7401 for the Secretary outside the District of Columbia; or because no evidence exists Elizabeth Downs is such a delegate, dismiss the complaint for want of jurisdiction; or because Springer is on appeal this Court should certify to the Tenth Circuit in 10-5037 its intention to grant Springer's Motion so remand can occur, or dismiss the complaints, cross claims and counter claims for lack of Jurisdiction, vacating its Judgment dated March 16, 2010.

15

## Certificate of Service

I hereby Certify that I mailed on September 16, 2010, Springers brief and supplemental brief Supporting his Motion to Vacate and dismiss. For lack of Jurisdiction to the Clerk's office at 353 W. 4th St, Tulsa Oklahoma, 74103.

I further Certify that all parties to this case receive service through this Courts ECF System.

James Strong
Robert D. Metcalf
Allen Mitchell.



16