IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 4:08-cv-00278-TCK-PJC |
| | ) | |
| LINDSEY K. SPRINGER, *et. al.* | ) | |
| | ) | |
| Defendants. | ) | |

**UNITED STATES' RESPONSE IN OPPOSITION TO
DEFENDANT MORTGAGEES' MOTION FOR ATTORNEY FEES**

The third-party defendants, William T. and Janeth Smith and Martha F. Moore, individually and as Trustee of the Martha F. Moore Revocable Trust (collectively the "mortgagees"), seek an attorney fees award against Springer.[1] (Doc. # 196). The mortgagees also seek to draw their fees from the proceeds of the foreclosure sale of Springer's property ordered by this Court. The United States opposes the mortgagees' motion insofar as it argues their attorney fees claim enjoys priority over the tax liens. Because the mortgagees' claim for attorney fees is at best an inchoate lien against the property, it cannot enjoy priority over the federal tax liens. *United States v. Pioneer American Ins. Co.*, 374 U.S. 84 (1963). If the Court finds that the attorney fee claim is choate and has priority over the federal tax liens, then the United States disputes the reasonableness of the fees sought.

**I. Statement of Facts**

The United States filed this suit to reduce to judgment tax assessments made against Lindsey K. Springer and to foreclose federal tax liens encumbering certain real property in Creek County,

---

[1] Springer has filed a separate brief in opposition to the mortgagees' motion, but the United States will not address the issues raised by him. (Doc. # 201).

1                                                           5935311.1

Oklahoma, belonging to Springer but nominally titled in the name of the S.L.C.A. Family Trust. The United States named the mortgagees as defendants because they had an interest in the property, namely a 1994 mortgage that Springer assumed on July 30, 1996. 26 U.S.C. § 7403(b). According to the mortgagees, Springer discontinued payments on the mortgage in February 2008. (Docs. # 154, 179).

The United States' tax liens arose against Springer upon their assessment, namely May 29, 1997 and April 9, 1998. 26 U.S.C. § 6321. The IRS filed notices of federal tax lien in Creek County to protect its interests *vis-a-vis* third parties such as the mortgagees. 26 U.S.C. § 6323. The IRS erroneously filed certificates of release of federal tax lien on August 1, 2008, which the IRS then revoked on August 4, 2008 because Springer had not satisfied any of the conditions to release the lien. 26 U.S.C. § 6325(a) and (f)(2). Also on August 4, 2008, the IRS filed new notices of federal tax lien in Creek County against both Springer and the S.L.C.A. Family Trust with respect to Springer's delinquent tax liabilities. 26 U.S.C. § 6323.

This Court granted summary judgment in favor of the United States and the mortgagees on March 3, 2010, reducing to judgment the tax assessments made against Springer and ordering the foreclosure of the Creek County property. (Doc. # 179). On March 16, 2010, the Court entered an Order of Sale directing the IRS to conduct the sale of the property. (Doc. # 181). In that Order, the Court provided that the order of priority for the sale proceeds was: 1) the IRS's expenses in selling the property, 2) Creek County for any outstanding *ad valorem* taxes, 3) the mortgagees for outstanding principal and interest on their mortgage, 4) the United States for payment of Springer's tax liabilities. (Doc. # 181). If any proceeds remain, then the funds are to remain with the Court awaiting further order. (Doc. # 181).

**II. Discussion**

   *A. The United States' tax liens have priority over any attorney fees awarded to the mortgagees.*

The United States' tax liens have priority over any attorney fees that could be awarded to the mortgagees because the attorneys fee claim is inchoate.[2] A federal tax lien's priority *vis-a-vis* a lien created under state law is governed by the rule "first in time is the first in right." *United States v. City of New Britain*, 347 U.S. 81, 85-86 (1954). Further, "choate state-created liens take priority over later federal tax liens, while inchoate liens do not." *Pioneer American*, 374 U.S. at 88; *accord United States v. Central Bank of Denver*, 843 F.2d 1300, 1307 (10th Cir. 1988). Federal law governs when a state-created lien has become choate as to defeat a federal tax lien. *Id.* A choate lien arises "when the identity of the lienor, the property subject to the lien, and the amount of the lien are established." *New Britain*, 347 U.S. at 84; *accord United States v. McDermott*, 507 U.S. 447, 449 (1993). The mortgagees' attorney fee claim here is inchoate because the amount of the lien has not yet been established and therefore, it cannot predate the renewed notices of federal tax lien filed in August 2008.

