In The United States District
Court Northern District of Oklahoma

United States of America

v.

Lindsey Kent Springer, et al

08-CV-278

**FILED**

SEP 27 2010

Phil Lombardi, Clerk
U.S. DISTRICT COURT

Springer's opposition to United States' Response to Moore Trust and Smith Motion to Clarify.

Lindsey Kent Springer's ("Springer") opposition to the United States response to Moore Trust and Smiths Motion to Clarify.

The United States Tax Division is clearly speaking for the Moore Trust and Smiths. They characterize the Motion as the Third-Party defendants Resp at 1. They also direct rule 60(b) allows the Court to amend its order now on appeal where the opening brief is due by the Government on October 13, 2010.

The United States also admits this Court's only Jurisdiction is under 26 U.S.C. 7401 and 7403. Resp. at 1

Springer has moved to dismiss for lack of Jurisdiction under Title 26 USC §7401 and §7403. This Court has a continuing duty to address Jurisdiction. Springer has also moved to to strike the response because it erroneously states Scott Woodward is the U.S. Attorney. The Tulsa World on August 22, 2010 reported Mr. Woodward was "acting."

Unless Mr Woodward is appointed by some federal statute he is not acting.

①

The Moore Trust and Smiths Mineral Rights are not before the Court. This Court has no jurisdiction to decide the mineral rights of the Moores and Smiths over the property owned by SLCA.

There is obviously discrepancies in the evidence of ownership of Mineral Rights. At no time was the mineral rights alleged by the United States in their amended complaint.

The Mineral Rights at best originate to W.T. Moore and W.T. Smith. Movants Exh. 1. W.T.'s mineral Rights are not at issue.

There is no evidence before the Court that W.T. Moore's interest in anything, including Mineral Rights of land described in Exhibit 1, was ever transferred to the Moore Trust.

This issue is simply not before the Court by the Amended Complaint which first suffers for want of Jurisdiction at § 7401 and 7403.

## Conclusion

This Court lacks jurisdiction over the Complaint, Amended Complaint, as it was not authorized by any District Director, delegation or redelegation, and certainly has no jurisdiction to decide the mineral rights of W.T. Moore and W.T. Smith in SLCA's property. No proper delegate of the Attorney General authorized the Amended Complaint.

Respectfully Submitted

*[signature]*

2.

Certificate of Service

I hereby Certify that Springer's Response in opposition to United States Response to Moore Trust and Smith's Motion to Clarify was mailed to the Court Clerk at 333 W. 4th St, Tulsa, Okla 74103.

I further Certify all parties will receive service of this filing through this Courts ECF System;

Robert D. Metcalfe
James C. Strong
Allen Mitchell

dated 9.23.10

*/s/ Lindsey K. Springer*

3