IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 4:08-cv-00278-TCK-PJC |
| | ) | |
| LINDSEY K. SPRINGER, *et. al.* | ) | |
| | ) | |
| Defendants. | ) | |

**UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT SPRINGER'S MOTION TO VACATE SALE, TO VACATE JUDGMENT AND TO DISMISS, AND TO STRIKE AND RESTRAINT**

The United States submits this response in opposition to the defendant, Lindsey K. Springer's Motions: 1) to Vacate Sale and to Comply with Treasury Regulations in Sale of Property (Doc. # 198); 2) to Vacate Judgment and to Dismiss for Lack of Jurisdiction (Doc. # 202), and; 3) to Strike and Restraint [*sic*] (Doc. # 208). Springer seeks to thwart the Government from taking further action on the judgment entered by this Court, which reduced to judgment certain tax assessments made against Springer and foreclosing tax liens on Springer's real property in Creek County, Oklahoma, titled in the name of his nominee. (Doc. # 180). Because Springer relies solely on tax protester rhetoric as grounds for relief, the Court should deny all three.

**ARGUMENT**

*A. Motion to Vacate Sale and to Comply with Treasury Regulations (Doc. # 198)*

Springer moves to vacate any sale of his property in Creek County, Oklahoma. While he devotes most of his motion to rehashing arguments he already made and lost before summary judgment, Springer bases his argument on the theory that because the position of IRS District Director no longer exists, the IRS cannot comply with Treasury Regulations concerning the sale of

taxpayers' property. He also claims that he has not received notice of the sale, even though the Court issued a judgment against him and ordered the sale of his property without the right of redemption. (Doc. # 180). Springer's arguments are frivolous. This Court directed the IRS to sell the property in accordance with 28 U.S.C. §§ 2001 and 2002 to effect its judgment. (Doc. # 181). After the sale, the United States will submit a motion requesting that the Court confirm the sale, detailing the steps that the IRS took to comply with the Court's order. Regardless, the bureaucratic restructuring of the IRS does not prevent it from taking actions authorized by the Internal Revenue Code to collect taxes. *Cf. United States v. Barry*, 2009 WL 1767581, *2 (M.D. Fla. 2009), *aff'd*, 371 Fed. Appx. 3 (11th Cir. 2010) (unpublished) ("the bureaucratic restructuring of the Internal Revenue Service authorized by the Internal Revenue Service Reform and Restructuring Act of 1998 did not eliminate the statutory requirement that defendant file tax returns under the circumstances set forth in the tax statutes"). Springer's motion should be denied.

### *B. Motion to Vacate Judgment and to Dismiss for Lack of Jurisdiction (Doc. # 202)*

Springer moves to vacate the Court's judgment and to dismiss the United States' complaint for want of jurisdiction. (Doc. # 202). He does not cite any rule under which he can seek relief, but his motion appears to be a motion under Fed. R. Civ. P. 60(b)(4). Springer bases his motion on the theory that the Internal Revenue Service did not authorize the present action pursuant to 26 U.S.C. § 7401. The United States has previously submitted for the record the IRS's authorization for this lawsuit. (Doc. # 34, Ex. A). Now, Springer contends that the attorneys in IRS Chief Counsel's Office are not delegates of the Secretary of Treasury and that it cannot exercise any authority outside the District of Columbia. Springer's arguments are frivolous and should be summarily denied. *See United States v. Dawes*, 161 Fed. Appx. 742, 746 (10th Cir. 2005) (unpublished) (holding that

similar argument was frivolous and not meriting further comment, citing *Lonsdale v. United States*, 919 F.2d 1440, 1448 (10th Cir. 1990)).

### C. *Motion to Strike and Restraint (Doc. # 208)*

Springer seeks to strike the United States' response to the third-party mortgagees' motion to clarify, docketed as Entry # 200. He further requests that the Court restrain the undersigned counsel from any further filings in this matter. Springer claims that no attorney can represent the United States in the Northern District of Oklahoma because Congress has not confirmed a United States Attorney for this district. Springer is wrong because "the conduct of litigation in which the United States . . . is a party . . . is reserved to officers of the Department of Justice, under the direction of the Attorney General." 28 U.S.C. § 516. Furthermore, under 28 U.S.C. § 517, ". . . any officer of the Department of Justice[ ] may be sent by the Attorney General to any State or district in the United States to attend to the interest of the United States in a suit pending in a court of the United States." Undersigned counsel may represent the United States in this action. Springer's purported basis to strike the United States' response is baseless and his motion should be denied.

## CONCLUSION

Springer has only presented more tax protester rhetoric to argue that the judgment for unpaid taxes entered against him is invalid. Accordingly, Springer's motions, docketed as Entries # 198, 202, and 208 should be denied.

Dated: October 1, 2010.

    Respectfully submitted,

    THOMAS S. WOODWARD
    Acting United States Attorney

    s/ James C. Strong
    JAMES C. STRONG, ID # 7428
    Trial Attorney, Tax Division
    U.S. Department of Justice
    P.O. Box 7238, Ben Franklin Station
    Washington, D.C.  20044
    Telephone: (202) 514-9953
    Facsimile: (202) 514-6770
    Email: james.c.strong@usdoj.gov

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that the foregoing **UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT SPRINGER'S MOTION TO VACATE SALE, TO VACATE JUDGMENT AND TO DISMISS, AND TO STRIKE AND RESTRAINT** was filed with the Clerk of the Court electronically today, **October 1, 2010,** such that a service copy was sent by way of the electronic filing system to all parties who have arranged for electronic service of filings. The foregoing has also been served on the non-CM/ECF participants in this civil action by mailing a true and correct copy thereof by first-class mail, postage prepaid, to the following:

    Lindsey K. Springer, individually and as Co-Trustee of the S.L.C.A. Family Trust
    Inmate # 02580-063
    FCI-Big Springs
    1900 Simler Avenue
    Big Springs, TX 79720


    Ms. Regina M. Carlson, Individually and as Co-Trustee of the S.L.C.A. Family Trust
    1003 Westland Road
    Sapulpa, OK 74066


                                                  s/ James C. Strong
                                                  JAMES C. STRONG, ID # 7428
                                                  Trial Attorney, Tax Division
                                                  U.S. Department of Justice
                                                  Post Office Box 7238
                                                  Ben Franklin Station
                                                  Washington, DC 20044