IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,                                    )
                            Plaintiff,      )
-vs-                                                                              )
                                          )
(1) LINDSEY K. SPRINGER, Individually             )
and as Co-Trustee of the S.L.C.A. Family          )   Case No. 08-CV-278-TCK-PJC
Trust; (2) REGINA M. CARLSON, as                    )
Co-Trustee of the S.L.C.A. Family Trust;          )
(3) MARTHA F. MOORE, Individually and        )
as Trustee of the W. T. Moore and Martha F.     )
Moore Revocable Trust dated June 12, 2002;     )
(4) W. T. SMITH; and (5) JANNETH S. SMITH,    )
                                          )
                       Defendants.  )

## REPLY TO RESPONSE OF UNITED STATES TO
## DEFENDANT MORTGAGEES' MOTION FOR ATTORNEY FEES

The United States objects to the attorney fee sought by the third-party mortgagees as being unreasonable in amount and being inchoate lien claim for attorney fees..

Allen Mitchell, as attorney for he mortgages, agrees that the amount of attorney fees submitted is significantly in excess of the outstanding mortgage amount owed to the mortgagees. The time and billing records submitted cover the period from attorney's first involvement in this case through August 23, 2010. No claim is made for work done by attorney for mortgagees after August 23, 2010. The billing was submitted for this Court to consider under its power and responsibility to determine the reasonable fee attorney fee in this case.

The mortgage at issue is an Oklahoma mortgage.  The mortgagees asserted their mortgage claim under the provisions of the mortgage contract which allows for "a reasonable attorney fee, in addition to other sums due, which are secured hereby". (Doc. 196, Exhibit 2; and set forth in larger type at Doc. 196, page 3).  The attorney fee claim is not limited to the fixed attorney provided for in case of foreclosure under the Oklahoma Power of Sale Mortgage Foreclosure Act.  (Title 46 O.S. § 43, et seq.)  Actions which are not brought under that Act are a judicial foreclosure and are subject to "the 'reasonableness' standard set forth in 42 O.S. § 176" to set and determined by the Court. (*Marvel v. Milken*, 1994 OK CIV APP 150, ¶ 10; 889 P.2d 903, at 905-906).  Attorney does request a reasonable fee as determined by this Court.

The United States suggests that the attorney fee claim of mortgagees fails because the claim is inchoate, having been not determined in amount before the federal tax lien was created.  The federal tax lien claim against the real property in question was not determined and allowed until this Court's Opinion And Order of March 3, 2010.  (Doc. 179).  The mortgagees held a 1994 mortgage against property conveyed to S.L.C.A. Family Trust.  No title of record was held by Lindsey K. Springer.  It was not until the filing of Opinion And Order of this Court that the previously filed federal tax liens were effective and could be enforced against the property owned by S.L.C.A. Family Trust, since the Trust was determined to be the nominee of Springer.  (Doc 179, Page 30).

On March 3, 2010, this case had been pending for 22 months, since March 5, 2008. The federal tax lien against the real property did not mature and become effective against the real property until this Court's said Opinion And Order and this Judgment. (Doc. 180).  Once the litigation started in this case and mortgagees were made made parties, they had only the forum of this Court to assert their mortgage claims.  Had this

-2-

Court determined that S.L.C.A. Family Trust was not the nominee of Lindsey K. Springer, the mortgagees could have pursued their rights against S.L.C.A. Family Trust in the Oklahoma courts. The rights of the mortgagees in to proceed were, so to speak, on hold until the rulings of this Court on the claims of the United States. The rights of the United States to be "first in time" and thus "first in right" as against the real property were not fixed until entry of the said Opinion And Order and entry of Judgment.

The attorney fee claim of mortgagees under Oklahoma law has the same priority as collection of the mortgage principal and interest.

> In an action brought to enforce any lien the party for whom judgment is rendered shall be entitled to recover a reasonable attorney's fee, to be fixed by the court, which shall be taxed as costs in the action. (Title 42 of Oklahoma Statutes, Section 176).

Once recovery was allowed on the mortgage against the property, the law provides for recovery of attorney fees taxes as costs in the case. However, the amount of attorney fees allowed, must be reasonable under the circumstances in the case, and determined under the standards of *State ex rel. Burks v. City of Oklahoma City*, 1979 OK 115, set forth in mortgagees' Motion for attorney fees. (Doc. 196, page 5).

## CONCLUSION

Mortgagees should be awarded a reasonable attorney fee as determined by the Court under the facts and circumstances in this case. Attorney for mortgagees is mindful that the time and billing records submitted are much greater than the recovery which may be received by the mortgagees, and is mindful of the Court's determination the Springers owes the IRS more than $380,000 plus interest and statutory additions, and that the real property sale, if closed, likely netted less than $100,000.

This Court should allow mortgages to recover a reasonable attorney fee as determined by the Court.

Dated this October 5, 2010.

_Allen Mitchell_
Allen Mitchell   OBA # 6264
P. O. Box 190
Sapulpa, Oklahoma  74067
Telephone:  918-224-5750
Fax:    918-224-5752
abmitchell20@yahoo.com
Attorney for the W. T. Moore and
Martha F. Moore Revocable Trust dated
        June 12, 2002    and
W. T. Smith and Janneth S. Smith
Cross Claimants (Mortgagees)

-4-

## Certificate of Service

I certify that on October 5, 2010, a true and correct copy of the foregoing

### REPLY TO RESPONSE OF UNITED STATE TO DEFENDANT MORTGAGEES MOTION FOR ATTORNEY FEES

was electronically filed with the Clerk of the Court using the CM/ECF system, and I forwarded a true and correct copy by electronic mail to Robert D. Metcalfe at Robert.D.Metcalfe@usdoj.gov and to James.C.Strong@usdoj.gov, who have arranged for such service.  Attorney does not at this time have an electronic mail address for Lindsey K. Springer.

A true and correct copy of the foregoing described document was mailed by U.S. Mails, with postage fully prepaid thereon, to the following:

Lindsey K. Springer, individually and as Co-Trustee of the S.L.C.A. Family Trust
# 02580-063
FCI - Big Springs
1900 Simler Avenue
Big Springs, TX 79720
          and to
Regina M. Carlson, individually and as Co-Trustee of the S.L.C.A. Family Trust
1003 Westland Road
Sapulpa, OK 74066

_____

PO Box 190
Sapulpa, OK 74067

-5-