In the United States District Court
For The Northern District of Oklahoma

USA

4:08-CV-00278-TCK
PJC

**FILED**

v.

NOV 29 2010

Lindsey Kent Springer, et al.

**Phil Lombardi, Clerk**
**U.S. DISTRICT COURT**

Springer's Opposition to Motion
For order to confirm Sale and
other objections

Lindsey Kent Springer ("Springer") files
his opposition to the sale of the
20 acre "property" described in the Amended
Complaint and at issue in this Courts
order of March 13, 2010 and March 16, 2010.
A declaration accompanies this opposition.
A. This Courts order and Judgment directs

"the above-described property will be
sold by further order of the Court"
Doc 180, pg 2

1. Opposition to Jurisdiction

It is well Known this Court waited
from July, 2008 to March 3, 2010, to rule
on Springer's pre answer Motion to Dismiss.
See Doc 11, 12, 13 compared to Doc. 180.
There is no question that Springer had
a right to challenge certain procedure prior
to answering the Complaint and Amended
Complaint. See Federal Rules of Civil P.
12 (b).

2. Complaint

___Mail    ___No Cert Svc    ___No Orig Sign

___C/J    ___C/MJ    ___C/Ret'd    ___No Env

___No Cpys    ✓No Env/Cpys    ___O/J    ___O/MJ

1

The United States of America ("President") filed his complaint on May 9, 2008. Doc. 2 This Complaint alleges a delegate of the Secretary authorized Robert D. Metcalfe to seek collection of taxes from Springer. Doc. 2, pg 1-2. This is false.

Title 26 § 7401 prohibits the complaint unless the Secretary authorizes the action be taken and the Attorney General directs the action. No Secretary's delegate appears.

Springer has pending before this Court a Motion to Vacate this Courts order of March 3, 2010 and March 16, 2010. No order to sell the property has ever been served on Springer but apparently the property has been sold without such order.

Title 26 § 7402 gives the District Court in the District of Columbia jurisdiction to "enforce internal revenue laws."

Title 26 § 7403 provides the Secretary may authorize an action to "enforce a lien."

3. Who is the IRS?

To answer this question the Secretary of the Treasury must be established. It is the Secretary of the Treasury is to enforce and administer the internal revenue laws. The IRS is organized to carry out the internal revenue laws. U.S. v. Euge 444 U.S. 707, 719 (N.3) (1980) The Secretary proceeds through each Internal Revenue District concerning internal revenue tax. U.S. v. Bisceglia, 420 U.S. 141, 145 (1975) "Every collector within his collection district shall see that all laws and regulations relating to the collection of Internal

revenue Taxes are fully executed." U.S. v. LaSalle N.B. 437 US 298, 310 (1975) "Within the extended limits of this Country are numerous collection districts. Cary v. Curtis 3 Howard 236, 242 (1845)

The IRS Structure is located through "Title 26, §§ 7801-7810; 26 CFR Part 600." Lonsdale v. U.S. 919 F. 2d 1440, 1448 (10th Cir. 1990) The Secretary of the Treasury and Commissioner of Internal Revenue are charged with administering and enforcing the Tax Laws. See 26 U.S.C. § 7801 and 780[3]. LaSalle, Id

## 4. office of Secretary

The office of the Secretary of the Treasury is created at the seat of Government in the District of Columbia. See Title 31, § 301. See also Title 4, § 71

## 5. 26 CFR § 601.101

The Internal Revenue Service is created by the Secretary of the Treasury through his authority at Title 26, § 7805. See Snyder v. IRS, 596 F. Supp 240, 247 (N.D. Ind. 1984) The IRS is Created at 26 CFR § 601.101 (2000-2010) which says:

"The Internal Revenue Service is a bureau of the Department of the Treasury under the immediate direction of the Commissioner of Internal Revenue. The Commissioner has general superintendence of the assessment and collection of all taxes imposed by any law providing

internal revenue. The Internal Revenue Service is the agency by which these functions are performed. Within an internal revenue district the internal revenue laws are administered by a district director of internal revenue."

See also Lonsdale 919 F.2d at 1448 ("26 CFR Part 100.")

