IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 08-CV-278-TCK-PJC |
| ) | |
| LINDSEY K. SPRINGER, individually ) | |
| and as Co-Trustee of the S.L.C.A. ) | |
| Family Trust, et al., ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

Before the undersigned for Report and Recommendation is the Motion for Attorney Fees filed by Defendants/Counter Claimants/Cross-Claimants W. T. Smith, Janneth S. Smith and Martha F. Moore, Individually and as Trustee of the W.T. Moore and Martha F. Moore Revocable Trust dated June 12, 2002 (collectively referred to herein as "Mortgagees") (Dkt. #196). This matter came for hearing on November 1, 2011 (Dkt. #216). The United States ("United States") appeared by phone through its counsel James C. Strong. *Pro se* Defendant Lindsey K. Springer ("Springer") also appeared by telephone. Defendants, Cross-Claimants and Counter Claimants W. T. Smith, Martha F. Moore, Janneth S. Smith appeared through attorney Allen B. Mitchell, who was present at the hearing.

## BACKGROUND

On April 15, 1994, Mortgagees conveyed a deed to "surface and surface rights only" in certain property (hereafter, the "subject property") to William D. and Linda F. Greenhaw ("the Greenhaws") by Warranty Dead and carried a mortgage pursuant to the Real Estate Mortgage with Power of Sale (the "Mortgage") entered into by the parties which states in pertinent part:

> As often as any proceedings may be taken to foreclose this Mortgage, the Mortgagor agrees to pay the Mortgagee a reasonable attorney's fees, in addition to other sums due, which shall be accrued hereby.

On July 30, 1996, the Greenhaws conveyed the subject property to S.L.C.A. Family Trust ("SLCA") who assumed the mortgage and debt pursuant to an Assumption Agreement. Springer is co-trustee of the SLCA and individually made all payments on the mortgage until he defaulted on February 11, 2008, owing $4,677.93 on the principal and 12% interest since that date.

The United States' tax liens arose against Springer upon their assessments on May 29, 1997 and April 9, 1998. *See* 26 U.S.C. § 6321. To protect its interest against third parties, the Internal Revenue Service ("IRS") filed notices of federal tax lien in Creek County on August 1, 2008. However, the notices were erroneously filed and the IRS revoked and filed new notices of federal tax lien on August 4, 2008, in Creek County against both Springer and SLCA with respect to Springer's delinquent tax liabilities.

2

The United States filed this action on May 9, 2008, seeking to reduce its tax liens to judgment and to foreclose the liens on the subject property. Although Springer had defaulted on the note and mortgage in February 2008, the Mortgagees did not seek to foreclose until they were named as defendants with an interest in the subject property in this action. On January 28, 2009, the Mortgagees filed a cross-claim against SLCA and counterclaim against the United States for the unpaid principal and interest, plus attorney fees and an order of foreclosure to satisfy the debt with priority over the United States' tax lien. (Dkt. ## 92-93).[1]

The Mortgagees and the United States sought summary judgment on their claims which the Court granted on March 3, 2010, declaring Springer the beneficial owner of the subject property, the income tax assessments properly made, and the Mortgagees were owed the unpaid principal and interest on the note and mortgage, plus attorney fees and expenses, and reducing to judgment the tax assessments made against Springer. (Dkt. #179). To satisfy that judgment, the Court declared that foreclosure of the subject property was warranted. *Id*. And on March 16, 2010, the Court entered an Order of Sale directing the IRS to conduct the sale of the subject property and providing the following order of priority for the distribution of sale proceeds: 1) the IRS' Property Appraisal and Liquidation Specialists for expenses of the sale of the

---

[1]   Mortgagees Answer, Cross-Claim and Counterclaim had been asserted in an

3

property, 2) Creek County for any outstanding ad valorem taxes, 3) the Mortgagees, and 4) the United States for payment of Springer's federal income tax liability for the years 1990 through 1995 plus interest, penalties and other additions permitted by law. (Dkt. # 181).

