**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Civil No. 4:08-cv-00278-TCK-PJC |
| ) | |
| **LINDSEY K. SPRINGER, ET. AL.** ) | |
| ) | |
| **Defendants.** ) | |

**REPORT AND RECOMMENDATION OF
<u>UNITED STATES MAGISTRATE JUDGE</u>**

NOW on this 18th day of January, 2011, there comes on for hearing before the Magistrate Judge on the Motion of the United States of America to confirm the sale made by the Internal Revenue Service on August 3, 2010 (Doc. # 218), pursuant to an Order of Sale dated March 16, 2010, of the following described property located in Creek County, Oklahoma:

> The surface and surface rights only and to the North half (N/2) of the Southeast Quarter (SE/4) of the Northwest Quarter (NW/4) of Section 2, Township 17 North, Range 10 East, Creek County, Oklahoma.

Appearing for the United States of America is James C. Strong. Notice was given the Defendants by mail on November 29, 2010. On December 15, 2010, the Court continued the hearing on this matter until January 18, 2011. (Doc. # 229). Upon hearing, the Magistrate Judge makes the following report and recommendation.

The Magistrate Judge has examined the proceedings of the IRS under the Order of Sale. Upon statement of counsel and examination of the court file, the Magistrate Judge finds that due and legal notice of the sale was given by publication once a week for at least four weeks prior to the date of sale in the *Sapulpa Herald*, a newspaper published and of general circulation in Creek County,

Oklahoma, and that on the day fixed in the notice the property was sold to James D. Warner and Kayla D. Marlin, they being the highest bidder. The Magistrate Judge further finds that the sale was in all respects in conformity with the law and judgment of this Court.

It is therefore the recommendation of the United States Magistrate Judge that the Judicial Sale and all proceedings under the Order of Sale be hereby approved and confirmed and that the IRS make and execute to the purchaser, James D. Warner and Kayla D. Marlin, a good and sufficient deed for the property.

It is the further recommendation of the Magistrate Judge that subsequent to the execution and delivery of the Deed to the purchaser by the IRS, the purchaser be granted possession of the property against any or all persons now in possession.

Furthermore, it is the recommendation of the Magistrate Judge that the funds deposited with this Court be disbursed to the parties as discussed below.

The costs of the Internal Revenue Service for the judicial sale are $2,052.37. After the United States filed its motion to confirm this sale, Creek County assessed *ad valorem* taxes against the subject property for 2010, which were not addressed in the United States' motion. Because title has not yet been transferred, it is proper for the 2010 *ad valorem* taxes to be paid from the proceeds of the sale. The Magistrate Judge is advised that property taxes for 2008-2010 are outstanding in the amount of $3,326.10.[1]

In addition, since the United States filed its motion, the Court has ruled on the Motion for Attorney Fees made by W.T. Smith, Janeth Smith and Martha F. Moore, individually and as Trustee

---

[1] After February 15, 2011, the Magistrate Judge is advised that the amount of outstanding taxes will increase to $3,367.25.

of the W.T. Moore and Martha F. Moore Revocable Trust dated June 12, 2002 (collectively "the mortgagees"), finding that they are entitled to an attorney fee award of $10,576.56 but that the United States' tax liens enjoy priority over the attorney fees award. (Doc. # 231). Therefore, $6,660.92 (the balance owed on the mortgage through January 31, 2011) should be disbursed to the mortgagees for their outstanding principal and interest. The balance of the funds deposited should be disbursed to the United States in partial satisfaction of the judgment for unpaid taxes for 1990-1995 and civil penalty for 1996 against Lindsey K. Springer.

To summarize, the Magistrate Judge recommends disbursement of the sale proceeds as follows:

1. To PALS of the Internal Revenue Service for the costs of the judicial sale in the amount of $2,052.37;

2. To Creek County Treasurer for unpaid real estate taxes for 2008-2010 in the amount of $3,326.10 (calculated to January 31, 2011);

3. To W.T. Smith, Janeth Smith and Martha F. Moore, individually and as Trustees of the W.T. Moore and Martha F. Moore Revocable Trust dated June 12, 2002 (payable to W.T. Smith, Janeth Smith and Martha F. Moore as Trustees of the W.T. Moore and Martha F. Moore Revocable Trust dated June 12, 2002) in the amount of $6,660.92 (calculated to January 31, 2011), and;

4. To the United States for unpaid federal income taxes of Lindsey K. Springer relating to the years 1990-1995 and civil penalty for the year 1996 in the amount of $73,960.61.

Furthermore, the purchasers of the property at auction, Mr. Warner and Ms. Marlin, have alleged that outstanding judgments owed by Regina Carlson encumber the property at issue. The Court's Order of Sale (Doc. # 181) provides that "the sale of the Property shall be free and clear of

the interests of Lindsey K. Springer, Regina M. Carlson, the S.L.C.A. Family Trust and all parties named in the suit." Furthermore, the Order of Sale provides that "on confirmation of the sale, all interests in, liens against, or claims to, the Property that are held or asserted by all parties to this action are discharged and extinguished," which would include any interest of Regina M. Carlson in addition to the mortgage held by W.T. Smith, Janeth Smith and Martha F. Moore, individually and as Trustees of the W.T. Moore and Martha F. Moore Revocable Trust and the United States' tax liens. Accordingly, the issue is moot.

In accordance with 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b), a party may file specific written objections to this report and recommendation. Such specific written objections must be filed with the Clerk of the District Court for the Northern District of Oklahoma by **February 7, 2011**.

If specific written objections are timely filed, Fed. R. Civ. P. 72(b) directs the district judge to:

> determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b); see also 28 U.S.C. § 636(b)(1).

The Tenth Circuit has adopted a "firm waiver rule" which "provides that the failure to make timely objections to the magistrate's findings or recommendations waives appellate review of factual and legal questions." *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1059 (10th Cir. 1996) (quoting *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991)). Only a timely specific objection will preserve an issue for de novo review by the district court or for appellate review.

DATED this 20th day of January 2011.

_____
Paul J. Cleary
United States Magistrate Judge