In the United State District Court
For The Northern District of Oklahoma

# FILED

USA

FEB 10 2011

Phil Lombardi, Clerk
U.S. DISTRICT COURT

v.

Lindsey K. Springer, et al

4:08-CV-278-TCK-PJC

Springer's objections to Magistrate's
Report and Recommendation dated
January 20, 2011 (1,18,11)

Lindsey K. Springer, and as Court ordered
nominee for The S.L.C.A. Family Trust, files
objections to the Honorable Magistrate
Paul J Cleary's Report and Recommendation
date January 20, 2011, pursuant to §636(b) and 72(b).

## Initial Matter

Lindsey K. Springer and S.L.C.A Family Trust
("Springer") have not received any Reports
and Recommendations or Orders from this
Court since November, 2010.
Springer is only learning of the Courts Reports
and Orders from third parties after Reports
or orders are issued.
Springer objects to the Court not serving
Reports or Orders. Enough said on that objection.

## The President

First objection: No Subject Matter Jurisdiction.

The President is the Plaintiff. He
is the one the Constitution at Article II

①

is to faithfully execute the laws of the United States.

The case brought against Springer is alleged to be authorized under the the Tax Code ("enforce internal revenue law") to which is a "bewildering mess."[1]

In order for this Court to have Subject matter jurisdiction the President is to establish Internal Revenue Districts and office of District Director Therein. See Title 26, § 7621; See also 26 CFR § 301.7621 citing Executive Order 10574.

In U.S. v. Dawes, 161 Fed Appx 742 (10th Cir. 2005, The Tenth Circuit refused to address Daweses Subject Matter jurisdiction Challenge that "the Secretary of the Treasury must establish internal revenue districts" because apparently Dawes provided no Supporting "authority." 161 Fed. Appx. at 745 (Stating "party to support argument with authority").

Springer has provided overwhelming authority that the President must establish Internal Revenue Districts and office of District Director.

In Lonsdale v. U.S. 919 F.2d 1440, 1448 (10th Cir. 1990) the Tenth Circuit emphatically held the Structure of the Secretary of the Treasury is to comply with Title 26, §§ 7801 through 7810 and 26 CFR "Part 600."

In Snyder v. IRS, 596 F. Supp. 240, 247

[1] USA Today page 8A, 1.24.11

(N.D. Ind. 1984), it was held that the Secretary of the Treasury created its Internal Revenue Service at 26 CFR § 601.101 which is within "Part 600" as held in Lonsdale.

In Snyder, the Court cited to § 7805 as the authority for the Secretary of the Treasury to establish an agency to enforce assessment and collection functions.

Again, § 7805 is within §§ 7801-7810 cited by the Tenth Circuit in Lonsdale, at 1448.

The Secretary of the Treasury published 26 CFR § 601.101 which reads as of 2000 through 2011:

"The Internal Revenue Service is a Bureau of the Department of the Treasury under the immediate direction of the Commissioner of Internal Revenue. The Commissioner has general superintendence of the assessment and collection of all taxes imposed by any law providing internal revenue. The Internal Revenue Service is the agency by which these functions are performed. Within an Internal Revenue District the internal revenue laws are administered by a district director of internal revenue."

This Court cited to Hughes v. U.S. 953 F.2d 531 (9th Cir. 1992) for authority on its perception of "4340s" but has remained very silent as to the authority of the Secretary of the Treasury to enforce laws

③

related to internal revenue outside the District of Columbia.

The same panel in Hughes found that the President[2] was authorized to extend the Secretary of the Treasury's office, contained with all other offices of the United States in the District of Columbia, outside D.C. and among the several States, by establishing lawful Internal Revenue Districts. Hughes, 953 F.2d at 542.

The Hughes Panel cited its authority for its holding was Title 26, §7621. Id. Springer has cited §7621, Hughes, and several other cases by the Tenth Circuit and both other Circuits, and the Supreme Court, over and over again, and the Tax Division, and this Court, refuses to acknowledge these authorities, or explain why this Court, and the President is not bound by them.

The Magistrate's Report and Recommendation skips right over them as if they were not presented by Springer or even exist.

Springer in a Section called "Who is the IRS" cite enormous and unopposed authority related to the power given by Congress to the Secretary of the Treasury ("SOTT") to enforce Title 26 among the several States.

