IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| UNITED STATES OF AMERICA, | ) |
|---|---|
| Plaintiff, | ) |
| vs. | ) Case No. 08-CV-278-TCK-PJC |
| LINDSEY K. SPRINGER, Individually and as Co-Trustee of the S.L.C.A. Family Trust; REGINA M. CARLSON, as Co-Trustee of the S.L.C.A. Family Trust; W.T. MOORE; MARTHA F. MOORE; W.T. SMITH; JANET S. SMITH; ALBERT MENDEZ, Individually and as Trustee of the Mendez Family Trust; and KATHY ANGLIN, in her Official Capacity as Creek County Treasurer, | ) |
| Defendants. | ) |

## OPINION AND ORDER

Before the Court are Defendant Lindsey K. Springer ("Springer")'s Motion for Relief from Judgment pursuant to Federal Rule of Civil Procedure ("Rule") 60(b)(4) (Doc. 301) and Motion to Order the United States of America to File a Responsive Pleading (Doc. 302). For the reasons set forth below, both motions are **DENIED**.

A court may relieve a party from final judgment pursuant to Rule 60(b)(4) if the judgment is void. A judgment is void for such purposes if the rendering court was powerless to enter it, either for lack of jurisdiction or violations of due process. *See Kile v. United States*, 915 F.3d 682, 686 (10th Cir. 2019); *Waltman v. Georgia-Pacific, LLC*, 590 F. App'x 799, 805 n.8 (10th Cir. 2014) (unpublished). Springer alleges that the Court lacked subject matter jurisdiction over the matter pursuant to the Tenth Circuit's holding in *Murphy v. Royal* that Congress has not disestablished the Creek Reservation. *See* 866 F.3d 1164 (10th Cir. 2017), *opinion amended and superseded on denial of rehearing en banc* 875 F.3d 896 (10th Cir. 2017), *cert granted* by *Royal v. Murphy*, 138 S.Ct. 2026 (2018). He argues that he resided, and the real property that is the

1

subject of this action is located, within what *Murphy* held is the Creek Reservation, and therefore "[t]his Court never had the power or authority to decide this controversy." (Doc. 301, pg. 26.)

This argument is unavailing. While *Murphy* held that the Oklahoma state courts did not have jurisdiction over the defendant, an Indian, in what the court held was Indian country, it did not address any potential limits to federal jurisdiction in Indian country. Federal courts in Indian country may exercise federal question and diversity jurisdiction. *See* William C. Canby, *American Indian Law* 242 (5th ed. 2009); *Ute Indian Tribe of the Uintah & Ouray Reservation v. Utah*, 114 F.3d 1513, 1529 (10th Cir. 1997) ("Under 18 U.S.C. § 1151, the Tribe and the federal government have civil and criminal jurisdiction over 'Indian country.'"). The United States of America brought this case under various provisions of the Internal Revenue Code, a federal law. (Doc. 36, pg. 2.) Accordingly, this Court had federal question jurisdiction pursuant to 28 U.S.C. § 1331, and was not "powerless to enter [judgment]."[1]

For the foregoing reasons, Springer's Motion for Relief from Judgment (Doc. 301) is **DENIED**. Additionally, because the United States of America filed a responsive pleading without an order of the Court, Plaintiff's Motion to Order the United States of America to File a Responsive Pleading (Doc. 302) is **DENIED AS MOOT**.

**SO ORDERED.**

**DATED THIS 20th day of August, 2019.**

*/s/ Terence C. Kern*
**TERENCE C. KERN**
**United States District Judge**

---

[1] That this Court did not cite § 1331 in the Opinion and Order from which Springer seeks relief (Doc. 179) is not relevant, as failing to cite § 1331 does not deprive the Court of the jurisdiction it grants. Moreover, assuming *arguendo* that the omission was in error, mere error in the exercise of jurisdiction does not warrant relief under Rule 60(b)(4). *See Myzer v. Bush*, 750 F. App'x 644, 649 (10th Cir. 2018) (unpublished).