# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 08-CV-278-TCK-PJC ) |
| LINDSEY K. SPRINGER, Individually and as Co-Trustee of the S.L.C.A. Family Trust; REGINA M. CARLSON, as Co-Trustee of the S.L.C.A. Family Trust; W.T. MOORE; MARTHA F. MOORE; W.T. SMITH; JANET S. SMITH; ALBERT MENDEZ, Individually and as Trustee of the Mendez Family Trust; and KATHY ANGLIN, in her Official Capacity as Creek County Treasurer, | ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

## OPINION AND ORDER

Before the Court is the Motion to Reconsider (Doc. 308) filed by Defendant Lindsey K. Springer ("Springer"). Springer seeks reconsideration of the Court's Opinion and Order of August 20, 2019 denying his Motion for Relief from Judgment. (Docs. 302, 306). The United States of America ("United States") opposes the motion.

The decision of whether to grant or deny a motion for reconsideration is committed to the court's discretion. *Hancock v. City of Okla. City,* 857 F.2d 1394, 1395 (10th Cir. 1988). A motion to reconsider "is designed to permit relief in extraordinary circumstances and not to offer a second bite at the proverbial apple." *Syntroleum Corp. v. Fletcher Int'l, Ltd.,* No. 08-CV-384-JHP-FHM, 2009 WL 761322, at *1 (N.D. Okla. March 19, 2009) (quoting *Maul v. Logan Cty. Bd. of Cty. Comm's,* No. CIV-05-605, 2006 WL 3447629, at *1 (W.D. Okla. Nov. 29, 2006)). A motion to reconsider may be considered on the following grounds: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or

prevent manifest injustice." *Servants of the Paraclete v. Does,* 204 F.3d 1005, 1012 (10th Cir. 2000) (citing *Brumark Corp. v. Samson Resources Corp.,* 57 F.3d 941, 948 (10th Cir. 1995)). In other words, when the court has "misapprehended the facts, a party's position, or the controlling law," a motion to reconsider is appropriate. *Id.; see Syntroleum Corp.,* 2009 WL 761322, at *1. Parties' efforts to "revisit issues already addressed or advance arguments that could have been raised in prior briefing" will not be considered. *Maul,* 2006 WL 3447629, at *1.

The United States sued Springer and other defendants to reduce federal income tax assessments to judgment and enforce federal tax liens under 28 U.S.C. §§ 1340 and 1345 and 26 U.S.C. §§ 7401-7403 of the Internal Revenue Code. As the Court stated in its Opinion and Order of August 20, 2019, both the Tribe and the federal government have civil and criminal jurisdiction over 'Indian country.'" (Doc. 306 at 2, citing William C. Canby, *American Indian Law* 242 (5th ed. 2009) and *Ute Indian Tribe of the Uintah & Ouray Reservation v. Utah*, 114 F.3d 1513, 1529 (10th Cir. 1997)). The United States sued Springer and others pursuant to various provisions of the Internal Revenue Code, a federal law. Doc. 36 at 2. As a result, this Court had federal question jurisdiction based on 28 U.S.C. § 1331, and had the authority to enter judgment.

Accordingly, Springer's Motion to Reconsider (Doc. 308) is denied.

ENTERED this 28th day of January, 2020.

TERENCE C. KERN
United States District Judge