   *Pioneer American* is illustrative. Like Springer's mortgage here, the mortgage assumed by the taxpayer in *Pioneer American* had a clause allowing "reasonable attorney fees" in the event of default and a foreclosure brought by the mortgagee. 374 U.S. at 85. Pioneer American filed suit to foreclose the mortgage, naming the Government as a defendant because it had filed notice of two

---

   [2] The United States conceded, and this Court ruled, that the United States' tax liens are subordinate to the principal and interest on the mortgage assumed by Springer. (Docs. # 179, 181). Pursuant to 26 U.S.C. §§ 6323 and 6325(f)(2), the United States' notices of federal tax lien are effective against the mortgagees as of August 4, 2008, when the IRS filed notices of federal tax lien after the IRS erroneously released the lien. *See also* 26 C.F.R. § 301.6325-1(f)(2)(iii)(b).

federal tax liens after the taxpayer had first defaulted on the loan. *Id.* at 85-6.  The Supreme Court held that the tax lien held priority over the contractual attorney fee claim (even though it became enforceable upon the mortgagor's default) because "the amount of the lien for attorney's fees was undetermined and indefinite when the federal tax liens in question were filed" even though the identity of the lienor and the property could be determined. *Id.* at 90.  Until a court ordered a liquidated amount, an attorney fees lien could not defeat the federal tax lien. *Id.* at 92.

Like *Pioneer American*, the amount of any attorney fees have not been fixed in this case and thus, do not enjoy priority over the federal tax liens.  In fact, the mortgagees seek an order through the present motion to fix the amount of an attorney fee award.  Thus, under *New Britain* and *Pioneer American*, any claim they have now is inchoate.  Even if this Court orders reasonable attorney fees pursuant to the mortgage, the lien created from the order does not relate back such that it would predate the notices of federal tax lien filed against Springer's property in 2009.[3]  *See Pioneer American*, 374 U.S. at 90.  Therefore, even if the Court ultimately awards attorney fees to the mortgagees, the United States should remain in fourth priority for proceeds from the sale of the property, after 1) the IRS's expenses in conducting the sale of the property, 2) Creek County for any outstanding *ad valorem* taxes, and 3) the mortgagees for outstanding principal and interest on their mortgage.  (Doc. # 181).

---

[3] Although the mortgagees did not raise the issue in their motion, any claim for attorney fees under Oklahoma law would also not enjoy priority over the United States' tax liens for the same reason as the contractual claim – the lien is inchoate because the attorney fee amount is undetermined and indefinite.  *United States v. Equitable Life Assurance Society*, 384 U.S. 323, 328-30 n. 3 (1966) (holding that New Jersey statute similar to Oklahoma statute providing for attorney fees in foreclosure action as costs does not govern priority of federal tax liens over such claims).