Congress placed in the office of President the decision to establish Internal Revenue Districts at Title 26, § 7621(a) and (b). See Hughes v. US 953 F.2d 531, 542 (9th Cir. 1992)

The President has never created Internal Revenue Districts. By Executive Order 10289 and 10574, the President directed the Secretary of the Treasury to creat each Internal Revenue District. See 26 CFR § 301.7621-1 (2000-2010). Each Internal Revenue District is to have a office of District Director. See Title 26, § 7514, The official seal for each director is to be issued by the Secretary. See 26 CFR § 301.7514-1. See March v. IRS 335 F.3d 1186, 1189 (10th Cir. 2003)("The regulations further provide that courts must take judicial notice of the various seals of the IRS, 26 CFR 301. 7514-1(c),(d).").

The Secretary is to administer and enforce the internal revenue laws, Title 26, USC Sec. 7805. See Monroe Cider v. Riordan 280 F.624 (2nd Cir 1922); Aluminum Co. of America v. US, 514 F.3d 1119, 1124 (10th Cir. 2008)

6. Office of Commissioner

The office of Commissioner of the Internal Revenue is created in the District of Columbia in the Department of the Treasury at Title 26, § 7803 (formerly 7802).

7. Restructuring and Reform Act of 1998.

Citing out of control abuses by employees in each Internal Revenue District, Congress directed the Commissioner make changes to the "existing organization of the Internal Revenue Service which is based on a national, regional, and district structure." Public Law 105-206 § 1001(a), 112 Stat. at 689.

The Restructuring and Reform Act of 1998 (RRA-98) contains a "savings provision" stating all Treasury Regulations and Rules then in force;

"Shall continue in effect according to their terms until modified, terminated, superceded, set aside, or revoked in accordance with law by the President, the Secretary of the Treasury, the Commissioner of Internal Revenue, or other authorized official, a court of competent jurisdiction, or by operation of law."
Id. at 689-690

8. Abolishing of Internal Revenue Districts in 2000.

This Court knows full well its orders of March 3, 2010 and March 16, 2010,

5

which were served on Springer directing
Springer to vacate his home on April
15, 2010, did not address its Jurisdiction
or the fact all Internal Revenue Districts,
including "Arkansas-Oklahoma" were
abolished in late 1999 or early 2000.

The Secretary issued Treasury Decision
9156 on September 16, 2004 removing any
reference to Internal Revenue District or
District Director from 26 CFR § 1.6091-2
(place to deliver forms); See also the
Testimony of David C. Williams, Inspector
General, Treasury Inspector for Tax
Administration, dated May 8, 2001.
Implementation of the Restructuring and
Reform Act of 1998, Joint Hearing before
both Houses of Congresses.

On February 26, 2007 the Secretary
published Internal Revenue Bulletin 2007-9
which reads in part:

"the existing permanent regulations
under Sec. 6325 and 6503(f) employ
the title 'district director' in numerous
instances, in indicating the highest
official of a local office of the IRS.
That title was used under an organizat-
ional structure of the IRS that no
longer exists."

On August 27, 2007, the Secretary
clarified 26 CFR § 1.6411 under Treasury
Decision 9355, Reg. #118886-06 explaining
the changes were made to:

"remove all reference to IRS district

6

director or Service Center director,
as these positions no longer exist
within the IRS."

"The district director office, now defunct,
was responsible for the administration
of all IRS operations within a given
tax district." Allnutt V. CIR, 523 F. 3d
406, 408-14 (F.N.1)(4th Cir. 2008)
On August 5, 2009, the Secretary of
the Treasury gave a Notice of Proposed
Rulemaking at 74 Fed Reg 39003-39004,
explaining the Secretary's Internal Revenue
Service has been changed:

"from a geographical structure to
a structure based on nationwide
jurisdiction of similar types of
taxpayers.

Appellate Attorneys representing the
President in this case on Appeal told
the 10th Circuit in 10-5034

"...the IRS has abolished the position
of 'district director.' to the extent
this argument comes down to the
proposition that the IRS has no
authority to enforce the tax laws,
it is patently meritless."

The President refers this as a "bureacratic
restructuring of the Internal Revenue Service."
The President agrees that the Secretary
"must authorize any proceeding to "collect
taxes. Brf. at 28

7

9. "Secretary"

Congress defined "Secretary" in Title 26 to mean the Secretary of the Treasury, or his delegate. See Title 26, § 7701(a)(11)(B). The term delegate is defined as:

"(A) In general - the term "or his delegate" — (i) when used with reference to the Secretary of the Treasury, means any officer, employee, or agency of the Treasury Department duly authorized by the Secretary of the Treasury directly, or indirectly by one or more redelegations of authority, to perform the function mentioned or described in the context; and (i) when used with reference to any other official of the United States, shall be similarly construed."