## ANALYSIS

The Mortgagees seek a determination that they are entitled to attorney fees in the amount of $34,596.00 and costs of $815.01 incurred in this case and that payment of the award from proceeds from the sale of the property foreclosed upon in this action, together with the principal amount due and owing on the promissory note with interest, has priority over the United States' tax lien.  The United States objects that the award sought is not reasonable and any award the Court may grant Mortgagees is subordinate to its tax lien as the attorney fees claim is inchoate.  In addition to his repeated litany of objections to the tax assessments and the Court's jurisdiction - issues which have already been rejected by the District Court and, thus, will not be addressed here – Springer contests the Mortgagees' entitlement to any fees under the Mortgage as well as the reasonableness of the fee request.

The Mortgagees claim entitlement to attorney fees pursuant to the following terms of the Mortgage:

---

earlier pleading [Dkt. #63] that was stricken by the Court as untimely.  *See* Dkt. #82.

> As often as any proceedings may be taken to foreclose this Mortgage, the Mortgagor agrees to pay the Mortgagee a reasonable attorney's fees, in addition to other sums due, which shall be accrued hereby.

The Court agrees that Mortgagees are entitled to reasonable attorney's fees under the terms of the Mortgage. In ordering foreclosure of the Mortgage and sale of the subject property securing the note and Mortgage, the District Court held that SLCA assumed the note and Mortgage when it acquired the subject property; SLCA is Springer's nominee; Springer is the true beneficial owner of the subject property; and SLCA/Springer was in default under the terms of the note, Mortgage and Assumption Agreement. (Dkt. #179). Under the unambiguous terms of the assumed Mortgage, SLCA/Springer is required to pay the Mortgagees a "reasonable attorney's fee" in "any proceedings . . . taken to foreclose this Mortgage." Although the Mortgagees did not initiate this action, they sought foreclosure of the subject property in their cross-claim against Springer and thus incurred such fees in a "proceeding[] . . . taken to foreclose" the Mortgage.

Having found that Mortgagees are entitled to a reasonable attorney's fee under the Mortgage, the Court must next determine if that fee has priority over or is subordinate to the United States' tax lien. The Mortgagees contend that the District Court has already decided the priority of their attorney's fees when it ordered that the proceeds from the sale of the subject property should be paid to "W.T. Smith and Janeth [sic] S. Smith and Martha F. Moore, individually and as

5

Trustee of the W.T. Moore and Martha F. Moore Revocable Trust dated June 12, 2002" before applied to the "liability of Lindsey K. Springer for federal income tax liabilities for the years 1990 through 1995 plus all accrued interest, penalties, and other additions permitted by law." *See* Order of Sale, p. 5 (Dkt. #181). If the District Court intended to separate out the attorney's fees incurred by the Mortgagees in this action from the principal and interest owed on the note, they argue, the District Court would have stated so explicitly in the Order of Sale. The United States, contrarily, reads the Order of Sale as listing only the Mortgagees' "outstanding principal and interest on their mortgage" in priority over the tax lien and thus, an attorney's fee award would have to be paid from any remaining proceeds after payment of Springer's tax liabilities. Further, the United States notes that the attorney fee is inchoate as the amount has not been determined; thus, it does not predate the notices of the federal tax lien filed on August 4, 2008 and is subordinate to that tax lien.

The language in the Order of Sale does not expressly include or exclude attorney's fees in ranking the priority of the Mortgagees' and United States' recoveries. Nor do the pertinent pleadings prior to that Order address the issue of "inchoate" liens. The Court, therefore, assumes for purpose of this Report and Recommendation that the District Court did not rule on the priority of any attorney "lien" resulting from this action when it entered the Order of Sale.