"The Secretary proceeds through each

---

[2] The President is the Plaintiff herein.

Internal Revenue District conserning internal revenue tax." U.S. v. Bisceglia, 420 U.S. 141, 145 (1975). Court and President refuse address this authorty ("CAPRATA")

"Every Collector within his collection district shall see that all laws and regulations relating to the Collection of Internal Revenue Taxes are fully executed." U.S. v. LaSalle, 437 U.S. 298, 310 (1975) CAPRATA

"Within the extended limits of this Country are numerous collection districts," Cury v. Curtis, 3 How. 236, 242 (1845) CAPRATA

Congress authorized the Secretary of the Treasury to enforce Tax Laws, See §7801 and LaSalle, 437 U.S. at 308. CAPRATA

In Lonsdale and Snyder the Structure is at 26 CFR §601.101. CAPRATA In Hughes, The President must establish Internal Revenue Districts for the office of Secretary to act in the State of Oklahoma. CAPRATA

The Secretary is to enforce internal revenue laws, Aluminum Co. of America v. U.S., 514 F.3d 1119, 1124 (10th Cir. 2008). CAPRATA

The President has not established
Internal Revenue Districts

There is no doubt since late 1999 the President has not established, pursuant to Title 26, §7621, the State of Oklahoma to be within any Internal Revenue District. See Testimony of David C. Williams

⑤

Inspector General, Treasury Inspector for Tax Administration, dated May 8, 2001 before Joint Hearing of Congress.

Congress in directing the Commissioner to change the Structure of its functions specifically directed all Rules and regulations

"Shall continue in effect according to their terms until modified, terminated, superceded, set aside, or revoked in accordance with law by the President, the Secretary of the Treasury, the Commissioner of Internal Revenue, or other authorized official, court of competent jurisdiction, or by operation of law."

See § 1001(b) Restructuring and Reform Act of 1998, Pub. L. 105-206, 112 Stat. 685 at pg 689. CAPRATA

Just so no logical person can doubt Springer presented authority, Springer further provides, and provided, that on On September 16, 2004 26 CFR § 1.6091-2 was amended to remove reference to Internal Revenue District and office of District Director. See Treasury Decision 9156. CAPRATA

On February 26, 2007, the Secretary published Revenue Bulletin 2007-9 which stated:

"the existing permanent regulations ... employ the Title 'district director' in numerous instances, in indicating

the highest official of a local
office of the IRS. That title was
used under an organizational
structure of the IRS that no
longer exists."

CAPRATA
    On August 27, 2007 Treasury Decision
9355 changed 26 CFR 1.6411 by removing

    "all reference to IRS district director
or Service Center director as these
positions no longer exist within
the IRS.

CAPRATA
    "The district director office, now defunct,
was responsible for the administration
of all IRS operations within a given
tax district." Allnutt v. CIR, 523 F.3d
406, 408-412 (N.1) (4th Cir. 2008) CAPRATA
    Although the President, prior to March
3, 2010, in this case, refused to acknowledge
he had abolished Internal Revenue Districts,
nor had the Secretary changed numerous
relevant Regulations to reflect this
change, neither the President or the
Secretary published to the public the
current structure of the collection and
assessment functions in the Federal Register.
CAPRATA
    The Secretary has never defined "local
office" or identified how such offices
would be established by law. CAPRATA
    In its Appellee brief to the Tenth Circuit

In 10-5037 (USA v. Springer), the President's Counsel stated:

"the IRS has abolished the position of district director. To the extent this argument comes down to the proposition that the IRS has no authority to enforce the tax laws, it is patently meritless."

An examination of the "tax laws" being enforced in This case shows the world no delegation of authority from the Secretary of the Treasury either exists or has been established in the record of this case.

Nothing with the Secretary of the Treasury's name appears anywhere in the record of this case.

The term "Secretary" "means":

"any officer, employee, or agency of the Treasury Department duly authorized by the Secretary of the Treasury directly, or indirectly, by one or more redelegations of authority, to perform the function mentioned or described in the context..."