*B. The amount of the mortgagees' attorney fees claims is not reasonable.*

Because the mortgagees in effect seek to take funds that would be otherwise used to pay Springer's tax liabilities, the United States objects to the amount of attorney fees claimed.[4] The mortgagees seek an award almost six times the amount of the outstanding portion of the mortgage and 14 times the amount of $2,500 fixed in the mortgage as a "reasonable attorney fee" if they pursued foreclosure, which they did not even though Springer had discontinued payments three months before the United States filed its action. (Doc. # 196, Ex. 2). The party seeking an attorney fee award must demonstrate the fee's reasonableness. *In re Adoption of Baby Boy A*, 236 P.3d 116, 126 (Okla. 2010). In Oklahoma, "an attorneys' fee must bear some reasonable relationship to the amount in controversy." *Sw. Bell Tel. Co. v. Parker Pest Control, Inc.*, 737 P.2d 1186, 1189 (Okla. 1987). Furthermore, in awarding attorney fees, the Court must consider more than the time spent, but also litigation risk, including "assessing the likelihood of success at the outset of representation" amongst other factors. *Oliver's Sports Center, Inc. v. National Standard Ins. Co.*, 615 P.2d 291, 294 (Okla. 1980); *see also Robert L. Wheeler, Inc. v. Scott*, 777 P.2d 394, 395-98 (Okla. 1989).

The attorney fees claim bears no relationship to the amount at issue and the mortgagees were likely to prevail from the moment the United States filed the complaint. Apart from the United States' tax claims, the instant case concerned a virtually uncontested mortgage with respect to which the unpaid balance amounted to less than $6,000, inclusive of principal and interest. While Springer filed a plethora of frivolous filings, virtually all of the motions concerned the United States' claims, not the mortgagees'. The mortgagees were likely to prevail from the beginning. The United States

---

[4] The itemized charges sought by the mortgagees also bear scrutiny. For example, the mortgagees list entries in October and early November 2009 for attorney fees incurred as part responding to a subpoena in a criminal trial involving Springer that has no relevance to this case.

conceded the priority and validity of the mortgage *vis-a-vis* the tax liens. To prove that the parties orally agreed to alter the mortgage's terms, the mortgagees had copies of credit memoranda showing that Springer had continued to make payments on the mortgage for seven years after a balloon payment came due in 2001. (Doc. # 179). Springer was unable to produce evidence to the contrary. Springer only filed a frivolous motion to dismiss the mortgagees' cross-claim on procedural grounds, and in his summary judgment motion, Springer did not address their claims. (Docs. # 121, 161, 162). Only when the mortgagees filed for summary judgment (over points the United States conceded) did Springer challenge the substance of their claims.  While the mortgagees participated in the action to protect their rights to the property, the amount of the fees sought bear no relationship to the initial, strong likelihood of success or the amount of the mortgage still outstanding.

### III. Conclusion

The Court should find that any attorney fee award against Springer and in favor of the mortgagees is subordinate to the United States' tax liens.

Dated: September 22, 2010.

                                             Respectfully submitted,

                                             THOMAS S. WOODWARD
                                             United States Attorney

                                             s/ James C. Strong
                                             JAMES C. STRONG, ID # 7428
                                             Trial Attorney, Tax Division
                                             U.S. Department of Justice
                                             P.O. Box 7238, Ben Franklin Station
                                             Washington, D.C.  20044
                                             Telephone: (202) 514-9953
                                             Facsimile: (202) 514-6770
                                             Email: james.c.strong@usdoj.gov

**CERTIFICATE OF SERVICE**

IT IS HEREBY CERTIFIED that the foregoing **UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT MORTGAGEES' MOTION FOR ATTORNEY FEES** was filed with the Clerk of the Court electronically today, **September 22, 2010,** such that a service copy was sent by way of the electronic filing system to all parties who have arranged for electronic service of filings. The foregoing has also been served on the non-CM/ECF participants in this civil action by mailing a true and correct copy thereof by first-class mail, postage prepaid, to the following:

> Lindsey K. Springer, individually and as Co-Trustee of the S.L.C.A. Family Trust
> Inmate # 02580-063
> FCI-Big Springs
> 1900 Simler Avenue
> Big Springs, TX 79720
>
> Ms. Regina M. Carlson, Individually and as Co-Trustee of the S.L.C.A. Family Trust
> 1003 Westland Road
> Sapulpa, OK  74066

> s/ James C. Strong
> JAMES C. STRONG, ID # 7428
> Trial Attorney, Tax Division
> U.S. Department of Justice
> Post Office Box 7238
> Ben Franklin Station
> Washington, DC  20044