See Title 26, § 7701(a)(12).

The Secretary at 26 CFR § 301.7701-9 (2009) entitled "Secretary or his delegate" defines the terms to mean:

"the Secretary of the Treasury, or any officer, employee, or agency of the Treasury Department duly authorized by the Secretary to perform the function mentioned or described in the context, and the term 'or his delegate' when used in connection with any other official of the United States shall be similarly construed."

26 CFR § 301.7701-10 defines "district director" as the delegate of the Commissioner over each internal revenue district.

10. District of Columbia

Title 4, § 72 provides:

"All offices attached to the seat of government shall be exercised in the District of Columbia, and not else-where, except as expressly provided by law."

"This section does not foreclose the exercise of authority by the IRS outside the District of Columbia. The President is authorized to establish internal revenue districts for the purpose of administering the internal revenue laws, and these districts can be created outside Washington, D.C." Hughes v. US 953 F.2d 531, 542 (9th Cir. 1992.

11. 26 U.S.C. § 7621

Section 7621 requires the President to establish "Internal Revenue Districts." These districts are to have boundaries describing "any State" or "two or more States."

12. Collection Function

"Treasury regulations establish voluntary compliance as the general method of

9

income tax collection." U.S. v. Tedder, 787 F.2d 540, 542-43 (10th Cir. 1986) "Congress gave the Secretary of the Treasury the power to enforce the income tax laws through involuntary collection. See 26 U.S.C. Sec. 6301 et seq." Id. The Principal interest is in the collection of Revenue. U.S. v. Calamaro, 354 U.S. 351, 358

The Secretary of the Treasury has delegated all collection functions to the District Director of each Internal Revenue District Through Title 26 CFR § 301.6301-1 (2000-2010)

IR Manual 1.2.44.3 directs delegation order 5.3 as the Source of Authority to levy citing to 26 CFR § 301.6331. This Section directs:

"...the district director to whom the assessment is charged... may proceed to collect the tax by levy..."

13. Regulations

It has been established in a variety of contexts that properly promulgated, Substantive agency Regulations have the "force and effect of law." Chrysler Corp v. Brown, 441 U.S. 281, 295 (1979) Federal Statutes and Regulations lay down the rule as a matter of Federal law. U.S. v. Taylor 828 F.2d 630, 634 (10th Cir. 1987) Statutes and Regulations

are "essential to establishing jurisdiction and venue," U.S. v. Brewer, 486 F. 2d 507, 509 (10th Cir. 1973) The procedures set forth in the Internal Revenue Code were prescribed for the protection of both Government and Taxpayer, U.S. v. Brafman, 384 F. 2d 863, 866 (5th Cir. 1967) When the Government seeks to enforce the laws, it must follow the steps Congress has specified, Reece v. Scoggins, 506 F. 2d 967, 971 (5th Cir. 1975).

"Treasury regulations are binding on the Government as well as on the taxpayer. Tax officials and taxpayers alike are under the law, not above it." Brafman, at 866, Regulations under Section 7805 are owed less deference than a regulation issued under a specific grant of authority to define a statutory term or prescribe a method of executing a statutory provision." Rowan Cos Inc v. US, 452 U.S. 247, 253; See also mckinney v. CIR, 732 F. 2d 414, 417 (10th Cir. 1983)

14, Treasury Regulations on Sale of Property,

26 CFR § 301.7501-1(a) gives the Secretary of the Treasury's charge of all realestate outside the District of Columbia to only District Director over each Internal Revenue District,

26 CFR § 301.7505 directs only the District Director is authorized to sell Springers purported property as

11

the only authorized delegate for the
Secretary of the Treasury outside
the District of Columbia.

26 CFR § 301.7506-1(b)(2) only the
District Director is authorized to give
notice of the Sale of any property
to the public.

26 CFR § 301.6335(b) requires all
notices of Sale be given by the "District
Director."

26 CFR § 601.102 directs the District
Director to:

"apply Statutes, regulations... in the
determination of tax liability, the
collection of taxes..." (2000-2010)

## B. The United States Motion

The President seeks an order to
confirm "the Sale of (1) 20 acre parcel
of real property located in Creek County,
Oklahoma described in the order of
Sale filed March 16, 2010 and to
distribute funds in the Courts registry
as set forth in their motion.