6

The priority of a federal tax lien under 26 U.S.C. §6321 as against liens created by state law is determined by the rule "first in time is the first in right." *United States v. Pioneer American Insurance Co.*, 374 U.S. 84, 87 (1963) (quoting *United States v. New Britain*, 347 U.S. 81, 85 (1954)). Thus, the Mortgagees' claim under the Mortgage for unpaid principal and interest has priority over the United States' later-filed notices of federal tax lien, as the United States concedes. However, such does not thereby automatically include any attorney's fee incurred by the Mortgagee in foreclosure proceedings on that Mortgage.

This issue was specifically addressed in *United States v. Equitable Life Assurance Society of the United States*, 384 U.S. 323 (1966), where the Mortgagee argued that the claim for attorney's fee[2] resulting from a foreclosure action "must stand on no less equal footing as principal and interest under a mortgage" and thus was superior to a later-filed federal tax lien. *Id*. at 329. The United States Supreme Court explicitly held what it implicitly found in *Pioneer American*:

---

[2] In *Equitable Life*, the applicable New Jersey law, like Oklahoma law, taxed attorney's fees as costs in foreclosure proceedings. *Equitable Life*, 384 U.S. at 330. The Oklahoma statute, Okla.Stat.tit 12, §686, states in pertinent part:
> In actions to enforce a mortgage, deed of trust, or other lien or charge, a personal judgment or judgment or judgments shall be rendered for the amount or amounts due as well to the plaintiff as other parties to the action having liens upon the mortgaged premises by mortgage or otherwise, with interest thereon, and for sale of the property charged and the application of the proceeds; or such application may be reserved for the future order of the court, and the court shall tax the costs, attorney's fees and expenses which may accrue in the action, and apportion the same among the parties according to their respective interests, to be collected on the order of sale or sales issued thereon.

7

> There is nothing in the legislative history of [26 U.S.C.] §6323 indicating that in protecting mortgagees from secret, government tax liens, Congress intended to include all ancillary interests which a State may afford its mortgagees.

*Id.* at 329-30.[3] Rather, the United States Supreme Court has recognized that the priority of a state law-created lien, including attorney's fees under state common law and/or statute, depends "'on the time it attached to the property in question and became choate.'" *Pioneer American*, 374 U.S. 88-89 (quoting *New Britain*, 347 U.S. at 86). And a lien becomes "choate" "when the identity of the lienor, the property subject to the lien, and the amount of the lien are established." *New Britain*, 347 U.S. at 84.

Although the identity of the lienors and the property subject to the lien was established prior to the August 4, 2008 filing of the notices of federal tax liens in Creek County, the amount of the attorney's fees sought by the Mortgagees was not. Indeed, it will not be established unless and until the District Court enters judgment on the Mortgagees' instant motion. Accordingly, the claim for such fees is subordinate to the federal tax liens against the subject property. *Pioneer American*, 374 U.S. at 89;[4] *United States v. Home Federal Savings &*

---

[3] Section 6323(a) provides:
> (a) Purchasers, holders of security interests, mechanic's lienors, and judgment lien creditors.--The lien imposed by section 6321 shall not be valid as against any purchaser, holder of a security interest, mechanic's lienor, or judgment lien creditor until notice thereof which meets the requirements of subsection (f) has been filed by the Secretary.

26 U.S.C.A. § 6323(a).

[4]     Applying the "choateness rule," the Supreme Court in *Pioneer American* held that although "default ha[d] occurred, the mortgagee had elected to declare the note due and payable, an attorney had been engaged and a suit to foreclose the mortgage had been

8

*Loan Assoc.*, 418 P.2d 319, 327 (1966) ("The rule of priority between such items [as attorney's fees taxed as costs in enforcing a lien] and a federal tax lien is that a mortgagee's lien for attorney's fees is uncertain as to amount and therefore inchoate, and so subordinate to a federal tax lien filed before maturity of a mortgagee's lien for attorney's fees.").

Accordingly, the Court concludes that the Mortgagees' claim for attorney fees and expenses sought by Mortgagees is subordinate to the federal tax lien herein. The Court must now address the reasonableness of the requested fees.