See Title 26 § 7701(a)(12), CAPRATA

The Secretary reiterates These words of Congress at 26 CFR § 301.7701-9 entitled "Secretary or his delegate." CAPRATA

The Secretary at 26 CFR § 301.7701-10



even defines "district director"
as the Commissioners delegate over each
Internal Revenue District. CAPRATA
   Why would a meaning of "district director"
exist in Treasury Regulations in 2011
if the office of district director no
longer existed after 2000? CAPRATA

## Collection Function.

   "As a rule [a] definition which declares
what a term 'means,'... excludes any meaning
that is not stated." Burgess v. U.S. 553 U.S.
___ 170 L.Ed 478, 485, 128 S.CT (2008);
citing Colautti v. Franklin, 439 U.S. 379, 392-
393, N.10, 99 S.CT 675, 58 L.Ed 2d 596
(1979); See also Groman v. CIR 302 U.S.
82, 86, 58 S.CT 108, 82 L.Ed 63 (1937)("When
an exclusive definition is intended the
word 'means' is employed,... whereas here
the word used is 'includes,...") CAPRATA.
   "Treasury regulations establish voluntary
compliance as the general method of
income tax collection." U.S. v. Tedder
787 F.2d 540, 542-43 (10th Cir. 1986)
CAPRATA
   "Congress gave the Secretary of the
Treasury the power to enforce the income
tax laws through involuntary collection.
See 26 U.S.C. § 6301, et seq." Id. CAPRATA
   Congress authorized the SOTT to collect
all taxes at § 6301. CAPRATA   The
SOTT delegates "directly" to the "district
director" of each Internal Revenue District
at 26 CFR § 301.6301-1 (2000-2011)
CAPRATA

In LaSalle, the Supreme Court Stated:

"Congress, by § 7601(a), has required the Secretary to canvas revenue districts to inquire after and concerning all persons therein who may be liable to pay any internal revenue tax...these duties encompass enforcement of both civil and criminal statutes."

437 U.S. at 308. CAPRATA

This court has even unlawfully authorized Fred Rice to "levy" on Springer in November, 2009, 4 days after Springer's trial in 09-CR-043 where Internal Revenue Manual 1.2.44.3 directs delegation order 5.3 as the source of Authority to levy, citing to 26 CFR § 301.6331. This direct delegation is:

"...the district director to whom the assessment is charged...may proceed to collect the tax by levy..."

There is no district director charged with any assessment over Springer for there is no district director and no assessment. CAPRATA

Only properly promulgated substantive agency regulations have the force and effect of law." Chrysler Corp. v. Brown 441 U.S. 281, 295 (1979) CAPRATA

"Federal Statutes and Regulations lay down the rule as a matter of Federal law." U.S. v. Taylor, 828 F.2d 630, 634 (10th Cir. 1987) CAPRATA

Statutes and Regulations are "essential to establishing jurisdiction and venue," U.S. v. Brewer 486 F.2d 507, 509 (10th Cir. 1973) CAPRATA

The procedures set forth in the Internal Revenue Code were prescribed for the protection of both the government and taxpayer. U.S. v. Brafman, 384 F.2d 863, 866 (5th Cir. 1967) CAPRATA

When the government seeks to enforce the laws, it must follow the steps Congress has specified. Reece v. Scoggins 506 F.2d 967, 971 (5th Cir. 1975) CAPRATA

"Treasury Regulations are binding on the Government as well as the taxpayer. 'Tax officials and Taxpayers alike are under the law, not above it.'" Brafman at 866. CAPRATA

"Regulations under Section 7805 are owed less deference than a regulation issued under a specific grant of authority to define a statutory term or prescribe a method of executing a statutory provision." Rowan Cos. Inc. v. U.S. 452 U.S. 247, 253; McKinney v. CIR 732 F.2d 414, 417 (10th Cir. 1983)

## Secretary Offices.

Title 4, § 72 prohibits the Secretary from exercising his office outside the District of Columbia, or within the external limits of the State of Oklahoma, unless expressly provided by law. Hughes, 953 F.2d at 542. CAPRATA

Where is the "office" established by law
that allows the SOTT to enforce the Tax
Laws outside D.C.? The Government does
not say. Where in the State of Oklahoma
is such office expressly provided by law?
Neither the Court or Plaintiff identify
the office and its establishment by law.