### 1. The order of March 16, 2010.

The Courts order does not direct
the Sale of the property. It states
the property will be Sold by further
order of the Court. Doc 186, pg 2.

### 2. Civil Action

1.2

The President alleges "This is a civil action in which the United States sought to reduce to judgment certain federal tax assessments made against the defendant, Lindsey K. Springer, for a judicial determination that the "SLCA Family Trust" is the taxpayers alter ego or nominee, and to foreclose the tax liens of the United States upon certain real property in Creek County, Oklahoma,.." Doc. 218, pg 1.

3.     The Plaintiff.

The Plaintiff has called itself the "United States of America", "United States", IRS, and Secretary of the Treasury.

4.     PALS

The President states:

"After publishing notice of the sale of the property, the Property Appraisal and Liquidation Specialist ("PALS") of the Internal Revenue Service auctioned the property on August 23, 2010."

C.  SPRINGERS OBJECTION TO PROCEDURE OF SALE.

Who is PALS? Certainly not Springers pal, PALS is NOT a delegate of the

13

Secretary of the Treasury. The President
does not say otherwise. What Statute
and Treasury Regulations creates and
directs PALS's function? The motion
does not say because no delegation exists.
   This Courts order does not say. The
President argued this Court ordered the
Sale to be conducted by the IRS in
accordance with 28 USC §§ 2001 and
2002 to effect its judgment. Doc 209,
pg. 2. The President argued this Court
ordered the Sale without redemption
in its order of March 16, 2010. Doc 209,
pg 2.
   On October 1, 2010 the President stated

   "After the sale, the United States
   will submit a motion requesting
   that the Court confirm the sale.."
   Doc 209, pg 2.

   Now the President states in his
instant motion the sale took place on
August 3, 2010. Doc 218, pg 2.
   There is no office of "Property Appraisal
and liquidation" listed under any order
of delegation by the Secretary of the
Treasury.
   Currently, there is no evidence the
Internal Revenue Service is a delegate
of the Secretary of the Treasury, before
this Court. The President did cite to
Lonsdale v. U.S. 919 F.2d 1440, 1448 (10th
Cir. 1990), doc 209, pg 3, to identify
the Structure of the Secretary's
Internal Revenue Service in or before

1990 but as demonstrated in Lonsdale the Structure is established at Part 600. 26 CFR § 601.101(2010) relies upon district directors to enforce the Internal revenue laws "within an internal revenue district." This is the only IRS!

At no time has the President ever established who the "IRS" he refers is. It is the President who was to establish Internal Revenue Districts to which he has not done. The Court for some reason is being asked to endorse violating both Title 26, United States Code and 26, Code of Federal Regulations, to confiscate Springer's purported home.

This Court has no authority to bypass Title 26. The authorization to bring the action under 7402 is to purportedly enforce the Internal Revenue Laws only.

This Court has no jurisdiction to go outside the Internal revenue laws.

The Subject property has not been sold according to the internal revenue laws.

Springer objects to SLOANE WILKINSON being considered an Internal Revenue Service employee authorized to exercise the office of Secretary of the Treasury inside or outside the District of Columbia.

Springer objects to the "Public Auction Sale", "Notice of", Exhibit 4 which States across the top of it:

"Department of the Treasury – Internal Revenue Service."

15

Exhibit "C" States:

"Department of the Treasury, Internal Revenue Service, Washington D.C."

Exhibit "D" States the Same phrase.

Even if the President had established Internal Revenue Districts Since 2000 including the State of Oklahoma, and he has not, an office would need be established by law in that district for the Secretary of the Treasury to escape the prohibition Congress directs at Title 4, §72. See Hughes, 953 F.2d at 542

The Internal Revenue Service in the District of Columbia is not authorized to exercise any function in the State of Oklahoma.

The Judicial Notice of Sale is Signed by Sloane Wilkinson purporting to be PALS, IRS, officed in Wilmington, N.C. 28403.

Eileen Foy apparently, also a purported PALS office holder in 55 N. Robinson, MS 5113, Oklahoma City, OK 73102, has also been named in by 218-1, pg 12, pg 15, 16, 18.

The phase "Internal Revenue Service" or Department of Treasury Should not have been on any advertisement whatsoever.

The President alleges:

"PALS met the notice and sale requirements in conformity with the law and order of this Court."