*Applicable Law*

Since Mortgagees' foreclosure claim is a creature of Oklahoma law, the fees are analyzed in accordance with state law. Oklahoma follows the so-called "American rule"; that is, each litigant is responsible for its own attorney fees unless that rule is modified by statute or contract. *State ex rel. Dept. of Transp. v. Norman Indus. Dev. Corp.*, 41 P.3d 960, 962 (Okla. 2001). Here, that rule has been modified by the terms of the Mortgage contract between the Mortgagees and William D. and Linda F. Greenhaw, and subsequently assumed by SLCA.

The Mortgage provides for fees associated with two types of foreclosure: Reasonable attorney's fees in the event of a judicial foreclosure; $2,500 in the event of non-judicial foreclosure.[5] Claimants seek a reasonable fee for prevailing

---

filed" before the federal tax liens were filed of record, attorney's fees incurred by the mortgagee in the foreclosure of a mortgage "had not been reduced to a liquidated amount" and thus, were subordinate. *Id*. at 89.

[5] For a description of the two procedures, *see* Debra Pogrund Stark, *Foreclosing on*

9

on their foreclosure cross-claim. [Dkt. #179 at 31-34]. The Court must now determine the amount of the fees to be awarded. In all cases, an award of attorney fees must be reasonable. *Morgan v. Galilean Health Enterprises, Inc.*, 977 P.2d 357, 364 (Okla. 1998). The determination of reasonableness and amount to be awarded is left to the sound discretion of the court. *In re Estate of Bell*, 13 P.3d 86, 88 (Okla. Civ. App. 2000) (reviewing attorney fee award for abuse of discretion).

Mortgagees are seeking fees based on a lodestar computation. Mortgagees bear the burden of establishing that the time for which compensation is sought was reasonable and necessary. *Oliver's Sports Center v. National Standard Ins. Co.*, 615 P.2d 291, 294-295 (Okla. 1980); *Green Bay Packaging, Inc. v. Preferred Packaging, Inc.*, 932 P.2d 1091, 1099-1100 (Okla. 1996). In evaluating a fee request, the Court relies on the factors outlined in *State ex rel. Burk v. City of Oklahoma City*, 598 P.2d 659, 660-61 (Okla. 1979):

1. Time and labor required.
2. The novelty and difficulty of the questions.
3. The skill requisite to perform the legal service properly.
4. The preclusion of other employment by the attorney due to acceptance of the case.
5. The customary fee.
6. Whether the fee is fixed or contingent.
7. Time limitations imposed by the client or the circumstances.
8. The amount involved and the results obtained.
9. The experience, reputation and ability of the attorneys.
10. The "undesirability" of the case.

---

*the American Dream: An Evaluation of State and Federal Foreclosure Laws*, 51 Okla. L. Rev. 229,231-33 (1998).

11. The nature and length of the professional relationship with the client.
12. Awards in similar cases.

*Id.* at 661 (adopting factors from *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974).

*Discussion*

The Court has reviewed the fee application and finds the request for $34,596.00 to be unreasonable under the circumstances presented. Attorney Allen Mitchell's hourly rate of $180 is consistent with rates in this market; however, the hours expended, as well as the tasks performed require a significant reduction of the fees claimed. The Court perceives that excessive time was spent on certain activities in this case. For example, counsel claims one hour to prepare and file a one-page entry of appearance in the case. [Dkt. #196, Ex. 8 at 11-24-2008]. Entry of appearance requires nothing more than completing a one-page form showing little more than the attorney's name, mailing address, e-mail address and Oklahoma Bar number. It is inconceivable that it would take more than a few minutes to complete this form – work that a secretary or paralegal would appropriately perform. In addition, counsel claims more than $4,000.00 to file a Answer, Cross-claim and Counter Claim. Much of this expense was incurred because counsel did not perform the work correctly initially and had to correct his mistakes. Between November 21 and 24, 2008, Attorney Allen Mitchell logged more than seven hours drafting an Answer, Counterclaim and Cross-claim as well as a motion to file out of time. This was e-filed on November

24, but rejected the following day for various irregularities.  Mitchell then spent another 16 hours correcting his errors and redrafting the Answer, Counterclaim and Cross-claim.  It was successfully filed on January 29, 2009, after further modifications by the Court Clerk.  Much of the time was the result of counsel not filing the Answer correctly in the first instance, and is not a reasonable or necessary expense.