This Court dare not dispute the limits
of any authority it may claim extends
only from the Secretary's delegation.

There is no doubt this Court has no
authority to "enforce" internal revenue
laws for the Secretary unless the Secretary
of the Treasury delegates authorization.
See Title 26, §§ 7401 and 7403. U.S. v.
Anderson 584 F.2d 369 (10th Cir. 1978)
CAPRATA

Only through § 7402 could any District
Court claim jurisdiction to "enforce
internal revenue laws." CAPRATA

Section 7401 begins "No civil action for
collection or recovery of Taxes..." CAPRATA

This Court's jurisdiction is presumed
wanting and only have power that is
authorized by Article III of the Constitution
and the Statutes enacted by Congress
pursuant thereto. Bender v Williamsport
475 U.S. 534, 541 (1986). CAPRATA

The only claim of authorization by the
Plaintiff is a declaration by Robert
D. Metcalfe which suggests that Elisabeth
Downs authorized this Courts jurisdiction
under §§ 7401 and 7403. Doc 2, 36

Metcalfe's Declaration is at Doc 34.
His Exhibit A is the sole evidence tendered

to support this courts jurisdiction claim.
The "Office of Chief Counsel" is not
a delegate of the Secretary under
Title 26, § 7701(a)(12). CAPRATA
The letter from Downs states it is
from the "Office of Division Counsel."
Doc. 34, Exh A. pg 1 CAPRATA.
Metcalfe's Declaration declares the
authorization for this courts jurisdiction
came from the "IRS Associate Area
Counsel." Doc. 34, pg 1-2. CAPRATA
There is no law that creates an office
of Division Counsel or Area Counsel.
CAPRATA
The only regulation pursuant to § 7401
is 26 CFR § 301.7401 which under
§ 7805, the Secretary authorizes Chief
Counsel to authorize actions under
§ 7401. CAPRATA
The term "Division" stems from 26 CFR
§ 601.107 creating a Criminal Division
in each Internal Revenue District. LaSalle
437 U.S. at 314 and n.12. CAPRATA
Of course § 601.107 is in "Part 600",
Lonsdale, 919 F2d at 1448. CAPRATA
Plaintiff has cited to pg 1448 of
Lonsdale but never ever addresses
Part 600.
There is no statute that creates the
"IRS" as an agency anywhere. CAPRATA
Where does Plaintiff of the Court state
the "IRS" is an agency? Nowhere and
at no time.
Springer cites to Snyder, Lonsdale,
Dawes, LaSalle, Bisceglia, Curry, Brewer

Taylor, Hughes, Allnutt, Alluminum Co. of America, March, Tedder, Chrysler v. Brown, Brafman, Reece, Rowan, McKinney, and neither the Government or the Court even mention how these authorities are either in error or not applicable. CAPRATA

Springer claims there is no district director, no internal revenue district, no office of division or area counsel, and no evidence the office of Chief Counsel authorized this action. CAPRATA.

Springer also claimed the Attorney General did not authorizes this action and no evidence says otherwise. CAPRATA.

With no Internal Revenue District, no district director office in the state of Oklahoma, no authorization from Chief Counsel or his delegate, as a delegate of the Secretary of the Treasury, and no authorization from the Attorney General, This Court lacks jurisdiction over the subject matter, personal, and otherwise, to act as the enforcement agent for the Secretary of the Treasury.

Springer ponders how the Court could sit as enforcement agent for the Secretary under § 7402 and adjudicate a jury trial under the 7th Amendment without bias. CAPRATA.

Second Objection: There was no sale to confirm.

The Magistrate recites the motion before

the Court is:

"To confirm the sale made by the
Internal Revenue Service on August
3, 2010, (Doc. 218), pursuant to an
Order of Sale dated March 16, 2010..."

RR at 1.

To the degree this Court ordered the
Internal Revenue Service to sell Springer's
house, that has not happened. Since
the Plaintiff and Court refuse to identify
who, by law, the Internal Revenue Service
is, Springer objects that his home was
even sold by the IRS.
    Therefore, this Court has no jurisdiction
to confirm a sale that has not nor could
take place.

Third objection: Magistrate Judge has not
examined the proceedings of the IRS
under the order of Sale properly.