What "law" the President is refering
to is unclear, Doc 218, pg 2.
    Springer objects to "confirming the
purported sale and request this court
return the unlawfully obtained proceeds
to".

    "Kayla D. Martin and James D.
Wanner."

The address shows "25758 S. 201st
West Av. Kel. Springer does not know
this address and this address has
never been associated with the subject
property. There was no description in the
newspaper about how to even find the
property which is out in the country.
    The Sapulpa Herold does not have
general circulation in the County of Creek.
The Tulsa World has more circulation
than the Sapulpa Herold. Loopnet.com,
craigslist.com are not proper additional
notices of sale as required by law.
A web cite named "IRS Sales" is
certainly not a proper notice of any
sale.
    These notices do not satisfy any law
requirement. Furthermore, no evidence of
the advertisement is attached, other than
the Sapulpa Herold.
    The declaration of Sloane Wilkinson
erroneously declares "the United States
offered for sale..." The United States
made no such offer.
    The declaration does not have the
other bidders.

The report of Judicial Sale states the Sale was on August 23, 2010 and on August 3, 2010. Doc 218-1, pg 10, para. 1 & 2. This inconsistency shows the facts of even the day of sale is not for certain.

Springer objects to the Internal Revenue Service receiving $2,052.37 without the President establishing who the Internal Revenue Service, as a matter of law, is.

Springer objects to paying 689.00 to the Sapulpa Herold as this was not the paper with the best circulation in the County of Creek.

Springer objects to paying $159.95 for a title search on the property as that search was done before the complaint was filed and was unecessary.

Springer objects to $89.95 to a California Company named Advpnet.

All of these Legal notices were insufficient. Only one had any circulation in Creek County and the requirement is Four. It is evident by the Sale price that the advertisement was insufficient and did not comply with the law in any way.

Springer objects to distribution of $6,497.18 being paid to the Moore Trust and the Smiths $6,497.18.

As Springer objected in his opposition to fees and the Moore claim, oral contracts were prohibited from changing the agreement. Both parties agreed to this principal. Springer never contracted with any Trust.

Springer objects to $6,497.18, or any amount being paid to the Moore Trust or either Smiths based upon the

18

assumption agreement or note as
neither support the claim Springer or
SLCA owes either of then separately or
in total $ 6,497.18.

Furthermore, the President is trying to
justify the Moore Trust and Smith
Claims as one claim. They may be
represented by one attorney but their
claims are distinct.

The notes maturity date is April 15, 2001,
and assumption agreement states:

"Neither this agreement nor any provision
hereof may be changed, altered, waived,
amended, discharged or terminated
orally, but only by an instrument reduced
to writing, signed by all parties."

See Doc. 196, Exh 3, pg 2, para. 7

No writing has been produced because
none exists.

Springer also objects to any proceeds
being "applied" to years 1990-1995.
related to Federal Tax liability, who
is this court asked to tender that money
to? Collection is only authorized to
a district director and no such director
exists.

Just a side note. On November 18, 2010,
in the District of Columbia Circuit
Court of Appeals Springer is told by
Counsel that when asked to explain
IRS Jurisdiction in the absence of
Internal Revenue Districts, the Tax

Division told the panel they had nothing to say.

In Sloane Wilkinson's #8 he finishes by saying "as permitted by law," Doc 218-1, pg 11.

What does this term Law mean? Blacks 7th Edition defines Law as:

"The aggregate of legislation, judicial precedents, and accepted legal principals... the law of the land.. the set of rules or principals dealing with a specific area of a legal system... A Statute..."

Article 1, Section 7 of the Constitution explains how laws are passed or enacted. Title 4, Section 72 prohibits the IRS and Secretary from exercising his office outside D.C. or among the several States unless provided by law.

The President has had 30 months to come up with a law that creates the IRS and allows the assessment or collection to be involuntarily enforced outside the District of Columbia and in the State of Oklahoma to which he has not nor cannot identify because no such law exists. Here is his chance again.

D.                    Conclusion

Springer request this Court first grant his motion to vacate Sale and this Courts order of March 5, 2010 and March 16, 2010, Doc 179, 180, 181, and in the alternative, pending appeal, either

hold the Presidents Motion in abeyance, pend ruling in 10-5037, certify, the question a's to Jurisdiction, and or deny the Motion to Confirm Sale as it was not done by the IRS, Pals is not any IRS function by law, the notice of sale was not by law, the address was wrong, the dates of sale are inconsistent, the dates of final payment are different, the costs of Sale to the IRS is unreasonable the address of the IRS shows D.C., North Carolina, and Oklahoma City, all of which do not legally exist, and due to the erroneous notice of Sale the property brought well less than one half of what it is worth, See Declaration.