Counsel also shouldered tasks that would be appropriately handled by a paralegal or secretary:  *e.g.*, going to the County Clerk's office to get certified copies of deeds and mortgages, [*id.* at 9-3-2008]; copying documents, [*id.* at 5-3-2009]; assembling, indexing and delivering documents, [*id.* at 8-22-2010, 8-23-2010].  This sort of work is not appropriately billed by an attorney at his full hourly rate.

Overall, the vast majority of counsel's time was spent receiving and reviewing documents or letters.  Most of the substantive work in this case was done by counsel for the Government who initiated the foreclosure action against Springer and SLCA nearly seven months before Mitchell entered an appearance on behalf of the Mortgagees. Much of the work performed for Mortgagees did not require an attorney and certainly could be performed at a rate less than $180 per hour.

In addition, Mortgagees seek compensation for time that was not spent in furtherance of a "proceeding … taken to foreclose" the Mortgage.  For example,

12

counsel seeks more than $2,000 for time spent in Springer's separate criminal case. *United States v. Lindsey Kent Springer*, Case No. 09-CR-043 (N.D. Okla.). This time is not recoverable under the terms of the Mortgage contract.

Finally, the Court must be aware that without reasonable restraint the cost of attorney time expended on a matter can dwarf the amount recovered. *See Southwestern Bell Telephone Co. v. Parker Pest Control, Inc.*, 737 P.2d 1186, 1190 (Okla. 1987) (Opala, J., dissenting). Here, counsel claims $35,000 in fees to protect $6,400.00 in outstanding mortgage payments.

For these reasons, the Court finds the attorney fees claimed by Mortgagees to be, in large part, unreasonable or not reasonably necessary. Furthermore, much of the time claimed was spent on activities that would not require the attention of an attorney.

The Court will recommend an award of fees as follows:

| | |
|---|---|
| Pre-Answer preparation | 9.1 hours |
| Drafting Answer, Cross-claim, Counterclaim | 7.5 hours |
| Summary Judgment motion, Responses, Reply | 26.1 hours |
| Post- filing activities | 12.1 hours |
| TOTAL | 54.8 hours x $180/hr = $9,864.00 |
| Expenses allowed: | $712.56[6] |

**Total amount recommended: $10,576.56.**

---

[6] The Court has struck an expense of $102.45 for copies in August 2010 – five months after Judgment was entered. These copies apparently were for use by a title lawyer for purposes unrelated to obtaining foreclosure on the Mortgage. [Dkt. # 196, Ex. 8, p. 10].

Accordingly, the Court RECOMMENDS that Mortgagees' Motion be GRANTED IN PART AND DENIED IN PART. The Court recommends an award of attorney fees and expenses in the total amount of $10,576.56.

### Objections

The District Judge assigned to this case will conduct a de novo review of the record and determine whether to adopt or revise this Report and Recommendation or whether to recommit the matter to the undersigned. As part of his/her review of the record, the District Judge will consider the parties' written objections to this Report and Recommendation. A party wishing to file objections to this Report and Recommendation must do so by January 3, 2010. *See* 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b). The failure to file written objections to this Report and Recommendation may bar the party failing to object from appealing any of the factual or legal findings in this Report and Recommendation that are accepted or adopted by the District Court. *See Hayes v. Whitman*, 264 F.3d 1017, 1027 (10th Cir. 2001); *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996).

DATED, this 13th day of December, 2010.

_____
Paul J. Cleary
United States Magistrate Judge