Springer objects to this statement as
the "proceedings of the IRS" are what?
the Magistrate does not say.
    In fact, the Magistrate said at hearing
on January 18, 2011, he was waiting for
whatever order the Plaintiff was to
submit for his signature.
    The only "proceedings" presented are attached
to the Plaintiff's Motion.
    The order of March 16, 2010 clearly states:

the property will be "sold by further order of the Court." Doc. 180, pg 2. Presumably, the "Further order" is what the Plaintiff seeks by their motion. The Proceedings examined States:

"After publishing notice of the sale of the property, the property Appraisal and Liquidation Specialist ("Pals") of the Internal Revenue Service auctioned the property on August 23, 2010"

Fourth Objection: The Notice of Sale was not in accordance with Treasury Regulations.

26 CFR § 601.102 requires the District Director:

"apply statutes, regulations ... in the determination of Tax liability, the collection of Taxes..." (2000-2011).

26 CFR § 301.7506-1 (2010) is entitled Administration of Real estate acquired by the United States."

First, the only person delegated by the Secretary is the "district director." Exh. 1

Second, it must be the district director "for the internal revenue district in which the property is situated..." Exh. 1

Third, the "Notice of Sale" is required to:

"be published in some newspaper published or general circulation within

the County where the property is situated!... and in at least two other public places. The notice shall specify the property to be sold and the time, place, manner, and conditions of sale. In addition, the district director may use other methods of advertising and of giving notice of sale if he believes such method will enhance the possibility of obtaining a higher price for the property." Exh 1 CAPRATA

See 26 CFR § 301.7506-1(b)(2).

The time and place of sale at 26 CFR § 301.7506-1(b)(3) states:

"The time of the sale shall be not less than 20 days from the date of giving public notice of sale under subparagraph (2) of this paragraph (b). The place of sale shall be within the county where the property is situated. However, if the district director believes...

The Declaration of Sloane Wilkinson, a self proclaimed "Property Appraisal and Liquidation Specialist" states that prior to August 3, the Notice of Sale was published in the Sapulpa Herald on July 9, July 16, July 23, and July 30, 2010. Doc 218-1, pg 1, para 2.
Mr. Sloan also declares the subject

17

property was sold at 10:00 Am on August 3, 2010. Doc 218-1, pg 1, para. 3

Not less than 20 days from July 30, 2010 is August 19, 2010.

The Sale was not in accord with the 20 day requirement of 26 CFR § 301.7506-1 (b)(3).

How could anyone on July 30, 2010 be prepared to put 20% down by August 3, 2010.

There is a reason for the 4 weeks and 20 days and that is those who read the Notice may have time to get money together! 3 days with 2 being a weekend was no notice at all. The July 16, 23, and 30, 2010 notices do not comply with the "not less than 20 days"

The Notice provided by Mr. Wilkinson shows the $689 was at least 1-30 days overdue. If these adds ran as declared the billing would say $689.00 in "current" which is 0.00.

Although Mr. Wilkinson declares the auction took place on August 3, 2010 in his declaration, the Plaintiff clearly states in its Motion the "Internal Revenue Service auctioned the property on August 23, 2010." Doc. 218, pg 2

Of course August 23, 2010 would be 20 days after July 30, 2010 but August 3, 2010 would not.

Other evidence attached to the Declaration of Mr. Wilkinson, shows the 20% was paid on "8/3/10". Doc 218-1, pg. 8 of 18.

The report of final payment also states "On 8/5/10...by Notice of Judicial Sale, was sold at public auction..."
Doc. 218, 9 of 18
This receipt goes on to say:

"the above property was sold to you, as the highest bidder for $6,000."

Doc. 218, 9 of 18
This "receipt" is dated "9/1/10"
The Judicial Report contradicts this receipt by stating:

"The buyers paid the balance...on September 2, 2010."

Doc. 218, 10 of 18 para. 4

In the "Report of Judicial Sale" Mr. Wilkinson states:

"On August 23, 2010, at 10:00 O'clock AM...the United States sold at public auction the property described in the Notice of Sale..."