Springer has also sent discovery requests to the President related to his Motion and asks this Court to hold ruling pending adequate time for this discovery.

And finally Springer request this Court deny the distribution to IRS, Moore Trust and Smiths, Creek County, and the party claiming Springer owes for 1990 through 1995 liability, as there is no District Director or Internal Revenue Districts, since 2000, denying this Court Jurisdiction or the IRS.

Respectfully Submitted

Lindsey Springer

#62580-065

Big-FCI

1900 Simler Ave

Big Springs TX 79720

21

# Certificate of Service

I hereby Certify that I mailed Springer's reply and Declaration to the Clerk at 333 W. 4th St, Tulsa, Okla 74103.
I Further Certify that all parties receive Service through this Courts ECF System!

Allen Mitchell
James Strong

11/18/10

22

-i-

## Table of Authorities

Allnut v. CIR 523 F.3d 406 (4th Cir 2008)          7
Alluminum v. US, 514 F.3d 1119 (10th Cir 2008)   4
Chrysler v. Brown, 441 US 281 (1979)             10
Curry v. Curtis, 3 How 236 (1845)                3
Hughes v. U.S. 953 F.2d 531 (9th Cir. 1992) 4, 9, 16
Lonsdale v. US 919 F.2d 1440 (10th Cir. 1990) 3, 4, 14, 15
March v. IRS, 335 F.3d 1486 (10th Cir 2003)      7
Monroe Cider v. Riordan 280 F.624 (2nd Cir 1922) 4
McKinney v. CIR 732 F.2d 414 (10th Cir. 1983)    11
Reece v. Scoggins, 506 F.2d 967 (5th Cir. 1975)  11
Rowan Cos Inc v. US 452 US 247                   11
US v. Bisceglia, 420 US 141 (1975)               2
US v. Brafman, 394 F.2d 863 (5th Cir 1967)       11
US v. Brewer, 486 F.2d 507 (10th Cir. 1987)      10
US v. Calamaro, 354 U.S. 351                     10
US v. Euge, 444 US 707 (1980)                    2
US v. LaSalle, N.B 437 U.S. 298 (1975)           3
US v. Taylor, 828 F.2d 630 (10th Cir. 1987)      10
US v. Tedder, 787 F.2d 540 (10th Cir. 1986)      10
Snyder v. IRS, 596 F. Supp 240 (N.D. Ind 1984)   3

### Statutes

Title 4 § 72                                      9
Title 26 § 7401                                   2
         § 7402                                   2
         § 7403                                   2
         § 7514                                   4
         § 7621                                   9
         § 7803                                   5
         § 7805                                   3
         § 7701(a)(11)                            8
         § 7701(a)(12)                            8

– ii –

## Treas. Regs.

26 CFR § 1.6411 .......................... 6
301. 7514-1 .......................... 6
301. 7501-1(a) .......................... 11
301. 7505 .......................... 11
301. 7506-1(b)(2) .......................... 12
301. 6331 .......................... 10
301. 6301 .......................... 10
301. 7701-9 .......................... 8
301. 7701-10 .......................... 9
301. 7621 .......................... 4
§ 601.101 .......................... 3

## Table of Contents.

A. Courts Judgment .......................... 1
  1. Opposition to Jurisdiction .......................... 1
  2. Complaint .......................... 1
  3. Who is the IRS .......................... 2
  4. Office of Secretary .......................... 3
  5. 26 CFR § 601.101 .......................... 3
  6. Office of Commissioner .......................... 5
  7. Restructuring and Reform Act of 98 .......................... 5
  8. Abolishing Internal Revenue District .......................... 5
  9. Secretary .......................... 8
  10. District of Columbia .......................... 9
  11. 26 USC § 7621 .......................... 9
  12. Collection Function .......................... 9
  13. Regulations .......................... 10
  14. TREAS. REGS on Sale .......................... 11

B. United States Motion .......................... 12
  1. Order of March 16, 2010 .......................... 12
  2. Civil Action .......................... 12
  3. The Plaintiff.

4 PALS                                    13

C. SPRINGER OBJECTION TO
   PROCEDURE OF SALE                      13

D. CONCLUSION                            20.