Doc. 218, 10 of 18 para 1

It is obvious the Plaintiff attempts to color over the failure to comply with 26 CFR § 301.7506-1 (b)(3) by citing the August 23, 2010 date instead of August 5, 2010 date. Doc 218, pg 2.
The Notice of Sale declared by Wilkinson on July 30, tells the public on August

(9)

3, 2010, the property is to be sold.
The Notice of Sale did not comply
with any of the Regulations promulgated
by the Secretary

Fifth objection: The evidence presented
by the Plaintiff in support of request
to Confirm Sale is complete Sham on
the court

The date of Auction is August 3, 2010
when presenting certain evidence and
August 23, 2010 when presenting other.
The purchase price is $6,000 in one
document, Doc 218-1, pg 9 and $86,000
a month earlier. Doc 218-1, pg 8.
The final payment was made September
1, 2010, Doc. 218-1, pg 9, and September 2,
2010, in Doc. 218-1, pg 10, para. 4.
The Notice of Sale was less than 20
days from July 30, 2010, unless the August
23, 2010 date is the date of Sale, in which
case everything dated August 3, 2010 is
a complete sham.
At the hearing the Magistrate asked
Mr. Strong if the Sale had been conducted
according to Treasury Regulations to
which Mr. Strong answered yes.
Springer asked permission to call
Mr. Strong as witness to cross examine
to which the Magistrate Said no.
There is nothing done by any District
Director as required by 26 CFR § 301.6301,
301.7501 (a), 301.7505, 301.7506, or
301.6335.
This Court should find the Notice of Sale,

The Sale date, the amount of the Sale and who the Sale was conducted by, did not comply with the laws governing the Sale in any meaningful way which affected the purchase price and the amount Springer should be credited.

The Magistrates Report and Recommendation Should be set aside and overruled

Sixth Objection: The Magistrate's finding that the Sale was in all respects in conformity with the law and Judgment of the Court is clearly erroneous.

At no time does the Plaintiff cite a single law in their Motion to Confirm Sale and Direct Distribution of Sale proceeds. NOT ONE!

Yet, the Magistrate finds the Sale was in all respects in conformity with law. What law? RR at 1-2.

The Report does not say. So, what are the laws the Sale conforms with?

Springer showed there was no district director, no notice of Sale more than 20 days from Notice, no consistent sale date, no consistent sale price, and nothing consistent from Mr. Wilkinson.

Springer also claimed no Statute creates the IRS and only by regulation can the IRS exist.

What regulation establishes the IRS? The Plaintiff won't say. The Court will not say. Lonsdale supports Springer.

Dawes supports Springer. Snyder supports Springer.

This Courts entire authority cannot exceed that of the Secretary. LaSalle, 437 U.S. at 308, 312, 314

This Court should set aside the Report Recommending the Sale was in all respects in conformity with the law as it clearly was not in conformity with Title 26 §§ 6301, 6331, 6335, 7501, 7505, 7506, or 7805.

This Court should also find the Sale was not in conformity with 26 CFR §§ 301.6301-1, 301.6331-1, 301.6335-1, 301.7501, 301.7505, 301.7506, and 601.101 and 601.102 (2010) or Title 28 § 2001 or 2002.

§ 301.7501 gives only district director authority of the Secretary over all real estate outside D.C.

§ 301.7505 gives only district director the Secretary's authority to sell Springer's property.

And as 301.7506 gives only district director the Secretary's authority to give notice of Sale involving Springers property.

Seventh Objection: The Sale was not in conformity with the Judgment of This Court.

This Court said on March 16, 2010, the Sale would be conducted by further order of the Court.

Although the Magistrate finds the sale was conducted according to

(22)

the Judgment dated March 16, 2010,
that Judgment does not direct the
property be sold, paid for, and a
deed issued prior to confirmation
of the sale.

Springer objects to the use of "PALS"
without the Plaintiff establishing
who that is.

The facts are that the Secretary
has not delegated the "IRS" or "PALS"
to conduct sales on his behalf but
rather only district directors of each
internal revenue district.

The Magistrate directs the IRS issue
a good and sufficient deed. Yet, as
Mr. Mitchell representing the buyers,
James D. Warner and Kayla D. Martin,
informed the Court they already have
a deed, which they used to get their
loan from the bank.

Mr. Mitchell informed the Court of this
on January 18, 2011

Springer is not certain as to the
Title 28 § 2001 and § 2002 procedure,
and those provided by the Secretary
of the Treasury, but the law and
regulations are clear.

There is nothing Title 28 § 2001 or
2002, that allows the "IRS" to complete
the sale and tender a deed.

However, the Secretary authorizes the

_____

Yes, Mr. Mitchell now represents the
Moores, Smiths, A Trust and the buyers
of the property and a bank.

23

didstruct director to issue a deed.
See 26 CFR § 301.6338. See also Title
26 § 6338 ("Secretary Shall execute, ...
a deed of the real property ...")

What the Plaintiff is silently arguing,
with Court silent approval, is the
Court go beyond the "internal revenue
laws" and treat this action like some
nontax case. That is not the law.

Title 28 § 2001 and 2002 either govern
the sale or Title 26, and Regulations.
Not both in some type of neighbourhood
dog application.

Because the Magistrate does not cite
the "law" he relies upon his report and
recommendation the sale is in compliance
with law and this Courts judgment
is clearly erroneous.

<u>Eighth Objection!</u> The deed to be issued
by the IRS is erroneous recommendation
as the purported buyers already have
a deed.

The Magistrate recommends a deed be
issued when the IRS has already issued
a deed so, the buyers could obtain
a loan. Who gave the "IRS" authority
to issue a deed before this Court
approves the sale? The Magistrate does
not say.

All the public need do is follow
the procedure the Plaintiff has
not followed, and anyone can see
the Acts of Sale have the halmark
of Tyranny!

The Magistrate clearly was informed the deed existed.

This is why the Moores moved for clarification because Mr. Mitchell was working with the Bank and the Buyer in August, 2010. Mr. Mitchell actually asked Springer to pay him for representing the Buyer's Bank.

Where did someone get authority to issue a deed? It is not from this Court. It wasn't from the Secretary of the Treasury.

Once the Court sanctions lawless behavior of Government, and proclaims objections to that lawless behavior meritless, see Court order dated January 7, 2011, how does the Court contend what is within the law or without?

Springer understands the Court detests Springers advocacy of what the law says, only, but Springer would remind the Court Springer did not bring this action nor write the law.

This Court should set aside the sale, the deed, give the buyer their money back, and issue an order that explains what law governs the sale, with directions to start over, notwithstanding its lack of jurisdiction explained in objection #1.

The Magistrates recommendation a deed be issued by the IRS to the buyer should be overruled.

Ninth Objection: Buyer should not be given possession.

The Magistrate recommends the property be given to the buyer to possess. The buyer has possessed the property for 5 months.

The Magistrate's recommendation is an attempt by the Plaintiff to color over the erroneous deed, possession, and the rogue sale of Springers property.

This Court should not grant possession but should order the buyer to vacate the home and tender their money they borrowed from the bank back to them.

Tenth Objection! The purported price (unclear) is eggregiously low due to all the errors and should not be excepted.

If the purchase price was $86,600, that price is less than half the value, where are the appraisals? They do not exist and there is no bill for them. Land adjacent to Springer with no improvements sold for $85,000 which was 20 Acres.

10 Acres adjacent to Spring sold for $40,000.

Springer had a 1800 square foot house detached 2 car Garage with 700 square foot office, Barns, Fencing, ponds, and much more.

It is no wonder the bank took the chance by loaning the money on an IRS deed that was unlawful.

This Court should abort the Sale

(26)

on the premise the sale is just
conscience shocking in so many ways
but especially the price.
It is the method of sale that
led to the low low sale price. The
idea that loopnet or craigslist.com
are markets to sell Springer's home
is just ridiculous. and should be
overruled,

Eleventh Objection! The property tax
should not be paid by proceeds if
sale is confirmed.

The Magistrate throughout his
Report treats the sale like it has not
been finalized. News flash, the buyer
has been making payments and controlling
the property since they paid for it.
They have had deed and have been
trying to clean that deed up.
The Magistrates (really Plaintiffs
proposed) Report and Recommendation
Springer owe ad valorem taxes for
2010 when Springer is ordered to
vacate by April 15, 2010, is ridiculous
and should be overruled, as the
buyer has had possession, or the
Plaintiff, but not Springer.
The Magistrate says;

   "Because title has not yet been
   transferred."

Mr. Mitchell told the Magistrate

Title had been transferred, and the Magistrate became upset about that revelation.

This Court should overrule the Magistrates Recommendation the 2010 ad valorem Tax be paid out of the proceeds of the sale.

Twelfth objection: The Magistrates Recommendation as to surface rights only should be overruled.

Springer has a standing objection to the issue regarding mineral rights. This Court has allowed Plaintiff to act in defiance of law, Smiths and Moores to Amend the agreement where the agreement specifically prohibited same, and now a deed has been issued that did nothing but show law no longer governs Plaintiffs conduct.

Springer object to the rights not including mineral and this Court should overrule the Magistrate in this regard.

Thirteenth objection: Mortgagees' are not entitled to $6,660.92 and Magistrate should be overruled.

Since April 15, 2001, the note providing interest at 12% expired. The agreement between ShCA and Moores and Smiths was never amended in writing as required by the "assumption agreement". No evidence presented says otherwise.

This Court should overrule the Magistrates award of $6,660.92 to Moores and Smiths as no evidence presented showed Springer or SLCA owed 12% interest from April 25, 2001.

Fourteeth Objection: PALS is not an entity and should get no money.

Springer objects to someone named PALS receiving $2,052.37, and objects to PALS being "of the Internal Revenue Service.

This was not a "Judicial Sale" and Springer objects to that character- ization.

Fifteenth Objection: Creek County should not receive $3,326.10 for property taxes.

Even if this Court continues to ignore the plethora of authority that says this case is a complete Sham, Springer would not owe 2010 property taxes

The Magistrate should be overruled entirely; and, if not, 2010 should be excised.

Sixteenth Objection: The United States should not receive a penny from this Sale.

These taxes are not owed and that issue is on Appeal. This money should



given back to the buyers.
Springer objects any money should
be paid to the United States.
The only jurisdiction this court
has is that the Secretary could
have given.
Springer maintains no jurisdiction
was given.
Otherwise, this court should only
turn the money over to the district
director which does not exist.
This is the law and according to
26 CFR § 301.6301, 301.7505, 301.7506,
and 301.6335 and 301.6338.

<u>Seventeenth Objection</u>: The interest of
Carlson and others remains because the
deed that exists was issued prior to
any motion for confirmation of sale.

This issue is short. The buyer wants
his deed fixed which should not have
been issued.
Without the unlawful deed, the
buyer could not have paid the remaining
80% which derives from 26 CFR §
301.7506-1 (b)(7)(ii) which was due
within 1 month.
The terms of the sale were that
the 20% down would be forfeited.
This is where the September 1, or
2, 2010 confusion derives.
This is also where the August 3,
2010 or August 23, 2010 confusion
derives.
Mr. Mitchell's billing shows the
hurry the buyer was in and his

30

lengthy effort to satisfy the bank.
    Besides his extremely conflicted
interest in representing the Moores
and Smiths, along with the bank and
buyer, Mitchell attempted to have this
court pay him $35,000 for his
representation, in part, of the bank
and buyer from Springer proceeds.
    Now what made him think he could
ask for such a ridiculous fee?
    He had not been shown the Plaintiff
had to obey the law so why not
make the request.
    Carlson's interest is at issue due
to the deed someone gave the buyer.
That unlawful activity is the problem
and not a Judgment against Carlson.

Eighteenth Objection: Springer objects
to Wilkinson being considered IRS.
or Foy.

    Springer objects that Mr. Wilkinson or
Ms. Foy work for the IRS. They may
be on United States payroll but
without a Regulation establishing who
PALS and IRS is, Spring will continue
to object to anything that says it
is IRS.

Conclusion

    Springer respectfully requests this
court set aside and overrule the
Magistrate's Report and Recommendation

For the reasons stated herein and
as stated in Springer's opposition to
Plaintiffs Motion.

Respectfully Submitted

Lindsey K Springer
#02580-063
FCI-Big Spring
1900 Simler Ave
Big Spring TX 79720

### Certificate of Service

I hereby Certify that I mailed
Springer's objections to Report and
Recommendation date 1,20,11 on February
1,2011 to Court Clerk, 333 W, 4th St,
Tulsa Oklahoma 74103;

I further Certify that all parties
will be served through this Courts
ECF System.

Lindsey K Springer